Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625


UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Caleb L. McGillvary<br>　　PLAINTIFF<br><br>V.<br><br>Nicholas Scutari et al<br>　　DEFENDANT | ) <br>) CIVIL ACTION NO.<br>) 1:23-cv-26605-RMB-MJS<br>) Hon. Renee Marie Bumb, USCJ<br>) Hon. Matthew J. Skahill, USMJ<br>) Motion Date: To be determined<br>) by the Court<br>)<br>) |

MEMORANDUM IN SUPPORT OF MOTION TO RECUSE JUDGE
RENEE MARIE BUMB UNDER 28 USC 455 AND FOR SCREENING
AND TRANSFER OUT OF THE DISTRICT OF NEW JERSEY
UNDER DNJ L CIV R 40.1(g)

TABLE OF CONTENTS

MOTION TO RECUSE JUDGE RENEE MARIE BUMB AND TO SCREEN AND TRANFER
THIS ACTION OUTSIDE OF THE DISTRICT OF NEW JERSEY           ...2

STATEMENT OF FACTS AND PROCEDURAL HISTORY                    ...3

LEGAL ARGUMENT                                               ...5

POINT I:  THE  CURRENT PRESIDING JUDGE IS A PARTY TO THIS MATTER
AND MUST BE RECUSED UNDER 28 U.S.C. 455(b)(5)(i)            ...5

POINT II: THE  CURRENT  PRESIDING  JUDGE HAS PERSONAL KNOWLEDGE
OF  DISPUTED  EVIDENTIARY  FACTS  CONCERNING  THE PROCEEDING,
AND MUST BE RECUSED UNDER 28 U.S.C. 455(b)(1)               ...5

POINT III: THE CURRENT PRESIDING JUDGE IS LIKELY TO BE A MATERIAL
WITNESS  TO  THE  PROCEEDING, AND MUST BE RECUSED UNDER 28 U.S.C.
455(B)(5)(iv)                                                ...6

POINT  IV:  JUDGES  WHO  WERE  RECOMMENDED  FOR  APPOINTMENT
AND NOMINATION  TO THE FEDERAL BENCH BY U.S. SENATOR ROBERT
MENENDEZ,  OR  IN  WHOSE  NOMINATION AND APPOINTMENT MENENDEZ
PLAYED A PART, MUST BE RECUSED UNDE 28 U.S.C. 455(a)         ...6

POINT V: DNJ L. CIV. R. 40.1(g) MANDATES THAT THIS PROCEEDING BE SCREENED AND TRANSFERRED OUT OF THE DISTRICT OF NEW JERSEY ...8

CONCLUSION ...9

TABLE OF AUTHORITIES

CASELAW
Alexander v Primerica Holdings, Inc. 10 F.3d 155 (CA3 1993) ...6,7

STATUTES
18 U.S.C. 1956 ...3,7

28 U.S.C. 455(a) ...2,6,8

28 U.S.C. 455(b)(1) ...2,5

28 U.S.C. 455(b)(5)(i) ...2,5

28 U.S.C. 455(b)(5)(iv) ...2,6

52 U.S.C. 30104 ...3,7

N.J.S.A. 2C:27-2 ...3,7

N.J.S.A. 2C:27-10 ...3,7

N.J.S.A. 2C:27-11 ...3,7

COURT RULES
DNJ L. Civ. R. 40.1(g) ...2,8,9

Fed. R. Civ. P. 10(c) ...3

FEDERAL REGULATIONS
11 C.F.R. 104 ...3,7

11 C.F.R. 110 ...3

...

MOTION TO RECUSE JUDGE RENEE MARIE BUMB AND TO SCREEN AND TRANFER THIS ACTION OUTSIDE OF THE DISTRICT OF NEW JERSEY

Petitioner Caleb L. McGillvary ("Petitioner") hereby moves the Court to recuse judge Renee Marie Bumb pursuant to 28 U.S.C. 455(a),(b); and to screen the complaint and transfer this action outside the District of New Jersey under L. Civ. R. 40.1(g). In support of this motion, Petitioner urges the following grounds:

2

STATEMENT OF FACTS AND PROCEDURAL HISTORY

Petitioner incorporates and adopts by reference his declaration in support of this motion under Fed. R. Civ. P. 10(c), and avers that it shows the following:

On Novemeber 6, 2023, Petitioner filed his initial complaint and IFP application in this action via prison mailbox rule in the US District Court for the District of New Jersey. In his complaint, he alleges that Christine P. O'Hearn made two transactions of $2,500 each; both on the same day, September 30, 2011; which transactions were structured to avoid the reporting requirements for contributions in excess of $3,300 imposed by 52 U.S.C. 30104 et seq. and 11 C.F.R. 104 et seq. and 110 et seq.; in violation of 18 U.S.C. 1956. He also specifically alleges that O'Hearn made these transaction to U.S. Senator Robert Menendez as consideration for his performance of acts in securing a nomination of O'Hearn to the federal bench, in violation of N.J.S.A. 2C:27-2, -10, and -11. The money laundering and bribery which O'Hearn thusly engaged in was part of a pattern of racketeering activity in furtherance of an enterprise which has funded Menendez's political campaigns for years. That enterprise was associated-in-fact; and one of the individuals associated-in-fact with the enterprise was the alleged victim in the crimnal case underlying this habeas action. Several others of the individuals associated-in-fact with the enterprise are or were friends of that alleged victim, or individuals in whom he had an interest in the

3

welfare of, or whom had an interest in the alleged victim's welfare.

The complaint further shows that Menendez has repeatedly used his office to obtain favors, including nomination to the Federal bench, for those who are associated-in-fact with him or his network. For these reasons, it would create the onjective appearance of impartiality for any District Judge who was recommended by Menendez, or in whose appointment or nomination Menendez played a part, to preside over the screening or disposition of this matter.

Whether accepted by this Court as declared by Plaintiff, or subject to judicial notice, it is a fact that Menendez is currently under indictment for accepting bribes to perform official acts, and also for acting as an unregistered foreign agent. According to this indictment, he was acting as an unregistered foreign agent of Egypt during the period of time in which he acted to secure O'Hearn's nomination to the federal bench. O'Hearn was therefore handpicked by an enemy agent, which is the subject of this proceeding. See Declaration in Support of this motion, paragraph "6".

As pled in the initial complaint, Hon. Renee Marie Bumb has personal knowledge of conversations she's had with Madeline Cox-Arleo and Christine P. O'Hearn which are the subject of disputed evidentiary facts in this proceeding. Judge Bumb is therefore likely to be a material witness in this proceeding.

This motion is now before the Court.

LEGAL ARGUMENT

POINT I: THE CURRENT PRESIDING JUDGE IS A PARTY TO THIS MATTER AND MUST BE RECUSED UNDER 28 U.S.C. 455(b)(5)(i)

STANDARD OF REVIEW

Any Judge "Shall also disqualify himself in the following circumstances: ... he ... is a party to the proceeding." 28 U.S.C. 455(b)(5)(i)

ANALYSIS

As pled throughout the initial complaint, Judge Renee Marie Bumb is a party to this proceeding. See Declaration in Support of this motion, paragraph "4". For these reasons, she must therefore be recused.


POINT II: THE CURRENT PRESIDING JUDGE HAS PERSONAL KNOWLEDGE OF DISPUTED EVIDENTIARY FACTS CONCERNING THE PROCEEDING, AND MUST BE RECUSED UNDER 28 U.S.C. 455(b)(1)

STANDARD OF REVIEW

Any Judge "Shall also disqualify himself in the following circumstances: Where he has ... personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. 455(b)(1)

ANALYSIS

As pled in "79"-"80" of the initial complaint, Judge Bumb was privy to conversations and events which concern evidentiary facts subject to dispute in this proceeding. See Declaration in Support of this motion, paragraphs "8". For these reasons, she must therefore be recused.

5

POINT III: THE CURRENT PRESIDING JUDGE IS LIKELY TO BE A MATERIAL WITNESS TO THE PROCEEDING, AND MUST BE RECUSED UNDER 28 U.S.C. 455(B)(5)(iv)

STANDARD OF REVIEW

Any Judge "Shall also disqualify himself in the following circumstances: ... he ... is to the judge's knowledge likely to be a material witness to the proceeding." 28 U.S.C. 455(b)(5)(iv)

ANALYSIS

As pled in "79"-"80" of the initial complaint, Judge Bumb was privy to conversations and events which concern evidentiary facts subject to dispute in this proceeding; which makes her more likely than not to be a material witness herein. See Declaration in Support of this motion, paragraphs "8". For these reasons, she must therefore be recused.

POINT IV: JUDGES WHO WERE RECOMMENDED FOR APPOINTMENT AND NOMINATION TO THE FEDERAL BENCH BY U.S. SENATOR ROBERT MENENDEZ, OR IN WHOSE NOMINATION AND APPOINTMENT MENENDEZ PLAYED A PART, MUST BE RECUSED UNDE 28 U.S.C. 455(a)

STANDARD OF REVIEW

"Whenever a judge's impartiality 'might reasonably be questioned' in a proceeding, 28 U.S.C. 455(a) commands the judge to disqulaify himself sua sponte in that proceeding. For purposes of 455(a) disqualification, it does not matter whether the district court judge actually harbors any bias against a party or that party's counsel. This is so because 455(a) concerns not only fairness to individual litigants, but equally important, it concerns the public's confidence in the judiciary, which may be irreparably harmed if a case

6

is allowed to proceed before a judge who appears to be tainted." Alexander v Primerica Holdings, Inc. 10 F.3d 155, 162 (CA3 1993)(Internal quotations and citations omitted).

ANALYSIS

Plaintiff has alleged in his initial complaint that the current judge presiding over his habeas petition has engaged in transactions structured to avoid the reporting requirements of 52 U.S.C. 30104 et seq. and 11 C.F.R. 104 et seq.; in violation of 18 U.S.C. 1956; which transactions were the benefit as consideration for the unregistered foreign agent Robert Menendez's act of lobbying for that judge's nomination to the federal bench; in violation of N.J.S.A. 2C:27-2, -10, and -11. Robert Menendez is currently under indictment for acting as an unregistered agent of Egypt during the period in which he recommended said judge's nomination to the bench. Plaintiff's complaint alleges that this quid pro quo arrangement was in furtherance of a money laundering network which Judge Bumb forms a part of; and which, according to the records of the NJ Election Law Enforcement Commission, included the alleged victim in another case in which Plaintiff is challenging a State Conviction through a habeas action.

Menendez has repeatedly used his office to obtain favors, including nomination to the Federal bench, for those who are associated-in-fact with him or his network. For these reasons, it would create the onjective appearance of impartiality for any District Judge who was recommended by

7

Menendez, or in whose appointment or nomination Menendez played a part, to preside over the screening or disposition of this matter.

For all the foregoing reasons, Petitioner respectfully urges the Court to recuse Judge Renee Marie Bumb from this matter, pursuant to 28 U.S.C. 455(a).

POINT V: DNJ L. CIV. R. 40.1(g) MANDATES THAT THIS PROCEEDING BE SCREENED AND TRANSFERRED OUT OF THE DISTRICT OF NEW JERSEY

STANDARD OF REVEIEW

"A civil action filed against a Judge shall be assigned to a Judge in a vicinage other than the vicinage where the defendant Judge maintains his or her permanent duty station and if the assignee Judge determines that the suit is patently frivolous, or if judicial immunity is plainly applicable, the assignee Judge need not recuse, but in all other cases, the assignee Judge is disqualified and shall refer the matter to the Chief Judge for assignment outside the District of New Jersey." DNJ L. Civ. R. 40.1(g)

ANALYSIS

Judge Robert A. Kirsch is a party to this lawsuit, and the vicinage in which he maintains his permanent duty station is Trenton. Judges Madeline Cox-Arleo and Cathy L. Waldor are parties to this lawsuit, and the vicinage in which they maintain their permanent duty station is Newark. Judges Christine P. O'Hearn and Renee Marie Bumb are parties to this lawsuit, and the vicinage in which they maintain their permanent duty station is Camden. There being no vicinage

8

in which a Judge is not a party to this action, the action belongs in Camden where it as filed. The Chief Judge being a party to this action yet also needing to be recused, creates quite the procedural conundrum for which there is no caselaw nor statute nor court rule that is on point. But one thing is for sure: L. Civ. R. 40.1(g) requires that this action be screened by one of the few District Judges in this District who mustn't be recused for the reasons given in Points I-IV above. This leaves only Judges Noel L. Hillman and Joseph H. Rodriguez to screen this complaint, and thereafter to refer it back to a recused judge to be transferred out of the DNJ.

## CONCLUSION

For all the foregoing reasons, Petitioner respectfully urges the Court to recuse Judge Renee Marie Bumb from this matter; and thereafter to screen and tranfer this action outside of the District of New Jersey.

Date: 12/5/23

Respectfully Submitted,

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861