Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

RECEIVED
DEC 11 2023
AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Caleb L. McGillvary<br>   PLAINTIFF<br><br>V.<br><br>Nicholas Scutari et al<br>   DEFENDANT | ) CIVIL ACTION NO.<br>) 1:23-cv-26605-RMB-MJS<br>) Hon. Renee Marie Bumb, USCJ<br>) Hon. Matthew J. Skahill, USMJ<br>) Motion Date: To be determined<br>) by the Court |

DECLARATION IN SUPPORT OF MOTION TO RECUSE JUDGE
RENEE MARIE BUMB UNDER 28 USC 455 AND FOR SCREENING
AND TRANSFER OUT OF THE DISTRICT OF NEW JERSEY
UNDER DNJ L CIV R 40.1(g)

I, Caleb L. McGillvary, hereby declare pursuant to 28 U.S.C. 1746 the following:

1.) I am the pro se petitioner for habeas corpus in the above-captioned matter.

2.) On November 6, 2023, I filed a complaint in this action in the US District Court of New Jersey. I sent a copy of the complaint in this action as an exhibit to complaints regarding the subject matter thereof, on the same day, to the US Department of Justice - Civil Rights Division and the Government Accountability Office in Washington, DC.

3.) On November 26, 2023, I filed complaints alleging the same subject matter as raised in my complaints in "2"; with the NJ Election Law Enforcement Commission,

1

and I intend to file another complaint with the with the Federal Elections Commission regarding this same subject matter, as soon as I can acquire the services of the mandatory notary public.

4.) Hon. Renee Marie Bumb, U.S.C.J. is one of the defendants in, and a party to, this above-captioned action, and is one of the individuals who is the subject matter of the complaints in "2" and "3".

5.) In the complaint described in "2" and "3", I specifically allege that Christine P. O'Hearn made two transactions of $2,500 each; both on the same day, September 30, 2011; which transactions were structured to avoid the reporting requirements for contributions in excess of $3,300 imposed by 52 U.S.C. 30104 et seq. and 11 C.F.R. 104 et seq. and 110 et seq.; in violation of 18 U.S.C. 1956. I also specifically allege that O'Hearn made these transaction to U.S. Senator Robert Menendez as consideration for his performance of acts in securing a nomination of O'Hearn to the federal bench, in violation of N.J.S.A. 2C27-2, -10, and -11. The money laundering and bribery which O'Hearn thusly engaged in was part of a pattern of racketeering activity in furtherance of an enterprise which has funded Menendez's political campaigns for years. That enterprise was associated-in-fact; and one of the individuals associated-in-fact with the enterprise was the alleged victim in the crimnal case underlying this habeas action. Several others of the individuals associated-in-fact

2

with the enterprise are or were friends of that alleged victim, or individuals in whom he had an interest in the welfare of, or whom had an interest in the alleged victim's welfare.

6.) US Senator Robert Menendez is currently under indictment for accepting bribes to perform official acts, and also for acting as an unregistered foreign agent. According to this indictment, he was acting as an unregistered foreign agent of Egypt during the period of time in which he acted to secure O'Hearn's nomination to the federal bench. O'Hearn was therefore handpicked by an enemy agent, which is the subject of Petitioner's complaints in "2"-"4".

7.) I incorporate by reference my initial complaint in McGillvary v Scutari et al herein, and aver that it further shows that Menendez has repeatedly used his office to obtain favors, including nomination to the Federal bench, for those who are associated-in-fact with him or his network. For these reasons, it would create the onjective appearance of impartiality for any District Judge who was recommended by Menendez, or in whose appointment or nomination Menendez played a part, to preside over the screening or disposition of this matter.

8.) As pled in my initial complaint, Hon. Renee Marie Bumb has personal knowledge of conversations she's had with Madeline Cox-Arleo and Christine P. O'Hearn which are the subject of disputed evidentiary facts in this proceeding. Judge Bumb is therefore likely to be a material

3

witness in this proceeding.

    9.) For all the foregoing reasons, and for all the reasons in my attached memorandum in support of this motion, I believe in good faith that the Court should grant my motion to recuse Judge Renee Marie Bumb from further proceedings in this matter; and for my complaint to be screened and this matter transferred outside of the District of New jersey pursuant to the procedure described in DNJ L. Civ. R. 40,1(g).

I declare under penalty of perjury that the foregoing statements are true and accurate.
Executed this  5TH  day of  DECEMBER , 20 23

Date: 12/5/23

                                    Caleb L. McGillvary, ProSe
                                    #1222665/SBI#102317GNJSP
                                    PO Box 861, Trenton, NJ08625