Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

JANUARY 23, 2024

Hon. John Milton Younge, U.S.D.J.
US Dist. Ct. - DNJ
US Courthouse
4th and Cooper Streets
Camden, NJ 08101-2797



    RE: McGillvary v Scutari
    Civil Action No, 1:23-cv-22605-JMY
    Hon. John Milton Younge, U.S.D.J.

Dear Judge Younge;

    Please accept this letter in lieu of a more formal brief in support of my motion under Rule 83(b) and the All Writs Act, 28 U.S.C. 1651, for an order in lieu of a prerogative writ such as quo warranto, or certiorari, or audita querela; vacating the January 9, 2024 order by Defendant O'Hearn in McGillvary v Davis 1:22-cv-04185-CPO and referring the Davis case to Chief Judge of the 3rd Circuit Chagares for further proceedings not inconsistent with the January 2, 2024 order pursuant to 28 U.S.C. 292(b) in the instant case; or in the alternative, granting a consolidation of this case with McGillvary v Davis 1:22-cv-04185-CPO under Rule 42(a)(2) and thereafter staying this action until the disposition of Davis under Rule 42(a)(3) or Rule 83(b). As grounds for relief, I adopt by reference herein my attached declaration in support of this motion. I aver that it shows the following:

    1.) I am the pro se plaintiff in the above captioned matter ("Scutari"), and the pro se petitioner for habeas corpus in the related matter McGillvary v Davis, 1:22-cv-04185-JMY

1

("Davis")

2.) On June 22, 2022, Petitioner filed the habeas corpus petition in Davis.

3.) On December 2, 2022, the District Court screened the petition in Davis and issued a Show Cause Order.

4.) On March 30, 2023, the State of New Jersey ("Respondent") filed a Response to the District Court's Show Cause Order in Davis.

5.) On May 15, 2023, I filed a Reply to the Respondent's Response to the Show Cause Order in Davis.

6.) Based on the facts in "2"-"5" above, my habeas petition in Davis has been ripe for a decision since May 15, 2023.

7.) On December 12, 2023, the Clerk filed Petitioner's initial complaint in McGillvary v Scutari onto the docket at 1:23-cv-22605-RMB-MJS. Petitioner specifically alleges in paragraph "76" that, "On June 22, 2022, Petitioner filed a petition for writ of habeas corpus in the USDC-DNJ; which was automatically assigned to Arleo under DNJ L. Civ. R. 40.1 because of her previously presiding over an action involving the same set of facts"; in specific reference to Davis. Petitioner then alleges numerous constitutional and RICO violations related to Davis, in paragraphs "75-116" of that complaint.

8.) On or about January 2, 2024, Chief Judge of the 3rd Circuit Michael A. Chagares ("Judge Chagares") entered an order in McGillvary v Scutari, Dkt No. 1:23cv-22605-RMB-MJS; ECF 5; that said case, and all related cases, were thereafter reassigned to Judge John Milton Younge of the Eastern District of

Pennsylvania pursuant to 28 U.S.C. 292(b).

9.) The Davis case is related to McGillvary v Scutari, as described in "7"; and is therefore subject to the order described in "8".

10.) On December 1, 2023, I filed a motion for the current presiding judge on my habeas petition in Davis, Hon. Christine P. O'Hearn, to recuse herself under 28 U.S.C. 455(a), (b). I cited, amongst other grounds for my motion, the fact that she was the subject of numerous complaints by Petitioner regarding her money laundering in support of unregistered agent US Senator Robert Menendez, including the complaint described in "7".

6.) On or about January 2, 2024, I received the State's response to my motion to recuse Judge O'Hearn in Davis; in which the Respondent indicated they would not oppose my motion.

11.) On January 4, 2024, I sent a reply to the Respondent's response to my motion to recuse, to which I attached a declaration referencing the Chief Judge's order described in "8" above and stating that Davis is a related case and should be referred to the Chief Judge of the 3rd Circuit for reassignment pursuant to that order. Also on this date, I sent a letter to Hon. John Milton Younge to his chambers at the United States District Court for the Eastern District of Pennsylvania; stating substantially the same thing: that this was a related case and should be ordered reassigned to Judge Younge.

12.) On January 8, 2024, I sent a letter to Judge Chagares, filing same with the Clerk of the District Court in the DNJ and serving same upon all parties to this action, indicating

that the Davis case is related to McGillvary v Scutari and should therefore also be transferred under 28 U.S.C. 292(b)

13.) On January 9, 2024, Judge O'Hearn issued an order terminating the Davis matter administratively, citing Chief Judge Chagares's January 2, 2024 order and finding that she and the chief Judge of the District of New Jersey, Hon. Renee Marie Bumb, were Defendants in McGillvary v Scutari; and ordering that the case remain closed "unless and until" the disposition of Scutari. Judge O'Hearn did not certify her order under Fed. R. Civ. P. 54(b).

14.) On January 11, 2024, Petitioner called the chambers of Judge Chagares to make an ex parte application for him to review Judge O'Hearn's January 9, 2024 order; giving as grounds that she had based her decision on Judge Chagares's January 2, 2024 Order but that the order did not specify the administrative termination of the Davis action and so the termination was without authority. Also on this date, Petitioner filed a petition for writ of mandamus with the US Court of Appeals for the 3rd Circuit regarding Davis.

15.) Based on all the foregoing information, I believe that Judge O'Hearn is retaliating against me for my Petition for redress described in "7"; by terminating my ripe petition for habeas corpus and thereby depriving me of due process; notwithstanding the clear directive of 28 U.S.C. 1657(a) that habeas proceedings such as Davis are to be given higher priority on District Court dockets than civil proceedings such as Scutari.

It is important to note that Scutari and Davis are on the

4

same docket, in the same vicinage, in the same court; or at least they would be, if Davis had not been removed from the active docket by the non-dispositive administrative termination.

This motion is now before the Court.

LEGAL ARGUMENT

POINT I: DEFENDANT O'HEARN IN THE INSTANT CASE HAS TAKEN UNAUTHORIZED ACTION IN A RELATED CASE TO RETALIATE FOR THE FILING OF THIS CASE, AND HAS ENTERED AN ORDER THAT IS IN FLAGRANT DISREGARD OF 28 U.S.C. 1657(a); PENDANT ON THE DISPOSITION OF THIS CASE, THEREBY CEDING ANY JUDICIAL AUTHORITY IN THAT CASE TO THIS COURT FOR DISPOSITION IN THIS CASE, AND RELIEF IN SUCH A FORM AS THE WRIT OF QUO WARRANTO, CERTIORARI, OR AUDITA QUERELA SHOULD ISSUE; OR IN THE ALTERNATIVE, THIS CASE SHOULD BE CONSOLIDATED WITH DAVIS UNDER RULE 42(a)(2) PURSUANT TO JUDGE CHAGARES JANUARY 2, 2024 ORDER AND THIS CASE STAYED IN COMPORTMENT WITH 28 U.S.C. 1657(a) UNDER RULE 42(a)(3) OR RULE 83(b) PENDING THE DISPOSITION OF DAVIS, WHICH IS A HABEAS CASE

Fed. R. Civ. P. 83(b) authorizes District Judges to "Regulate practice in any manner consistent with federal law." Id. The statutes indicate that habeas actions must be accorded a higher priority on the docket of the Courts than actions such as the instant matter. See 28 U.S.C. 1657(a). The habeas statutes themselves do not permit administrative termination, and in fact compel a speedy disposition. See 28 U.S.C. 2243. The habeas rules likewise require a full disposition on the merits of habeas petitions. See Rules Governing Section 2254 Cases in the District Courts, generally. This Court has the perhaps unenviable position of presiding over a Defendant Judge who is flouting all of the foregoing authority to retaliate against the Plaintiff in this case, for this case. For the Court to dispose of this case prior to the disposition of a Section 2254 case on the same docket would run afoul of the priorities set forth by Congress in 28 U.S.C. 1657(a); which compels the disposition of Davis before

5

this case may be disposed of. Since the Court is authorized to issue any writ necessary in the exercise of its jurisdiction under the All Writs Act; 28 U.S.C. 1651; and since the Defendant Judge O'Hearn has contravened the aforementioned Federal Law, Fed. R. Civ. P. 83(b) allows the Court to issue writs necessary to "regulate practice in any manner consistent with federal law" in this Court, and to compel by injunction the vacation by Defendant O'Hearn of her January 9, 2024 order in Davis and referral to Chief Judge of the 3rd Circuit Michael A. Chagares for further proceedings in Davis not inconsistent with his January 2, 2024 Order in the instant case; ECF 5.

In the alternative, a less nuclear option would be to consolidate the two cases pursuant to Fed. R. Civ P. 42(a)(2) by finding that the underlying fact of O'Hearn's actions pleaded in the instant case showing bias may be dispositive of the 28 U.S.C. 455 motion pending in the Davis case; or at least, finding that the procedural acts pleaded in the instant matter relating to the Davis case are underlying both cases, from a procedural if not substantive standpoint. The consolidation of these cases would not render any of the habeas claims unexhausted, indeed it would neither add to nor diminish any of the habeas claims at all. See Hall v Hall 138 S. Ct. 1118, 200 L.Ed.2d 399, 414 (2018)(Cases remain independent of each other even after consolidation, and do not lose their independent character through consolidation). And this case simply cannot be disposed of before the Davis case, 28 U.S.C. 1657(a) prohibits it. Davis is a 28 U.S.C. 2254 petition that 28 U.S.C. 1657(a) mandatorily

6

places before this 28 U.S.C. 1331 case on the docket, without any room for discretion. In order to effect that clear mandate, this Court is respectfully urged, post-consolidation, to stay all proceedings in Scutari under Rule 42(a)(3) or Rule 83(b) pending the outcome of the Davis case, which must be disposed of prior to Scutari as a matter of 28 U.S.C. 1657(a). Insofar as DNJ L.Civ.R. 42.1 requires such motions to be filed in the case bearing the earliest docket number, that local rule "must be consistent with ... federal statutes and rules adopted under 28 U.S.C. 2072 and 2075" Fed. R. Civ. P. 83(a)(1). It would be inconsistent with 28 U.S.C. 455 to file this motion in a case where Defendant O'Hearn has entered an order declaring her bias under 455(b) yet refusing to recuse herself. Additionally, L.Civ.R. 83.2(b) allows that "any Rule may be relaxed or dispensed with by the Court if adherence would result in surprise or injustice." I respectfully posit that placing this motion before Defendant O'Hearn after she has terminated my habeas petition and refuses to rule on my motion to recuse under 28 U.S.C. 455 would result in an injustice: the Davis case has been terminated, which means that such a motion would languish there indefinitely. No Appeal can be taken from an administrative termination, which is not a final order. See Penn W. Assocs. v Cohen 371 F.3d 118, 126 (CA3 2003)(An order administratively terminating a case is not a "final order" under 28 U.S.C. 1291). Such a state of affairs would deprive me of the Due Process spoken of by the 3rd Circuit in Madden v Myers as guaranteeing speedy resolution of habeas petitions. 102 F.3d

7

74, 79 (CA3 1996). A deprivation of Due Process is an injustice per se. Therefore, L.Civ.R. 83.2(b) allows for L.Civ.R. 42.1 to be dispensed with; Fed. R. Civ. P. 42(a)(2) allows for this case to be consolidated with Davis; 28 U.S.C. 1657(a) requires Davis to be disposed of before this case; Fed. R. Civ. P. 42(a)(3) and 83(b) allows for this case to be stayed while Your Honor disposes of the consolidated Davis case; and the interests of justice require all this. And I will kindly file a motion for summary judgment in Davis on my Faretta claim, the facts of which are undisputed, to make it as simple and easy as possible. See Carter v Rafferty 826 F.2d 1299 (Granting Reuben "Hurricane" Carter the writ of habeas corpus on summary judgment); Wilson v Beard 589 F.3d 651 (CA3 2009)(Upholding Carter as good law even post-AEDPA).

CONCLUSION

For all the foregoing reasons, I request that the Court issue an order in lieu of a prerogative writ such as quo warranto, or certiorari, or audita querela; vacating the January 9, 2024 order by Defendant O'Hearn in Davis and referring the Davis case to Chief Judge of the 3rd Circuit Chagares for further proceedings not inconsistent with the January 2, 2024 order pursuant to 28 U.S.C. 292(b) in the instant case; or in the alternative, granting a consolidation of this case with McGillvary v Davis 1:22-cv-04185-CPO under Rule 42(a)(2) and thereafter staying this action until the disposition of Davis under Rule 42(a)(3) or Rule 83(b).

1/23/24

Respectfully Submitted,

Caleb L. McGillvary
In Propria Persona

ENCL:
CC: FILE

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Caleb L. McGillvary<br>PLAINTIFF | CIVIL ACTION NO.<br>1:23-cv-22605-JMY |
| V. | Hon. John Milton Younge, USDJ<br>Motion Date: To be determined |
| Nicholas Scutari et al.<br>DEFENDANT | |

NOTICE OF MOTION UNDER RULE 83(b) AND THE ALL WRITS ACT, 28 U.S.C. 1651; OR IN THE ALTERNATIVE, UNDER RULE 42(a)(3) OR RULE 83(b)

TO: CLERK, ALL CAPTIONED PARTIES

Please take notice that, on a date and time to be determined by the Court, Plaintiff Caleb L. McGillvary ("Plaintiff"), moves the Court for an order under Rule 83(b) and the All Writs Act, 28 U.S.C. 1651, in lieu of a prerogative writ such as quo warranto, or certiorari, or audita querela; vacating the January 9, 2024 order by Defendant O'Hearn in McGillvary v Davis 1:22-cv-04185-CPO and referring the Davis case to Chief Judge of the 3rd Circuit Chagares for further proceedings not inconsistent with the January 2, 2024 order pursuant to 28 U.S.C. 292(b) in the instant case; or in the alternative, granting a consolidation of this case with McGillvary v Davis 1:22-cv-04185-CPO under Rule 42(a)(2) and thereafter staying

1

this action until the disposition of Davis under Rule 42(a)(3) or Rule 83(b)

As grounds for this motion, Plaintiff relies upon his attached Declaration and Memorandum in support of this motion.

A proposed form of order is attached.

Date: 1/23/24

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861

2

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Caleb L. McGillvary ) | CIVIL ACTION NO. |
| PLAINTIFF ) | 1:23-cv-22605-JMY |
| ) | |
| V. ) | Hon. John Milton Younge, USDJ |
| ) | Motion Date: To be determined |
| Nicholas Scutari et al ) | by the Court |
| DEFENDANT ) | |

ORDER

THIS MATTER having been opened to the Court on motion by Plaintiff Caleb L. McGillvary under Rule 83(b) and the All Writs Act, 28 U.S.C. 1651, for an order in lieu of a prerogative writ such as quo warranto, or certiorari, or audita querela; vacating the January 9, 2024 order by Defendant O'Hearn in McGillvary v Davis 1:22-cv-04185-CPO and referring the Davis case to Chief Judge of the 3rd Circuit Chagares for further proceedings not inconsistent with the January 2, 2024 order pursuant to 28 U.S.C. 292(b) in the instant case; or in the alternative, granting a consolidation of this case with McGillvary v Davis 1:22-cv-04185-CPO under Rule 42(a)(2) and thereafter staying this action until the disposition of Davis under Rule 42(a)(3) or Rule 83(b) and the Court having considered the papers submitted and the arguments therein, and FOR GOOD CAUSE SHOWN

1

It is on this ___ Day of _____, 20___

ORDERED that Plaintiff's motion is hereby GRANTED; and it is further

ORDERED that under Rule 83(b) and the All Writs Act, 28 U.S.C. 1651, an order in lieu of a prerogative writ such as quo warranto, or certiorari, or audita querela shall issue; vacating the January 9, 2024 order by Defendant O'Hearn in McGillvary v Davis 1:22-cv-04185-CPO and referring the Davis case to Chief Judge of the 3rd Circuit Chagares for further proceedings not inconsistent with the January 2, 2024 order pursuant to 28 U.S.C.292(b) in the instant case; and it is further
[OR IN THE ALTERNATIVE]

ORDERED that under Rule 42(a)(2) this case is hereby consolidated with McGillvary v Davis 1:22-cv-04185-CPO and thereafter this action is stayed until the disposition of Davis under Rule 42(a)(3) or Rule 83(b); and it is further

ORDERED that a copy of this order be served upon all parties appearing in this matter within 7 days of this order

                                                Hon. John Milton Younge, USDJ

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

JANUARY 23, 2024

Clerk, US Dist. Ct. - DNJ
US Courthouse
4th and Cooper Streets
Camden, NJ 08101-2797

      RE: Caleb L. McGillvary v. Nicholas Scutari et al
      Civil Action No. 1:23-cv-22605-JMY
      Hon. John Milton Younge, USDJ

Dear Clerk;

    Please find enclosed and file onto the docket the original and 3 copies of my notice, declaration, proposed order, and letter brief in support of my MOTION UNDER RULE 83(b) AND THE ALL WRITS ACT, 28 U.S.C. 1651; OR IN THE ALTERNATIVE, UNDER RULE 42 (a)(3) OR RULE 83(b); and proof of service thereof; in the above-captioned matter.

                                                       Kind Regards,

                                                  Caleb L. McGillvary
                                                  In Propria Persona

ENCL:
CC: FILE

PROOF OF SERVICE

I, Caleb L. McGillvary, declare pursuant to 28 U.S.C. 1746 that on today's date, I placed in the institutional mailing system here where I'm incarcerated at NJ State Prison 3rd & Federal Streets Trenton, NJ 08625; with First Class Postage prepaid to be sent via USPS Mail; the original and 3 copies of my notice, declaration, proposed order, and letter brief in support of my MOTION UNDER RULE 83(b) AND THE ALL WRITS ACT, 28 U.S.C. 1651; OR IN THE ALTERNATIVE, UNDER RULE 42(a)(3) OR RULE 83(b) to the Clerk of the USDC-DNJ at 4th & Cooper Sts. Camden, NJ 08101-2797 for filing; and a copy of said document to Counsel for Respondent, Amanda G. Schwartz at PO Box 085, 25 Market St. Trenton, NJ 08625-0085 for service.

I hereby invoke the prison mailbox rule.

I declare under penalty of perjury that the foregoing statements made by me are true and accurate.
Executed this 23rd Day of JANUARY, 2024

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Caleb L. McGillvary<br>  PLAINTIFF<br><br>V.<br><br>Nicholas Scutari et al.<br>  DEFENDANT | CIVIL ACTION NO.<br>1:23-cv-22605-JMY<br><br>Hon. John Milton Younge, USDJ<br>Motion Date: To be determined |

DECLARATION IN SUPPORT OF MOTION UNDER RULE 83(b) AND THE ALL WRITS ACT, 28 U.S.C. 1651; OR IN THE ALTERNATIVE, UNDER RULE 42(a)(3) OR RULE 83(b)

I, Caleb L. McGillvary, hereby declare pursuant to 28 U.S.C. 1746 the following:

1.) I am the pro se plaintiff in the above captioned matter ("Scutari"), and the pro se petitioner for habeas corpus in the related matter McGillvary v Davis, 1:22-cv-04185-JMY ("Davis")

2.) On June 22, 2022, Petitioner filed the habeas corpus petition in Davis.

3.) On December 2, 2022, the District Court screened the petition in Davis and issued a Show Cause Order.

4.) On March 30, 2023, the State of New Jersey ("Respondent") filed a Response to the District Court's Show Cause Order in Davis.

1

5.) On May 15, 2023, I filed a Reply to the Respondent's Response to the Show Cause Order in Davis.

6.) Based on the facts in "2"-"5" above, my habeas petition in Davis has been ripe for a decision since May 15, 2023.

7.) On December 12, 2023, the Clerk filed Petitioner's initial complaint in McGillvary v Scutari onto the docket at 1:23-cv-22605-RMB-MJS. Petitioner specifically alleges in paragraph "76" that, "On June 22, 2022, Petitioner filed a petition for writ of habeas corpus in the USDC-DNJ; which was automatically assigned to Arleo under DNJ L. Civ. R. 40.1 because of her previously presiding over an action involving the same set of facts"; in specific reference to Davis. Petitioner then alleges numerous constitutional and RICO violations related to Davis, in paragraphs "75-116" of that complaint.

8.) On or about January 2, 2024, Chief Judge of the 3rd Circuit Michael A. Chagares ("Judge Chagares") entered an order in McGillvary v Scutari, Dkt No. 1:23cv-22605-RMB-MJS; ECF 5; that said case, and all related cases, were thereafter reassigned to Judge John Milton Younge of the Eastern District of Pennsylvania pursuant to 28 U.S.C. 292(b).

9.) The Davis case is related to McGillvary v Scutari, as described in "7"; and is therefore subject to the order described in "8".

10.) On December 1, 2023, I filed a motion for the current presiding judge on my habeas petition in Davis, Hon. Christine P. O'Hearn, to recuse herself under 28 U.S.C. 455(a), (b). I cited, amongst other grounds for my motion, the fact that she

2

was the subject of numerous complaints by Petitioner regarding her money laundering in support of unregistered agent US Senator Robert Menendez, including the complaint described in "7".

6.) On or about January 2, 2024, I received the State's response to my motion to recuse Judge O'Hearn in Davis; in which the Respondent indicated they would not oppose my motion.

11.) On January 4, 2024, I sent a reply to the Respondent's response to my motion to recuse, to which I attached a declaration referencing the Chief Judge's order described in "8" above and stating that Davis is a related case and should be referred to the Chief Judge of the 3rd Circuit for reassignment pursuant to that order. Also on this date, I sent a letter to Hon. John Milton Younge to his chambers at the United States District Court for the Eastern District of Pennsylvania; stating substantially the same thing: that this was a related case and should be ordered reassigned to Judge Younge.

12.) On January 8, 2024, I sent a letter to Judge Chagares, filing same with the Clerk of the District Court in the DNJ and serving same upon all parties to this action, indicating that the Davis case is related to McGillvary v Scutari and should therefore also be transferred under 28 U.S.C. 292(b)

13.) On January 9, 2024, Judge O'Hearn issued an order terminating the Davis matter administratively, citing Chief Judge Chagares's January 2, 2024 order and finding that she and the chief Judge of the District of New Jersey, Hon. Renee Marie Bumb, were Defendants in McGillvary v Scutari; and ordering that the case remain closed "unless and until" the disposition

of Scutari. Judge O'Hearn did not certify her order under Fed. R. Civ. P. 54(b).

14.) On January 11, 2024, Petitioner called the chambers of Judge Chagares to make an ex parte application for him to review Judge O'Hearn's January 9, 2024 order; giving as grounds that she had based her decision on Judge Chagares's January 2, 2024 Order but that the order did not specify the administrative termination of the Davis action and so the termination was without authority. Also on this date, Petitioner filed a petition for writ of mandamus with the US Court of Appeals for the 3rd Circuit regarding Davis.

15.) Based on all the foregoing information, I believe that Judge O'Hearn is retaliating against me for my Petition for redress described in "7"; by terminating my ripe petition for habeas corpus and thereby depriving me of due process; notwithstanding the clear directive of 28 U.S.C. 1657(a) that habeas proceedings such as Davis are to be given higher priority on District Court dockets than civil proceedings such as Scutari.

I declare under penalty of perjury that the foregoing statements are true and accurate.
Executed this 23 day of JANUARY, 2024

Date:

Caleb L. McGillvary, ProSe
#1222665/SBI#102317GNJSP
PO Box 861, Trenton, NJ 08625

4