IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **CALEB L. MCGILLVARY**, | : | |
| Plaintiff, | : | No. 23-cv-22605-JMY |
| | : | |
| v. | : | |
| | : | |
| **NICHOLAS SCUTARI**, et al., | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 21st day of March 2024, upon consideration of the *Motion to Dispense with Service of Pleadings* (ECF No. 11) filed by Caleb L. McGillvary, it is hereby **ORDERED** that said Motion shall be **DENIED** without prejudice because it is premature.[1]

The Clerk of Court is **DIRECTED** to **IMMEDIATELY TRANSMIT** (mail) copies of this Order to *pro se* Plaintiff at the mailing address that he has identified on the docket for service of court papers.

**BY THE COURT**:

  /s/ John Milton Younge  
Judge John Milton Younge

---

[1] Plaintiff's motion will be denied as premature because the relief that Plaintiff requests is already expressly provided for – in most circumstances – under the Local Rules of (Civil) Procedure for the United States District of New Jersey. New Jersey Local Rule 14.(b)(1) (Service of Documents by Electronic Means – ECF Filing User) reads in relevant part, "Upon the electronic filing of a pleading or other document, the Court's ECF System will automatically generate and send a NEF [Notice of Electronic Filing] to all ECF Filing Users associated with that case. Transmission of the NEF constitutes service of the filed document on Filing Users." The Local Rules define an "ECF Filing User" as an attorney who has a Court-issued login and password to file documents electronically. N.J. Local Rule 1.(c). The Local Rules further dictate that "[t]he submission of the completed and signed ECF Filing Registration Form to the Court constitutes consent to service of all papers via the Court's ECF System." N.J. Local Rule 14.(b)(1).

---

It would appear that *pro se* Plaintiff is a non ECF filer who is entitled to receive paper copies of pleadings under New Jersey Local Rule 14.(b)(2) which pertains to Non ECF filers and reads in relevant part:

> A Non ECF Filer is entitled to receive a paper copy of any electronically filed document from the party making such filing. Service of such paper copy must be made according to the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, the Local Civil or Criminal Rules of this Court.

N.J. Local Rule 14.(b)(2).

It would be premature at this juncture in the litigation to enter an Order that alters the service requirements under federal and local rules of civil procedure. Plaintiff has not filed proof of service to establish service of process on even one single Defendant, and no Defendant has entered an appearance. Therefore, the Court cannot determine whether a given Defendant will be considered a ECF Filing User or Non ECF filing user. Presumably, some Defendants will be represented by Counsel and will be subject to service by electronic means.

Based on the current posture of this case, Plaintiff's Motion presents a hypothetical problem that has yet to arise; therefore, the Court will not grant the requested relief. The Court will revisit issues raised in Plaintiff's Motion if he can establish that the current rules for service of pleadings have created an actual burden, caused prejudice, or that judicial economy warrants reconsideration.