SETH D. JOSEPHSON, ESQUIRE (SDJ5237)
Attorney At Law (ID 017871994)
1 Nami Lane
Suite 5
Mercerville, NJ 08619
Tel: (609) 716-7300
Fax: (609) 716-7401
Attorney for Defendants NEW JERSEY ASSOCIATION OF JUSTICE, NEW JERSEY ASSOCIATION OF JUSTICE PAC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CIVIL ACTION NUMBER 1:23-cv-22605-JMY

| | |
|---|---|
| CALEB L. McGILLVARY,<br><br>    Plaintiff,<br><br>v.<br><br>NICHOLAS SCUTARI, NEW JERSEY ASSOCIATION OF JUSTICE, NEW JERSEY ASSOCIATION OF JUSTICE PAC, et als.,<br><br>    Defendants. | CIVIL ACTION<br>1:23-cv-22605-JMY<br>BRIEF IN SUPPORT OF DEFENDANTS NEW JERSEY ASSOCIATION OF JUSTICE, NEW JERSEY ASSOCIATION OF JUSTICE PAC<br>12(b)(6) MOTION |

**DEFENDANTS NEW JERSEY ASSOCIATION OF JUSTICE, NEW JERSEY ASSOCIATION OF JUSTICE PAC 'S MEMORANDUM IN SUPPORT OF THEIR <u>MOTION TO DISMISS</u>**

Defendants New Jersey Association of Justice, New Jersey Association of Justice PAC, (collectively, "NJAJ"), by and through counsel, respectfully submit this Memorandum in Support of Their Motion to Dismiss the claims asserted in Plaintiff Caleb L. McGillvary's Complaint (Dkt. No. 1), for failure to comply with the pleading requirements of Fed. R. Civ. P. 8(a); and failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

1

**I. INTRODUCTION**

In this action, it appears after exhaustive reading, that Plaintiff alleges that he suffered various nonspecific damages as a result of some conspiracy theory of RICO and money laundering violations, when members of NJAJ, in their respective[1] individual capacities contributed to co-defendant, Nicholas Scutari's campaign. The broadly presented buckshot allegations against NJAJ are: N.J.S.A. 2C:27-2 et seq Bribery in Official and Political Matters; N.J.S.A. §52:13C-19 Legislative and Governmental Activities Disclosure Act; N.J.S.A. §19:44A-1, §19:44A-8(b)(1) The New Jersey Campaign Contributions and Expenditures Reporting Act; N.J.A.C. §19:25-1 ET SEQ New Jersy Campaign Contributions and Expenditures Reporting Act; N.J.A.C. §19:25-10.1 Regulations of the Election Law Enforcement Commission; 18 USC § 1956 Laundering of Monetary Instruments; 18 USC § 1961 Racketeering (RICO).

Throughout the Complaint, relative to each alleged criminal count affecting NJAJ, Plaintiff lists a host of private campaign contributions. No factual allegation regarding any direct payment from NJAJ is made. The mere fact that the individual donations were made from NJAJ members cannot link NJAJ as a conspirator of some vaguely pleaded nefarious act.

Plaintiff's prayer for relief, seems to stem from the Netflix airing of a certain program, THWH, which Plaintiff claims a protected interest in. But the inclusion of NJAJ is centered around private contributions to a government official, Nicholas Scutari, who allegedly improperly influenced the approval of the land sale to Netflix. The complaint fails to set forth any factual connection between this parcel of land to THWH. The complaint

---

[1] "[I]ncidents of racketeering activity embrace criminal conduct that [is] ... otherwise *interrelated* by distinguishing characteristics...." *N.J.S.A.* 2C:41–1d(2) (emphasis added)." *State v. Ball*, 141 N.J. 142, 168 (1995). Political donations are not criminal activity.

2

fails to set forth any factual connection as to how any political donations to Scutari's campaign was purposeful or directed to influencing Scutari to push through the land sale. The Complaint fails to plead any plausible facts as to how Scutari, because of his alleged relationship with NJAJ's member's individual donations, was able to accomplish the land sale, after going through a full governmental bidding process. Plaintiff's pleadings fail to provide one plausible fact that he suffered some injury connected to the land sale, and that even if successful, that that the injury could be adequately addressed by the court and pinned on NJAJ. Basically, the most generous interpretation of Plaintiff's Complaint is that he has plead parallel activity between the individual donors, Scutari's campaign, and the the other host to defendants, including the governor and the state legislature. Again, nothing factually against NJAJ.

Specifically to NJAJ, Plaintiff fails to provide anything factual that connected the individual donations to the Scutari campaign as a direct NJAJ action and that those monies were used by Scutari for the sole purpose of the challenged bidding process. Plaintiff's complaint fails to provide any fact or even a strained inference that NJAJ had an interest in Netflix's winning the bid for the land sale. In his allegations U.S.C. §1962, Plaintiff provides one attenuated event, alleged donations by certain NJAJ members into Scutari's campaign. He fails to allege that this complained of action was anything other than this one-time effort to fund Scutari's election; even for this one very specific purpose. The illegal connection between NJAJ member direct donations to a claimed illegal bidding process, visa vie NJAJ, is not plausible. In is not unlikely that the NJAJ members may have donated to the campaign before, yet those donations are not claimed, nor could they be, to be illegal. All that is alleged is that NJAJ members donated their respective money to the campaign. Count One should be dismissed and to the extent NJAJ is intertwined with any of the other of the convoluted counts within the Complaint, it should be dismissed.

3

## II. THE MOTION TO DISMISS STANDARD

Pursuant to the Federal Rules of Civil Procedure, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To survive a motion to dismiss, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Rather, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 557, and to "state a claim to relief that is plausible on its face." *Id.* at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[U]nsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations" do not meet this standard. *Continental Insurance Co. of New Jersey v. United States*, 335 F.Supp.2d 532, 534 (D.N.J. 2004) (citing *Miree v. DeKalb County, Ga.*, 433 U.S. 25, 27 n.2, (1977).).

A court should evaluate factual allegations to determine whether "they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679. While courts should accept all factual allegations as true, courts are not required to accept as true "a legal conclusion couched as a factual allegation." *Id.* at 678. A complaint that does not meet the plausibility standard cannot survive a motion to dismiss. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency…should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal citations omitted) (ellipses in original). This standard "asks for more than a

4

sheer possibility that a defendant has acted unlawfully." *Iqbal*, 566 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005).

To determine the sufficiency of a complaint, a court must take three steps: (1) the court must take note of the elements a plaintiff must plead to state a claim; (2) the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 556 at 664).

The issue that the Court is to decide in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Twombly, 550 U.S. at 555*.   Plausibility is an element which requires examination in the motion.  "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'"  <u>*Malleus*</u>, 641 F.3d at 563 (quoting *Twombly*, 550 U.S. at 570).

In considering this Rule 12(b)6 motion, only the pleadings and its attachments can be considered.  See *S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.,* 181 F.3d 410, 426 (3d Cir. 1999).  "A court may consider, however, an undisputedly authentic

5

document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

### III. ARGUMENT

**A  Plaintiff's Complaint Does Not Comply with Rule 8(a) and Must be Dismissed.**

Plaintiff's 172-paragraph Complaint pleads numerous allegations against any of the 70 named individual defendants. The allegations are vaguely made without a plausible connection between them and the numerous defendants and the resulting land purchase.

This Court has consistently ruled that pleadings that fail to explain who committed what actions are impermissibly vague and fail to comply with the pleading standards set out by Rule 8(a). *Transportation Insurance Co. v. Am. Harvest Baking Co., Inc.*, No. CV 15-663, 2015 WL 9049273, at *8 (D.N.J. Dec. 16, 2015) (collecting cases). *See also Galicki v. New Jersey*, No. CIV.A. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015) ("Plaintiffs provide only conclusory allegations against Defendants as a group, failing to allege the personal involvement of any Defendant as is required."). Plaintiff makes not even a cursory effort to distinguish between the roles or specific actions of the various defendants, but to say only that because they are NJAJ members, NJAJ is liable. Because Plaintiff's Complaint fails to properly identify the specific conduct of any NJAJ member defendant, it does not comply with Rule 8(a) and, as for, at least NJAJ, dismissal should follow.

**B  Plaintiff's Complaint Must be Dismissed because of Standing and Jurisdiction Issues.**

NJAJ is named as part of some "enterprise," or "NJAJ Money Launderers" because donations to Scutari's campaign included members of NJAJ. Yet the pleadings fail to establish that a private remedy exists, or that this court has jurisdiction.

Standing:    "A federal mail fraud claim is not plausible because there is no private right of action under that statute. *See Jones v. TD Bank*, 468 F. App'x 93, 94 (3d Cir.

2012). ('To the extent that Jones attempted to sue under the Federal Mail Fraud statute, 18 U.S.C. § 1341, he lacked a private right of action to do so.') (citing *Wisdom v. First Midwest Bank*, 167 F.3d 402, 408 (8th Cir. 1999) (collecting cases))." See also, *Addlespurger v. Corbett*, 461 F. App'x 82, 87 (3d Cir. 2012); *see also Pennington v. Wells Fargo Bank, N.A.*, No. 11-2896, 2012 WL 5199257, at * 3 (E.D. Pa. Oct. 19, 2012.

Courts have also found there is no cause of action under § 1344, the bank fraud statute. *See e.g., Wisdom v. First Midwest Bank*, 167 F.3d 402, 408 (8th Cir. 1999); *Migrom v. Burstein*, 374 F. Supp. 2d 523, 529 (E.D. Ky. 2005) (finding no private right of action under 18 U.S.C. § 1344); *Park Nat'l Bank of Chicago v. Michael Oil Co.*, 702 F. Supp. 703, 704 (N.D. Ill. 1989) (same). The two money laundering statutes also do not provide a private right of action. *See Mazza v. Bank of New York Mellon*, No. 20-3253, 2021 WL 601135, at *7 (E.D. Pa. Feb. 16, 2021) (holding that 'there is no private cause of action to enforce these criminal laws'); *Thompson v. Kramer*, No. 93-2290, 1994 WL 725953, at *15 (E.D. Pa. Dec. 29, 1994) ('These statutes provide by their plain language for criminal penalties but not for private causes of action.'). Accordingly, these claims are dismissed with prejudice because the defects in these claims cannot be cured." *Kitz v. Kitz*, No. 22-CV-0600, 2022 WL 523452, at *2 (E.D. Pa. Feb. 18, 2022), appeal dismissed, No. 22-1982, 2022 WL 17352166 (3d Cir. Dec. 1, 2022).

"Unless there is a clear congressional intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute. *Federal Sav. & Loan Ins. Corp. v. Reeves,* 816 F.2d 130, 137–38 (4th Cir.1987) (no civil cause of action where no affirmative indication that Congress intended to furnish a civil remedy); *56 Ryan v. Ohio Edison Co.,* 611 F.2d 1170 (6th Cir.1979); *Bell v. Health–Mor, Inc.,* 549 F.2d 342 (5th Cir.1977); *Creech v. Federal Land Bank of Wichita,* 647 F.Supp. 1097

(D.Colo.1986)." *Barrett v. City of Allentown*, 152 F.R.D. 50, 55–56 (E.D. Pa. 1993). Title 18 U.S.C. § 1334 and §1344 do not create a private right of action. *Campbell v. M&T Bank*, No. 3:16-CV-118, 2017 WL 1091939, at *5–6 (W.D. Pa. Mar. 22, 2017). Title 18 U.S.C. § 1956 does not create a private right of action. The District Court's decision is summarily affirmed because no substantial question is presented on appeal. 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. In particular, 42 U.S.C. § 1988, 26 U.S.C. § 7201.

18 U.S.C. § 1956, do[es] not . . .provide for private causes of action. See *Dubai Islamic Bank v. Citibank, N.A.*, 126 F. Supp. 2d 659, 668 (S.D.N.Y. 2000) (no private right of action under 18 U.S.C. § 1956); *Kissi v. U.S. Dept. of Justice*, 444 F. App'x 457 (C.A.D.C. 2011) (finding that 18 U.S.C. § 1957 is a criminal statute and does not provide a private cause of action). *DuBois v. Alves*, No. CV 22-11203-RGS, 2022 WL 4376041, at *3 (D. Mass. Aug. 22, 2022), appeal dismissed, No. 22-1704, 2022 WL 19078141 (1st Cir. Dec. 22, 2022)

See *Moor v. County of Alameda*, 411 U.S. 693, 702 (1973) (stating that §1988 'does not enjoy the independent stature of an 'Act of Congress providing for the protection of civil rights,' [but] [r]ather, as is plain on the face of the statute, the section is intended to complement the various acts which do create federal causes of action for the violation of federal civil rights'); *Lee v. U.S. Agency for Int'l Dev.,* 859 F.3d 74, 77 (D.C. Cir. 2017) (noting that '[t]he Supreme Court has ''rarely implied a private right of action under a criminal statute'' ' (quoting *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979)))" *Karupaiyan v. Singh*, No. 21-3163, 2022 WL 6634603, at *1 (3d Cir. Mar. 1, 2022), cert. denied, 143 S. Ct. 312, 214 L. Ed. 2d 137 (2022).

<u>Jurisdiction</u>:	The allegations of New Jersey Election Law violations are are improperly pleaded as primary jurisdiction rest with the New Jersey Election Law Enforcement

8

Commission.  See *Brennan on behalf of State v. Lonegan*, 454 N.J. Super. 613, 620–21 (App. Div. 2018), quoting *Nordstrom v. Lyon*, 424 N.J. Super. 80, 97 (App. Div. 2012).

Without either standing or jurisdiction, Plaintiff's claims against NJAJ should be dismissed.

**C. PLAINTIFF'S CLAIM SHOULD BE DISMISSED BECAUSE IT FAILS TO PROVIDE THE ELEMENTS REQUIRED UNDER RACKETEERING**

Even if NJAJ was a proper party to a violation of § 1962(c), the pleadings dictate that it be dismissed.  In *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479 (1985), the Supreme Court set forth a four-part test, that required: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  As explained in footnote 14, *id.*, the "pattern" element requires a showing of criminal conduct characterized by "continuity plus relationship."

The Court goes further by applying a two-prong test for "pattern", adopted and applied by the Eighth Circuit Court of Appeals in *Superior Oil Co. v. Fulmer,* 785 F.2d 252 (8th Cir.1986). There the Court held that because the Plaintiff could only establish one event, there being no proof that any Defendant had ever engaged in this complained of conduct before, the element of "pattern" was not satisfied and the count dismissed.  *Id.* at 257.

"For criminal liability under RICO to attach, a defendant's involvement in an enterprise must be accomplished "through a pattern of racketeering activity." *N.J.S.A.* 2C:41–2c. A "pattern of racketeering activity," according to *N.J.S.A.* 2C:41–1d, requires: (1) Engaging in at least two incidents of racketeering conduct one of which shall have occurred after the effective date of this act and the last of which shall have occurred

9


within 10 years (excluding any period of imprisonment) after a prior incident of racketeering activity." State v. Ball, 141 N.J. at 163.

Application of case law to 18 U.S.C. §1962, Racketeering, requires that some form of a pattern of at least two distinct unconnected schemes. See Phenix Rd. Sav. & Loan v. Shearson Loeb Rhoades, Inc., 856 F.2d 1125, 1128 (1988), *cert. denied,* 489 U.S.. 1066 (1989). As he pleaded it, the alleged conduct, of others, not even NJAJ, were individual donations alleged made to the Scutari campaign for this one project.

By its own words, the Complaint fails to even allege the factual elements to arrive establish a "pattern" or two schemes.

## D. PLAINTIFF'S CLAIM SHOULD BE DISMISSED BECAUSE HIS CAUSE OF ACTION IS NOT PLAUSIBLE

Finally, the Complaint provides no facts, plausible or otherwise, that can establish that NJAJ violated any campaign laws. It did not make the donations, but individual members did and those donations, have no factual basis connecting them to Scutari being influenced for the Netflix land project. All that is alleged are unsupported conclusions, unwarranted inferences, and sweeping legal conclusions. Put otherwise, no legal allegation is made, providing the Plaintiff every inference, that connect NJAJ to any malfeasance. See, supra, *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555-570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. at 679 (2009). Plaintiff's allegations against NJAJ, that because others made donations to a campaign are not actionable and are not plausible and should be summarily dismissed.

## IV. CONCLUSION

NJAJ is not a proper party in this action. Providing the Plaintiff with every inference that the factual statements are true, does not create in NJAJ any liability. The underlying

10

donations were not made through NJAJ. No facts are presented which establish any scheme, illegal or not. The donations made to Scutari a have no factual connection to Netflix or the land sale bidding. Plaintiff failed to plead that the program, THWH, even if wrongfully exploited by Netflix, was connected to the land sale having anything to do with NJAJ. To the extent any factual allegations could be given weight, which they cannot, the Plaintiff is not permitted to bring a private action for some of the claims and fails to plead the elements required for the others. The action against NJAJ is not plausible on its face. NJAJ is not liable for RICO or money laundering. NJAJ should be dismissed with prejudice from this action.

May 8, 2024

<div style="text-align: right">
On the Brief<br>
/s/ *Seth D. Josephson*<br>
Seth D. Josephson, Esquire
</div>