STARR, GERN, DAVISON & RUBIN, P.C.
By: Ronald L. Davison, Esq.
105 Eisenhower Parkway, Suite 401
Roseland, NJ 07068-1640
Tel:  973.403.9200
Fax:  973.364.1403
E-mail: rdavison@starrgern.com
Attorneys for defendants
Starr, Gern, Davison & Rubin, P.C.,
Ira Starr and Shelley Stangler

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CALEB L. MCGILLVARY, | Civil Action No. 1:23-cv-22605-JMY |
| Plaintiff, | **ANSWER, AFFIRMATIVE DEFENSES AND L.Civ.R. 11.2 CERTIFICATION OF DEFENDANTS STARR, GERN, DAVISON & RUBIN, P.C., IRA STARR AND SHELLEY STANGLER** |
| vs. | |
| NICHOLAS SCUTARI, et al., | |
| Defendants. | |

Defendants, Starr, Gern, Davison & Rubin, P.C., a New Jersey professional corporation maintaining its principal office at 105 Eisenhower Parkway, Suite 401, Roseland, New Jersey 07068; Ira Starr, maintaining his office at the same address; and Shelley Stangler, maintaining her office at the same address, answer the plaintiff's complaint and say:

## I. ANSWER TO ALLEGATIONS RELATING TO PARTIES

Except to admit that these defendants are named as parties in the complaint, they deny knowledge or information sufficient to form a belief as to the truth of the allegations of Section I of the complaint.

## II. ANSWER TO ALLEGATIONS AS TO JURISDICTION

They deny the allegations of Section II.

## III. ANSWER TO ALLEGATIONS AS TO CLAIMS

They deny the allegations of Section III.

## ANSWER TO ALLEGATIONS IN INTRODUCTION

They deny knowledge or information sufficient to form a belief as to the truth of the allegations of all paragraphs of the section of the complaint entitled, "INTRODUCTION."

## ANSWER TO COUNT ONE

They admit that at various times defendant Shelley Stangler has been a member of NJAJ. They deny that either Starr, Gern, Davison & Rubin, P.C. or Ira Starr has ever been a member of NJAJ. Except to admit that defendant Shelley Stangler made a financial contribution as alleged in paragraph 29, in accordance with *Fed. R. Civ. P.* 8(b)(3), they deny that they engaged in any of the alleged acts of wrongdoing and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Count One.

<u>ANSWER TO COUNT TWO</u>

They deny knowledge or information sufficient to form a belief as to the truth of the allegations of Count Two.

<u>ANSWER TO COUNT THREE</u>

They deny knowledge or information sufficient to form a belief as to the truth of the allegations of Count Three.

<u>ANSWER TO COUNT FOUR</u>

They deny knowledge or information sufficient to form a belief as to the truth of the allegations of Count Four.

<u>ANSWER TO COUNT FIVE</u>

They deny knowledge or information sufficient to form a belief as to the truth of the allegations of Count Five.

<u>ANSWER TO COUNT SIX</u>

They deny knowledge or information sufficient to form a belief as to the truth of the allegations of Count Six.

<u>ANSWER TO COUNT SEVEN</u>

They deny knowledge or information sufficient to form a belief as to the truth of the allegations of Count Seven.

<u>ANSWER TO COUNT EIGHT</u>

They deny knowledge or information sufficient to form a belief as to the truth of the allegations of Count Eight.

<u>ANSWER TO COUNT NINE</u>

They deny knowledge or information sufficient to form a belief as to the truth of the allegations of Count Nine.

ANSWER TO COUNT TEN

They deny knowledge or information sufficient to form a belief as to the truth of the allegations of Count Ten.

ANSWER TO COUNT ELEVEN

They deny knowledge or information sufficient to form a belief as to the truth of the allegations of Count Eleven.

ANSWER TO COUNT TWELVE

They deny knowledge or information sufficient to form a belief as to the truth of the allegations of Count Twelve.

ANSWER TO COUNT THIRTEEN

They deny knowledge or information sufficient to form a belief as to the truth of the allegations of Count Thirteen.

ANSWER TO COUNT FOURTEEN

They deny knowledge or information sufficient to form a belief as to the truth of the allegations of Count Fourteen.

ANSWER TO COUNT FIFTEEN

They deny knowledge or information sufficient to form a belief as to the truth of the allegations of Count Fifteen.

AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief can be granted.

2. Plaintiff lacks standing to sue these defendants because he has failed to allege that they or any of them engaged in any act or failed to do any act which they should have done,

caused plaintiff any injury.

3. The Court lacks subject matter jurisdiction of the matter.

WHEREFORE, defendants demand judgment dismissing the complaint together with counsel fees and cost.

> Starr, Gern, Davison & Rubin, P.C.,
> Attorneys for defendants
> Starr, Gern, Davison & Rubin, P.C.,
> Ira Starr and Shelley Stangler

*s/Ronald L. Davison*

By:_____
    Ronald L. Davison

Dated:  May 9, 2024

## L. CIV. R. 11.2 CERTIFICATION

The undersigned, a member in good standing of the Bar of this Court, certifies, under penalty of perjury, that the matter in controversy is not known to be the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

*s/Ronald L. Davison*

By:_____
    Ronald L. Davison

Dated:  May 9, 2024