Scott A. Aitken Jr., Esq. (#447252023)
RAINONE COUGHLIN MINCHELLO, LLC
555 U.S. Highway 1 South
Suite 440
Iselin, NJ 08830
Tel: (973) 866-6284
Fax: (732) 791-1555
*Attorneys for Defendants, Louis N. Rainone,*
*Craig J. Coughlin, and David L. Minchello*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| Caleb L. McGillvary,<br><br>Plaintiff,<br><br>vs.<br><br>Nicholas Scutari, et al.<br><br>Defendants. | Civil Action No:<br><br>1:23-cv-22605-JMY<br><br>**NOTICE OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO Fed. R. Civ. P. 12(b)(6)** |

TO:  The Honorable John Milton Younge, U.S.D.J.
      United States District Court
      James A. Byrne U.S. Courthouse
      601 Market Street
      Philadelphia, PA 19106

      Caleb L. McGillvary
      1222665/SBI102317G
      New Jersey State Prison
      P.O. Box 861
      Trenton, NJ 08625
      (Pro Se Plaintiff)

      All Counsel of Record
      (Via ECF Electronic Filing)

**PLEASE TAKE NOTICE** that the undersigned, Rainone Coughlin

Minchello, LLC, attorneys for the Defendants, Louis N. Rainone, Craig

J. Coughlin, and David L. Minchello, in the above-captioned action,

359540v1

shall apply to the United States District Court, District of New Jersey, for an Order granting Defendants' Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6).

**PLEASE TAKE FURTHER NOTICE** that in support of said Motion, the undersigned counsel shall rely upon Defendants' Brief and Statement of Facts annexed hereto.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is annexed hereto.

**RAINONE COUGHLIN MINCHELLO, LLC**
*Attorneys for Defendants, Louis N. Rainone, Craig J. Coughlin, and David L. Minchello*

By:_____
      Scott A. Aitken Jr., Esq.

Dated: October 2, 2024

359540v1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Caleb L. McGillvary, | Civil Action No: |
| Plaintiff, | |
| vs. | 1:23-cv-22605-JMY |
| Nicholas Scutari, et al. | |
| Defendants. | |

**BRIEF IN SUPPORT OF DEFENDANTS', LOUIS N. RAINONE, DAVID L. MINCHELLO, AND CRAIG J. COUGHLIN, MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6)**

**RAINONE COUGHLIN MINCHELLO, LLC**
555 U.S. Highway 1 South
Suite 440
Iselin, NJ 08830
Tel: (973) 866-6284
Fax: (732) 791-1555
*Attorneys for Defendants, Louis N.*
*Rainone, Craig J. Coughlin, and*
*David L. Minchello*

Scott A. Aitken Jr., Esq. – (#447252023)
*Of Counsel and On the Brief*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES....................................iii-v

PRELIMINARY STATEMENT........................................1

STATEMENT OF MATERIAL FACTS.................................3

LEGAL ARGUMENT..............................................7

    POINT I ................................................7

    LEGAL  STANDARD ........................................7

    POINT II ...............................................9

    PLAINTIFF LACKS STANDING TO BRING ANY CLAIM RELATED
    TO THE POLITICAL CONTRIBUTIONS MADE BY DEFENDANTS .......9

    POINT III .............................................11

    COUNTS TWO (2) THROUGH COUNT SIXTEEN (16) OF
    PLAINTIFF'S FAC ARE NOT DIRECTED AT THIS
    DEFENDANT AND MUST BE DISMISSED .......................11

    POINT IV ..............................................13

    PLAINTIFF'S FIRST AMENDED COMPLAINT FAILS TO STATE
    A CLAIM AGAINST DEFENDANTS AND MUST BE DISMISSED .......13

    POINT V ...............................................14

    PLAINTIFF'S FIRST AMENDED COMPLAINT VIOLATES NOTICE
    PLEADING REQUIREMENTS UNDER. R. CIV. P. 8(A) ..........14

    POINT VI ..............................................18

    PLAINTIFF'S RICO CLAIMS AGAINST DEFENDANTS ARE
    UNSUPPORTED AND UNSUBSTANTIATED AND THEREFORE,
    COUNT ONE OF PLAINTIFF'S FAC MUST BE DISMISSED AS TO
    DEFENDANTS ............................................18

    POINT VII .............................................23

    PLAINTIFF'S FAC FAILS TO COMPLY WITH RULE 8(A) BY
    IMPROPERLY GROUPING DEFENDANTS AND MUST BE DISMISSED
    AS A MATTER OF LAW ....................................23

POINT VIII ............................................ 24

PLAINTIFF'S FAC FAILS TO PLEAD ANY CLAIMS OF
CONSPIRACY AND/OR FRAUD AGAINST DEFENDANTS WITH
SPECIFICITY AND THEREFORE, SAID CLAIMS MUST BE
DISMISSED ............................................ 24

POINT IX ............................................. 27

PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND THE
SUBJECT COMPLAINT BECAUSE AMENDMENT WOULD BE FUTILE ..... 27

CONCLUSION............................................ 28

359522v1

**TABLE OF AUTHORITIES**

**Cases**                                                           **Page(s)**

Alston v. Parker,
  363 F.3d 229 (3d Cir. 2004) ...................................7

Aruanno v. Main,
  467 F. App'x 134 (3d Cir.2012) ..............................23

Ashcroft v. Iqbal,
  556 U.S. 662 (2009) ...................................7, 8, 14

Bartol v. Barrowclough,
  251 F.Supp.3d 855 (2017) ....................................23

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007) .............................8, 13, 14, 15

Cetel v. Cmmw. Life Ins. Co.,
  460 F.3d 494 (3d Cir. 2006) .................................19

Dluhos v. Strasberg,
  321 F.3d 365 (3d Cir. 2003) .................................13

Fed. Election Comm'n v. Colorado Republican Fed.
  Campaign Comm.,
  533 U.S. 431 (2001) .........................................22

Frederico v. Home Depot,
  507 F.3d 188 (3d Cir.2007) ..................................25

Gratz v. Ruggiero,
  822 F. App'x 78 (3d Cir. 2020) ...............................9

John Wiley & Sons, Inc. v. Rivadeneyra,
  179 F.Supp.3d 407 (2016) ....................................25

Jones v. TD Bank,
  468 F. App'x 93 (3d Cir. 2012) ..............................10

Luke's Health Network, Inc. v. Lancaster Gen. Hosp.,
  967 F.3d 295 (3d Cir. 2020) ..............................9, 10

Malleus v. George,
  641 F.3d 560 (3d Cir. 2011) ..................................8

iii

359522v1

Okogun v. Trustees of Princeton Univ.,
    No. CV2118957(MAS)(JBD), 2023 WL 4408274 (D.N.J.
    July 7, 2023), *aff'd*, No.23-2402, 2024 WL 1427585
    (3d Cir. Apr. 3, 2024) .................................14, 15

RJR Nabisco, Inc. v. Eur. Cmty.,
    136 S. Ct. 2090 (2016) ......................................19

Roberts v. U.S. Jaycees,
    468 U.S. 609 (1984) .........................................22

State v. Ball,
    268 N.J.Super. 72 (1993) ....................................19

State v. Lonegan,
    454 N.J. Super. 613 (App. Div. 2018) ........................10

United States v. Riccobene,
    709 F.2d 214 ................................................19

Wisdom v. First Midwest Bank,
    167 F .3d 402, 408 (8th Cir. 1999) ..........................10

**Statutes**

U.S.C. §§ 1961-1968..........................................20

42 USC 1983..................................................12

Influenced and Corrupt Organizations Act (RICO)............*passim*

N.J.S.A. 2C:41-1a(1) and (2).................................19

N.J.S.A. 2C:41-1d(1).........................................19

N.J.S.A. 2C:41-2d............................................19

N.J.S.A. 2C:41-1 to -6.2.....................................20

N.J.S.A. 2C:41-2(d)......................................19, 21

N.J.S.A. 56:8-1 to -210......................................20

**Other Authorities**

First Amendment..............................................12

Fed. R. Civ. P. 8(A).........................................14

iv

359522v1

Fed. R. Civ. P. 8(d)(1).......................................14

Fed. R. Civ. P. 9(b)..........................................24

Fed. R. Civ. P. 12(b)(6)...................................*passim*

359522v1

## **PRELIMINARY STATEMENT**

Defendants, Louis N. Rainone, Craig J. Coughlin, and David L. Minchello (hereinafter collectively referred to as the "Defendants") seek the dismissal of Plaintiff's First Amended Complaint ("FAC") based upon Plaintiff's failure to state a claim upon which relief can be granted in accordance with Fed. R. Civ. P. 12(b)(6). Plaintiff's FAC is a voluminous document with various unsubstantiated and meritless allegations against eighty-one (81) named Defendants, including Law Firms, Political Figures/Organizations and numerous other parties.

Plaintiff's FAC, seems to stem from the Netflix airing of "The Hatchet Wielding Hitchhiker" ("THWH"). Of the sixteen counts within Plaintiff's Amended Complaint, however, only Count One of the complaint mentions Defendants. Further, Plaintiff has invoked a criminal RICO statute, of which he has no standing to bring whatsoever, to aimlessly implicate Defendants in his grand RICO conspiracy. From Count one of the complaint, Plaintiff makes two assertions towards each of the Defendants individually. Plaintiff's illegitimate RICO allegations stem from legitimate political contributions made by Defendants in September of 2021, and October of 2022, towards Nicolas Scutari's ("Scutari") political campaign for Senate. These contributions are solely governed by ELEC. As the remainder of this submission will

1

demonstrate, Plaintiff has filed this claim in bad faith to harass these Defendants without any legal justification or basis.

As will be set forth more fully below, Defendants demand that their Motion to Dismiss be grated and that Plaintiff's FAC be dismissed with prejudice.

### STATEMENT OF MATERIAL FACTS

On November 20, 2023, Plaintiff, Caleb McGilvary (hereinafter referred to as "Plaintiff") filed a Complaint in the United States District Court totaling over one-hundred and thirty (130) pages. See ECF Document No. 1. Thereafter, numerous filings were submitted by Plaintiff and other parties over the course of a year and six (6) months. See ECF Case Jacket for Civil Action No. 1:23-CV-22605-JMY. On June 3, 2024, Plaintiff filed his First Amended Complaint which is approximately six hundred (600) pages (hereinafter "FAC") (See ECF Document No. 84). Plaintiff's FAC names eighty-one (81) specific Defendants and sets forth three-hundred and twenty-seven (327) Paragraphs of allegations and prayers for relief against numerous parties. See ECF 84.

On August 14, 2024, this office filed correspondence with the Court requesting an extension of time to respond to Plaintiff's Amended Complaint. See ECF. 185. On August 15, 2024, this court promptly granted this request. See ECF. 187. Thereafter, David Minchello was served on August 30th, 2024, wherein this office filed for another extension on September 13, 2024, which was granted by this court on September 16, 2024, with our answer being due October 2, 2024. See ECF. 217, 238, 239, 241.

In Plaintiff's FAC, the Defendants are first identified as parties to this action on page 33, paragraphs 75, 76 and 77. See FAC ¶¶ 75-77. Specifically, as to Craig J. Coughlin,

3

Plaintiff alleges that Craig J. Coughlin is at all times material herein was a citizen and resident of New Jersey. Defendant is engaged in activities affecting federal interstate and/or foreign commerce. Defendant is a person, as that term is defined pursuant to 18 U.S.C. 1961 (3). (See FAC ¶¶ 75; ECF 84).

As to David L. Minchello, Plaintiff asserts:

Plaintiff alleges that David L. Minchello is at all times material herein was a citizen and resident of New Jersey. Defendant is engaged in activities affecting federal interstate and/or foreign commerce. Defendant is a person, as that term is defined pursuant to 18 U.S.C. 1961 (3). (See FAC ¶¶ 76; ECF 84).

Finally, as to Louis N. Rainone, Plaintiff asserts:

Plaintiff alleges that Louis N. Rainone is at all times material herein was a citizen and resident of New Jersey. Defendant is engaged in activities affecting federal interstate and/or foreign commerce. Defendant is a person, as that term is defined pursuant to 18 U.S.C. 1961 (3). (See FAC ¶¶ 77; ECF 84).

Thereafter, Plaintiff identifies the Defendants in connection with "RICO Enterprise No. 16" as follows:

RICO Enterprise No. 16: The Election Fund of Craig J. Coughlin is a RICO Enterprise, organized and maintained by and through a consensual hierarchy of managing members, lawyers, attorneys, partners, managers, directors, officers, supervisors, and/or representatives that formulate and implement policies relative to the provision of legal services; including but not restricted to arranging fraudulent offers and acquisition of public land, concealing assets, and structuring transactions to avoid reporting requirements of state and federal law; and such. services are offered both interstate and internationally. Plaintiff alleges that Craig J Coughlin, David Minchello, Louis N. Rainone, and persons acting in concert therewith, are employed by and associated with said RICO enterprise that is engaged in, or activities which affect,

4

interstate or foreign commerce, and that said RICO persons, and persons acting in concert therewith, conduct or participate, directly or indirectly, in the conduct of said RICO enterprise's affairs through a RICO pattern of activity. (FAC ¶¶ 91; ECF 84)

Additionally, Count One of Plaintiff's FAC makes a broad claim of money laundering against the New Jersey Association of Justice("NJAJ") and lists the Defendants as "Members of this associated-in fact enterprise of NJAJ" but makes no specific allegations of wrongdoing by Defendants. (See FAC ¶¶ 92; ECF 84).

Defendants are further referenced in Plaintiff's FAC (amongst the other 81 named Defendants in this action) in Plaintiff's "First Request for Offers to Purchase" section and makes broad and unspecific allegations in connection with a "Bid Rigging Syndicate Conspiracy, NJAJ Money Launderers, and Money Laundering Network; and obtain their services, and thereafter participate with them, in rigging the bid for a sale of public land at below market value to Netflix, Inc." (FAC at ¶¶ 101; ECF 84).

Finally, Plaintiff's FAC makes two specific allegations as to Defendants, individually as follows:

On 9/10/21 Craig J Coughlin made a transaction of $2,600, David Minchello made a transaction of $2,600, Louis N Rainone made a transaction of $2,600 and the alter ego of Craig J Coughlin, The Election Fund of Craig J Coughlin, made a transaction of $2,600; which was, upon information and belief, each from their respective financial institutions to the financial institution holding the account of the candidate committee of Nicholas Scutari at a time to be ascertained with certainty through discovery; acting jointly without

5

certifying the fact and structuring their transactions
to avoid the reporting requirement of NJSA
19:44A8(b)(l); and- to avoid the reporting requirements
of political committees set forth by NJSA 19:44A-8 and
NJAC 19:25-10. These transactions totaled $10,400 and
were thus in excess of the $8,200 contribution limit
imposed by NJSA 19:44A-ll.3 and were structured to avoid
the reporting requirements of NJAC 19:25-11.8 and NJSA
19:44A-8. (FAC ¶¶ 107; ECF 84).

Plaintiff furthers cites that:

On 10/5/22 Craig J. Coughlin made a transaction of
866.67, David Minchello made a transactions of 866.67,
and Louis N. Rainone made a transaction of $866,66; which
was, upon information and belief, each from their
respective financial institutions to the financial
institution holding the account of the candidate
committee of Nicholas Scutari at a time to be ascertained
with certainty through discovery; acting jointly without
certifying the fact and structuring their transactions
to avoid the reporting requirements of NJSA 19:44A-
8(b)(1); and to avoid the reporting requirements of
political committees set forth by NJSA 19:44A-8 and NJAC
19:25-10. These transactions were each an act of
violating 18 USC 1956, a predicate act as part of
racketeering activity defined by 18 USC 1961 in
furtherance of the enterprise described 91-98 and the
agreement described in 102. FAC ¶¶ 127; ECF 84.

These are the only instances throughout Plaintiff's three

hundred and twenty-seven (327) Paragraph amended Pleading in which

Defendants are specifically mentioned. (See FAC ¶¶ 1-327; ECF 84).

All of this is contained within Count one of Plaintiff's complaint.

It must also be noted, that in addition to filing the FAC,

Plaintiff also filed a three hundred and twenty-nine (329) page

"RICO CASE STATEMENT" (See ECF Document No. 84-3). This document

6

however includes the same "allegations" against Defendants as set forth in Plaintiff's FAC detailed above.

Based on the foregoing, it is respectfully submitted that Plaintiff has failed to state a claim for which relief may be granted as to Defendants and therefore, Plaintiff's FAC must be dismissed as a matter of law pursuant to Fed. R. Civ. P. 12(b)(6).

## **LEGAL ARGUMENTS**

### **POINT I**

### **LEGAL STANDARD**

Defendants move to dismiss Plaintiffs' FAC pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A complaint satisfies the plausibility standard when the factual pleadings allow the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Burtch v. Millberg Factors, Inc., 662 F.3d 212, 210-211 (3d Cir. 2011) (citing Iqbal, 556 U.S. at 678) In particular, "a complaint should set forth 'who is being sued, for what relief, and on what theory, with enough detail to guide discovery.'" Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (quoting McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996)).

7

The court's inquiry in determining the sufficiency of a claim when considering a Rule 12(b)(6) motion is "broken up into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (citing Iqbal, 556 U.S. at 675, 679).

Also, it has been held that the "factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level," see Twombly, 550 U.S. at 570, such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (2009) citing Twombly, 550 U.S. at 556). Finally, the Plaintiff must "provide the 'grounds' of his 'entitlement to relief,' "which requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." (emphasis added) Twombly, 550 U.S. at 555.

Here, Plaintiff's FAC has failed to assert any cognizable claims against these Defendants, and as a matter of law, the FAC must be dismissed with prejudice.

8

**POINT II**

**PLAINTIFF LACKS STANDING TO BRING ANY CLAIM RELATED TO THE POLITICAL CONTRIBUTIONS MADE BY DEFENDANTS**

Firstly, in connection with Plaintiff's vague RICO claims, a Federal RICO plaintiff must establish RICO standing, meaning that the "RICO predicate offense not only was a 'but for' cause of [their] injury, but was the proximate cause as well." St. Luke's Health Network, Inc. v. Lancaster Gen. Hosp., 967 F.3d 295, 300 (3d Cir. 2020). Thus, a plaintiff lacks RICO standing where their injury is "derivative" of the injury suffered by a more immediate victim of the defendants' racketeering acts. Gratz v. Ruggiero, 822 F. App'x 78, 82, n.3 (3d Cir. 2020) (citations omitted); see also Lancaster Gen. Hosp., 967 F.3d at 301 ("To demonstrate some direct relation between the injury asserted and the injurious conduct alleged, the [injury] alleged must not be purely contingent on another.") (citations omitted).

Furthermore, Plaintiff lacks standing to bring any claim in connection with the political contribution made by Defendants. Plaintiff labels Defendants as being part of some "enterprise," or a member of the "NJAJ Money Launderers" because of separate legitimate and monitored contribution to Scutari's campaign. Yet the pleadings fail to establish that a private remedy exists, or that this court has jurisdiction. It has been held in many instances that "a federal mail fraud claim is not plausible because

9

there is no private right of action under that statute." See Jones v. TD Bank, 468 F. App'x 93, 94 (3d Cir. 2012).

It has also been held that there is no private cause of action under § 1344, the bank fraud statute. See e.g., Wisdom v. First Midwest Bank, 167 F .3d 402, 408 (8th Cir. 1999). Furthermore, Plaintiff has provided no authority which would allow a private cause of action for money-laundering, or any other criminal/quasi-criminal claims set forth in Plaintiff's FAC.

Finally, as previously stated, the allegedly improper "transactions" made by Defendants were reported to and monitored by the New Jersey Election Law Enforcement Commission ("ELEC"). As such, ELEC has primary jurisdiction over Plaintiff's claims related to these contributions in September of 2021 and October of 2022. See Brennan on behalf of State v. Lonegan, 454 N.J. Super. 613, 620-21 (App. Div. 2018), quoting Nordstrom v. Lyon, 424 N.J. Super. 80, 97 (App. Div. 2012).

Based on the foregoing, it is clear that Plaintiff lacks standing to assert federal and/or civil RICO claims against Defendant for failure to demonstrate a "direct relation between the injury asserted and the injurious conduct alleged." Lancaster Gen. Hosp., 967 F.3d at 301. Plaintiff has not proved or offered any facts to support the position that he suffered an injury in fact. Plaintiff also lacks standing to assert any criminal claims

10

against Defendants as no private cause of action is recognized under the law as set forth above.

## POINT III

### COUNTS TWO (2) THROUGH COUNT SIXTEEN (16) OF PLAINTIFF'S FAC ARE NOT DIRECTED AT THIS DEFENDANT AND MUST BE DISMISSED

Even if this Court were to rule that Plaintiff has standing with his RICO charges, Counts Two (2) through Sixteen (16) of Plaintiff's FAC are directed at other Defendants in this action and reference occurrences in which Defendants were not involved in any way. Of the Sixteen Counts of Plaintiff's FAC, only Count One pertains to Defendants, and Counts 2-16 must be dismissed as they are without merit towards Defendants.

Specifically, these Counts of Plaintiff's FAC relate to the following:

COUNT TWO: This claim references Co-Defendant Christine P. O'Hearn and Robert Menendez. Plaintiff also references contributions to Judges, previous legal filings and "USDC-DNJ Obstructionists" (See FAC ¶¶ 183-231).

COUNT THREE: This is an American with Disability Act claim which references Robert Andrew Kirsch. (See FAC at Paragraphs 232-234)

COUNT FOUR: A "Bivens claim accruing from Madeline Cox-Arleo, Cathe L. Waldor, Christine P. O'Hearn and Renee Marie Bumb." (See FAC ¶¶ 235).

11

COUNT FIVE: A fabrication of evidence claim related to a telephone call between Robert A. Kirsch and Dennis Sandrock (See FAC at Paragraph 236).

COUNT SIX: 42 USC 1983 claim related to an alleged fabrication of evidence and the issuing of official statements by Theodore Romankow. (See FAC ¶¶ 237).

COUNT SEVEN: A claim of intentional infliction of emotional distress directed at Robert Kirsch and Dennis Sandrock. (See FAC ¶¶ 238-240).

COUNT EIGHT: A defamation claim against Robert Kirsch and Dennis Sandrock (See FAC ¶¶ 241-242).

COUNT NINE: A defamation claim against Theodore Romankov in connection with the publishing of THWH (See FAC at Paragraph 243).

COUNT TEN: A First Amendment Claim against FMERA in connection with an August 16, 2023 O.P.R.A. request filed by Plaintiff (See FAC ¶¶ 244-250).

COUNT ELEVEN: A Civil RICO claim against "certain Defendants" referencing the "NJAJ money launderers" (See FAC ¶¶ 251).

COUNT TWELVE: A First Amendment claim in connection with a Complaint previously filed by Plaintiff in Mercer County Superior Court (See FAC ¶¶ 243). COUNT THIRTEEN: A civil RICO claim against "certain defendants" referencing an alleged "pattern of state law bribery" (See FAC ¶¶ 268-277).

COUNT FOURTEEN: A retaliation claim against Christine P. O'Hearn (See FAC ¶¶ 278-284).

COUNT FIFTEEN: A retaliation claim related to a Petition to Preserve Testimony filed Plaintiff (See FAC ¶¶ 285-292).

COUNT SIXTEEN: a Civil RICO claim against "certain defendants" related to an alleged pattern of state law bribery referencing the "NJAJ money launderers" (See FAC ¶¶ 293-299).

Furthermore, Plaintiff's "Catch-all" disclaimer (See FAC at Paragraph 303) is insufficient to establish or even glean any viable causes of action against this Defendant. Accordingly, Counts Two through Sixteen of Plaintiff's FAC are not directed at these Defendants and must be dismissed as a matter of law.

**POINT IV**

**PLAINTIFF'S FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST DEFENDANTS AND MUST BE DISMISSED**

Count One of Plaintiff's FAC fails to even suggest the existence of any plausible claim against these Defendants. Even under the relaxed pleading standard afforded to pro se Plaintiffs, the subject Complaint does not raise sufficient facts to survive a Rule 12(b)(6) motion to dismiss. See Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003), see Fantone v. Latini, 780 F.3d 184, 193 (3d Cir. 2015) (stating that although a pro se complaint is held to less stringent requirements, it must still meet Twombly and Iqbal's plausibility standard).

13

There is no reasonable reading of Plaintiff's amended pleading which would entitle Plaintiff to relief against the Defendants. Pleadings are not satisfied by "an unadorned the-defendant unlawfully-harmed me accusation." <u>Iqbal</u>, 556 U.S. 662, 674 (citing <u>Twombly</u>, 550 U.S. 544, 555). Although a Court reviewing a Rule 12(b)(6) Motion will generally accept all allegations contained in the Complaint as true, pleadings in a Complaint that amount to nothing more than mere conclusions are not entitled to the assumption of truth. Id. at 1950 (citing <u>Twombly</u>, at 556). Therefore, if allegations are merely "conclusory," they are "not entitled to be assumed true." <u>Id</u>. Here, Plaintiff's claims as to the Defendants are unsupported, merely conclusory and must be dismissed.

<b><u>POINT V</u></b>

<b><u>PLAINTIFF'S FIRST AMENDED COMPLAINT VIOLATES NOTICE<br>PLEADING REQUIREMENTS UNDER. R. CIV. P. 8(A)</u></b>

Fed. R. Civ. P. 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Per FRCP 8(d)(1), "[e]ach averment must be 'simple, concise and direct.'" *Okogun v. Trustees of Princeton Univ.*, No. CV2118957(MAS)(JBD), 2023 WL 4408274, at *2 (D.N.J. July 7, 2023), *aff'd*, No.23-2402, 2024 WL 1427585 (3d Cir. Apr. 3,

14

2024) (citations omitted). The Third Circuit recognizes the emphasis placed on clarity and brevity by the federal pleading rules because "[u]necessary prolixity in a pleading place an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from the mass of verbiage." *Id.* (citations omitted).

Rule 8 sets forth general rules of pleading and requires (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) allegations that are "simple, concise, and direct." Rule 8 is an essential pleading requirement that "gives the defendant fair notice of what the...claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. In essence, Rule 8 maintains a "threshold requirement that a complaint must contain a 'plain statement' indicating that the complaint possesses enough heft to 'sho[w] that the pleader is entitled to relief.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

Together, Rules 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules." In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996) (citation omitted). The Third Circuit has also ruled that the "[t]he statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party

15

fair notice of the claim asserted so as to enable him to answer and prepare for trial." Kamdem-Ouaffo v. Huczko, 810 F. App'x 82, 84 (3d Cir. 2020) (quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)).

The "statement should be short because '[u]nnecessary prolixity in a pleading place an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" Id. (quoting Salahuddin, 861 F.2d at 42). Additionally, length of the complaint alone is not enough to justify dismissal, but rather the lack of clarity may deem a verbose complaint unacceptable. See Parker v. Learn the Skills Corp., No. 3-6936, 2004 U.S. Dist. LEXIS 21499, 2004 WL 2384993, at *2 (E.D. Pa. Oct. 25, 2004) (citing In re Westinghouse Sec. Litig, 90 F.3d at 703).

Here, Plaintiff's FAC falls short of the Fed. R. Civ. P. 8 pleading standard. Plaintiff's FAC includes sixteen (16) causes of action, making up 327 paragraphs over the course of the 132-page complaint. Plaintiff also attaches a 447-page appendix, the relevance of which is unclear. Id. While length alone is not enough to justify dismissal, Plaintiff attempts to provide factual basis for his singular Count against Defendants by asserting long, rambling paragraphs and appending a voluminous appendix of dubious relevance.

Count One spans approximately thirty-nine (39) pages (id. ¶¶ 92-182) and alleges bizarre scheme involving the NJAJ, a nonprofit group, that, if discerned correctly, eventually leads to Netflix' purchase of Fort Monmouth and the production of THWH. Id., ¶¶ 92-182.

Plaintiff's confounding pleadings place a heavy burden on the Court and the Defendants to find relevant facts from the otherwise dense and prolix complaint. See Kamdem-Ouaffo, 810 F. App'x at 84. Further, Plaintiff's method of trying to support each cause of action by references to dozens of paragraphs containing further references to other paragraphs and/or documents makes it virtually impossible for the Defendants and the Court to gather what factual allegations support each cause of action.

Overall, Plaintiff's Amended Complaint fails to put the Defendants on notice of his claims, forcing parties and the Court to sift hundreds of pages – to say nothing of a vast appendix – to determine what Plaintiff is alleging. As such, the Court should dismiss Plaintiff's Complaint for failure to comply with Fed. R. Civ. P. 8.

## POINT VI

### PLAINTIFF'S RICO CLAIMS AGAINST DEFENDANTS ARE UNSUPPORTED AND UNSUBSTANTIATED AND THEREFORE, COUNT ONE OF PLAINTIFF'S FAC MUST BE DISMISSED AS TO DEFENDANTS

Plaintiff's FAC describes Defendants as being connected with "RICO Enterprise No. 16", which states:

> RICO Enterprise No. 16: The Election Fund of Craig J Coughlin is a RICO Enterprise, organized and maintained by and through a consensual hierarchy of managing members, lawyers, attorneys, partners, managers, directors, officers, supervisors, and/or representatives that formulate and implement policies relative to the provision of legal services; including but not restricted to arranging fraudulent offers and acquisition of public land, concealing assets, and structuring transactions to avoid reporting requirements of state and federal law; and such services are offered both interstate and internationally. Plaintiff alleges that Craig J Coughlin, David Minchello, Louis N Rainone, and persons acting in concert therewith, are employed by and associated with said RICO enterprise that is engaged in, or activities which affect, interstate or foreign commerce, and that said RICO persons, and persons acting in concert therewith, conduct or participate, directly or indirectly, in the conduct of said RICO enterprise's affairs through a RICO pattern of activity. (emphasis added(See FAC at Page 43, Paragraph 16).

Plaintiffs' claims of Defendants being involved with a "RICO Enterprise" is unsupported and Plaintiff has offered absolutely no specific facts to support this claim. Although Plaintiff does not set forth a specific RICO violation for which Defendants were allegedly involved, Plaintiffs' claims set forth a vague claim of RICO Conspiracy. As such, the foregoing makes it clear that Plaintiff is unable to maintain or allege RICO Conspiracy under

359522v1

N.J.S.A. 2C:41-2(d) or the Federal RICO standard against Defendants.

The New Jersey RICO statute mirrors the Federal RICO statute. Cetel v. Cmmw. Life Ins. Co., 460 F.3d 494, 510 (3d Cir. 2006) ("[T]he New Jersey Supreme Court believe[s] the New Jersey RICO statute was and should be consistent with the federal RICO statute."). To plead a Federal RICO claim under Section 1962(c), a plaintiff must allege: (1) a pattern of racketeering activity, (2) through the conduct of a RICO enterprise. RJR Nabisco, Inc. v. Eur. Cmty., 136 S. Ct. 2090, 2111, n.1 (2016). As such, to plead a RICO conspiracy, a plaintiff need only allege that a defendant "knowingly agreed to facilitate a scheme which includes the operation or management of a RICO enterprise." See Smith v. Berg, 247 F.3d 532, 538 (3d Cir. 2001). In State v. Ball, 268 N.J.Super. 72 (1993) the Court eloquently set forth the elements required in order to assert a claim under N.J.S.A. 2C:41-2(d). To this point, the Court in Ball stated as follows:

> In order to prove a conspiracy to violate RICO under N.J.S.A. 2C:41-2d, the State must present evidence that defendant agreed to participate directly or indirectly in the conduct of the affairs of the enterprise by agreeing to commit, or to aid other members of the conspiracy to commit, at least two racketeering acts (N.J.S.A. 2C:41-1a(1) and (2); N.J.S.A. 2C:41-1d(1)); and that he or she acted knowingly and purposely with knowledge of the unlawful objective of the conspiracy and with the intent to further its unlawful objective. Cf. United States v. Riccobene, 709 F.2d 214, 224-25 (3d Cir. 1983) Id. at 99-100.

19

The Court in Ball went on to hold that in order to claim that a Defendant is part of an "enterprise" under RICO, it must be demonstrated that said "enterprise" is "a group of people, however loosely associated, whose existence provides the common purpose of committing two or more predicate acts." Id. at 107.

In the civil context, the Appellate Division provided guidance on a claim of RICO conspiracy in the unpublished opinion of Ottilio v. Valley National Bancorp, WL 1496188 (2019). In Ottilio, the facts as to Plaintiff's insufficient pleadings were summarized by the Court as follows:

> The complaint alleged that defendants engaged in a corrupt scheme to defraud plaintiffs and obtain their properties in violation of the federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968, and New Jersey's RICO statute, N.J.S.A. 2C:41-1 to -6.2. The complaint also pled causes of action for common law fraud, violations of the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -210, personal liability based on fraud, tortious interference with prospective business relationships and existing contracts, slander of title, and intentional infliction of emotional distress. Genova and the Valley Defendants moved to dismiss the complaint. Id. at 1.

The district court judge granted those motions, concluding that plaintiffs failed to plead their federal RICO claims with sufficient particularity. The judge noted the complaint failed to allege predicate acts of racketeering because it "fail[ed] to specify which defendant made an alleged misrepresentation and for what purpose, when the misrepresentation was made, or how the

misrepresentations ... deprived [plaintiffs] of their property." The judge further concluded that the complaint "failed to properly allege a pattern of racketeering activity," because it alleged a "violation arising out of a single scheme directed only at [p]laintiffs." Id. at 1.

In Ottilio, quoting State v. Ball, 268 N.J.Super. 72 (1993), the Court once again set forth the standard for establishing a cause of action for RICO conspiracy under N.J.S.A. 2C:41-2(d). To this point, the Court stated:

> Under our statute, "[a] 'pattern of racketeering activity' requires '[e]ngaging in at least two incidents of racketeering conduct' that 'embrace criminal conduct' and are interrelated." Mayo, Lynch & Assocs., Inc. v. Pollack, 351 N.J. Super. 486, 495 (App. Div. 2002) (second alteration in original) (quoting N.J.S.A. 2C:41-1(d)).

> To establish a RICO conspiracy, a plaintiff must show that (1) "a defendant agreed to participate directly or indirectly in the conduct of the affairs of the enterprise by agreeing to commit, or to aid other members of the conspiracy to commit, at least two racketeering acts[,]" and (2) the defendant "acted knowingly and purposely with knowledge of the unlawful objective of the conspiracy and with the intent to further its unlawful objective." Ball, 141 N.J. at 180 (quoting Ball I, 268 N.J. Super. at 99-100). Id. at 5.

The Court went on to uphold the dismissal of the RICO claims and eloquently stated that:

> The amended complaint alleges in conclusory terms "defendants acted in concert ...." Although there are some factual allegations regarding Ghabrial's activities, the amended complaint does not allege sufficient facts establishing an "enterprise" as defined in Ball. As to the RICO conspiracy count, the allegations

21

359522v1

are insufficient to prove both that defendants "acted knowingly and purposely" in the affairs of the enterprise and that they participated in the affair "with knowledge of the unlawful objective of the conspiracy." Ball, 141 N.J. at 180. In short, the RICO claims were properly dismissed, not only because of the disposition of plaintiffs' federal complaint, but also because of the inadequacy of the pleading. Id.

In the present matter, Plaintiff is unable to state any facts against Defendants that they have committed any recognized racketeering activity. The Complaint merely alleges the Defendants individually made single political contributions in September of 2021, and October of 2022. The making of a political contribution, however, is not a predicate act of racketeering. To the contrary, "contributing to political candidates … falls[s] within the First Amendment's protection of speech and political association." Fed. Election Comm'n v. Colorado Republican Fed. Campaign Comm., 533 U.S. 431, 440 (2001) (citation omitted). Similarly, the Defendants' mere membership in NJAJ is not a predicate act of racketeering merely because Plaintiff labels the NJAJ as "NJAJ Money Launderers"-but rather a freedom of association guaranteed by the Constitution. Roberts v. U.S. Jaycees, 468 U.S. 609, 618 (1984).

Here, Plaintiffs' FAC is barren of any specific allegation or fact which can even be liberally construed as alleged wrongdoing by Defendants. Plaintiff has failed to plead with specificity any facts which would allow the Court to conclude that Defendants were

22

engaged in a RICO conspiracy. Finally, Plaintiff has failed to present any facts to even infer that the Defendants are aware of any alleged "enterprise" or that they "knowingly agreed" to participate. As Plaintiff has failed to present any facts which could allow a fact finder to determine that Defendants "acted knowingly and purposely with knowledge of the unlawful objective of" any conspiracy, Count One of Plaintiffs' FAC as to Defendants must be dismissed as a matter of law.

### POINT VII

### PLAINTIFF'S FAC FAILS TO COMPLY WITH RULE 8(A) BY IMPROPERLY GROUPING DEFENDANTS AND MUST BE DISMISSED AS A MATTER OF LAW

Plaintiffs FAC provides only conclusory allegations against the eighty-one (81) named Defendants as a group which is improper. See Aruanno v. Main, 467 F. App'x 134, 137-38 (3d Cir.2012) (holding that dismissal of § 1983 action was appropriate where Defendants were collectively sued as "[government] personnel" and failed to allege the personal involvement of the individual Defendants). Throughout Plaintiff's entire FAC, Plaintiff groups all Defendants together and states that they are all involved in "bid rigging," "money laundering" and other activities. Plaintiff's FAC fails however to provide any facts, beyond mere conjecture, as to the specific Defendants in this action.

This grouping of Defendants is commonly referred to as "shotgun pleading." The Court in Bartol v. Barrowclough, 251

23

F.Supp.3d 855 (2017) clearly stated as to this procedural misstep as follows:

> The Third Circuit has criticized "the all-too-common shotgun pleading approach" to complaints. Hynson v. City of Chester Legal Dep't, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988); see also Wright v. City of Phila., No. 01-6160, 2005 WL 3091883, at *11 (E.D. Pa. Nov. 17, 2005) (citing Hynson for the proposition that "[t]he Third Circuit ... has a policy against Plaintiffs using a shotgun pleading approach' ... and requires civil rights cases [to] be plead[ed] with considerable specificity."). It has explained that requiring a plaintiff to plead facts with specificity "ha[s] a twofold purpose: 1) to weed out at an early-stage frivolous claims and those that should be heard in state court, and 2) to provide the defendant with sufficient notice of the claims asserted." Hynson, 864 F.2d at 1031 n.13. Id. at 859.

Here, Plaintiff's FAC fails to provide Defendants with any notice, let alone sufficient notice, of the claims asserted. Plaintiff's FAC fails to comply with the Rules of Court and is an abuse of the system as a whole. Accordingly, Plaintiff's FAC must be dismissed with prejudice as to Defendants.

### POINT VIII

### PLAINTIFF'S FAC FAILS TO PLEAD ANY CLAIMS OF CONSPIRACY AND/OR FRAUD AGAINST DEFENDANTS WITH SPECIFICITY AND THEREFORE, SAID CLAIMS MUST BE DISMISSED

As the Court is aware, a Plaintiff is required to plead claims of fraud and/or conspiracy to commit fraud with specificity under Fed.R.Civ.P. 9(b) which reads in relevant part as follows:

> (b) Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity

24

the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

This standard requires that the plaintiff inject some precision or measure of substantiation into the fraud allegation. Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir.2007). As a review of Plaintiffs' FAC confirms, there are no allegations or facts related to Defendants whatsoever which would amount to specific claims of fraud. For this reason alone, Plaintiffs' FAC against the Defendants must be dismissed. In addition, Plaintiff has failed to set forth any facts or allegations which would support a claim of conspiracy to commit fraud or RICO conspiracy against this unrelated Defendant.

The Court in John Wiley & Sons, Inc. v. Rivadeneyra, 179 F.Supp.3d 407 (2016) sternly set forth the pleading requirements for a cause of action for conspiracy to commit fraud and the heightened standard used for evaluating such claims. To this point, the Court in John Wiley & Sons, Inc. stated as follows:

> For allegations sounding in fraud, Rule 9(b) imposes a heightened pleading standard: namely, "a party must state with particularity the circumstances constituting fraud or mistake," but "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The circumstances of the fraud must be stated with sufficient particularity to put a defendant on notice of the "precise misconduct with which [it is] charged." Lum v. Bank of Am., 361 F.3d 217, 224 (3d Cir.2004). "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or

25

otherwise inject precision or some measure of substantiation into a fraud allegation." <u>Frederico v. Home Depot</u>, 507 F.3d 188, 200 (3d Cir.2007). <u>Id</u>. at 411.

The Court went on to specifically address claims of conspiracy to commit fraud and held that:

> Like a fraud claim, a claim for conspiracy to defraud must be pled with specificity under Rule 9(b). <u>Kronfeld v. First Jersey Nat'l Bank</u>, 638 F.Supp. 1454, 1468 (D.N.J.1986) ("In actions alleging a conspiracy to defraud, the particularity requirements of Rule 9(b) must be met."). Under New Jersey law, a civil conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, a principal element of which is to inflict a wrong against or injury upon another, and an overt act that results in damage." <u>Banco Popular N. Am. v. Gandi</u>, 184 N.J. 161, 177, 876 A.2d 253 (2005). The necessary elements of a civil conspiracy are: (1) a combination of two or more persons; (2) a real agreement or confederation with a common design; (3) the existence of an unlawful purpose, or a lawful purpose to be achieved by unlawful means; and (4) special damages. <u>Morganroth & Morganroth v. Norris</u>, McLaughlin & Marcus, P.C., 331 F.3d 406, 414 (3d Cir.2003). (emphasis added) <u>Id.</u> at 411-412.

Here, Plaintiff has fallen drastically short in pleading a claim of fraud and/or conspiracy to commit fraud against Defendants.

Firstly, there are absolutely no facts set forth within the four (4) corners of Plaintiffs' FAC to even suggest that the Defendants were acting with one another, or any other defendants to carry out an alleged "bid-rigging scheme" or any other illegal activity. Furthermore, Plaintiff has failed to present any facts whatsoever, let alone specific facts, to suggest that the

26

Defendants and any Co-Defendants had a "real agreement or confederation with a common design" to carry out Defendants' alleged "scheme." As Plaintiff has failed to state a claim for conspiracy to commit fraud against Defendants, said claim must be dismissed as a matter of law.

## POINT IX

### PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND THE SUBJECT COMPLAINT BECAUSE AMENDMENT WOULD BE FUTILE

Generally, a Plaintiff should be given an opportunity to amend his complaint before the District Court dismisses it with prejudice. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002). But the Court need not give the plaintiff that opportunity if amendment would be futile. Id.

If Plaintiff is afforded the opportunity to amend the Complaint, he will undoubtably continue to make unsupported claims against the Defendants in this action including, Louis N. Rainone, Craig J. Coughlin, and Dave L. Minchello. Furthermore, as Plaintiff amended his original complaint to include Defendants and other parties, further amendments would simply create additional and convoluted claims for relief. As Plaintiff has failed to set forth a claim for which relief can be granted and because allowing the Plaintiff to amend his Complaint would be futile, Plaintiff's FAC must be dismissed with prejudice.

27

## CONCLUSION

Based on the foregoing, it is respectfully requested that Plaintiff's FAC be dismissed with prejudice as to Defendant in accordance with Fed. R. Civ. P. 12(b)(6) and in the interests of justice.

Respectfully submitted,
**RAINONE, COUGHLIN & MINCHELLO**
*Attorneys for Defendants, Louis N. Rainone, Craig J. Coughlin, and David L. Minchello*

By: _____
Scott A. Aitken Jr., Esq.

Dated: October 2, 2024

359522v1

Scott A. Aitken Jr., Esq. (#447252023)
**RAINONE COUGHLIN MINCHELLO, LLC**
555 U.S. Highway 1 South
Suite 440
Iselin, NJ 08830
Tel: (973) 866-6284
Fax: (732) 791-1555
*Attorneys for Defendants, Louis N. Rainone,*
*Craig J. Coughlin, and David L. Minchello*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Caleb L. McGillvary, | Civil Action No: |
| Plaintiff, | 1:23-cv-22605-JMY |
| vs. | |
| Nicholas Scutari, et al. | **CERTIFICATE OF SERVICE** |
| Defendants. | |

I, **JENNY JACOB,** being of full age and duly sworn upon my oath,
deposes and says:

On October 2, 2024, I caused a copy to be delivered via CM/ECF
to the Clerk of the United States District Court, District of New
Jersey the following documents:

1) Notice of Motion to Dismiss Plaintiff's First Amended
   Complaint for Failure to State a Claim;
2) Brief and Statement of Facts in support of Motion to Dismiss
   Plaintiff's First Amended Complaint for Failure to State a
   Claim;
3) Proposed Form of Order; and
4) Certification of Service.

In addition, I caused a copy of the above documents to be
delivered via ECF and FedEx to the following:

359526v1

Honorable John Milton Younge, U.S.D.J.
United States District Court
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

In addition, I caused a copy of the above documents to be delivered via Certified Mail to the following:

Caleb L. McGillvary
1222665/SBI102317G
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

I certify that the foregoing statements made by me are true, I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By:   _/s/ Jenny Jacob_
          Jenny Jacob

Dated: October 2, 2024

359526v1

SCOTT A. AITKEN JR., ESQ. – (#447252023)
**RAINONE COUGHLIN MINCHELLO, LLC**
555 U.S. Route 1, South
Suite 440
Iselin, NJ 08830
Tel: (732) 709-4182
Fax: (732) 791-1555
*Attorneys For Defendants, Louis N. Rainone,*
*Craig J. Coughlin, and David L. Minchello*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Caleb L. McGillvary, | |
| Plaintiff, | Civil Action No: |
| | 1:23-cv-22605-JMY |
| vs. | |
| | **ORDER** |
| Nicholas Scutari, et al. | |
| Defendants. | |

**THIS MATTER** comes before the Court on the motion of Rainone Coughlin Minchello, LLC, attorneys for Defendants, Louis N. Rainone, Craig J. Coughlin, and David L. Minchello, for an Order granting Defendants' Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim ; and, the Court having considered all papers submitted, and good cause appearing;

**IT IS** on this _____ day of _____, 2024,

**ORDERED** that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's First Amended Complaint is hereby **DISMISSED** in its entirety with prejudice as

359520v1

to Defendants, Louis N. Rainone, Craig J. Coughlin, and David L. Minchello;

    **IT IS FURTHER ORDERED** that a copy of this Order shall be served upon all counsel of record upon the Court's upload to ECF.

    **IT IS SO ORDERED.**

_____
Honorable John Milton Younge, U.S.D.J.


____ Opposed

____ Unopposed

359520v1