

**State of New Jersey**
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX 112
TRENTON, NJ 08625-0112

PHILIP D. MURPHY
*Governor*

TAHESHA L. WAY
*Lt. Governor*

MATTHEW J. PLATKIN
*Attorney General*

MICHAEL T.G. LONG
*Director*

October 11, 2024

<u>VIA CM/ECF</u>
The Hon. John Milton Younge, U.S.D.J.
15613 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

      Re:    McGillvary v. Scutari, et al.
             Docket No. 1:23-cv-22605-JMY

<u>Response to Plaintiff's Letter Dated September 13, 2024</u>

Dear Judge Younge:

      Please be advised that my Office represents Defendants, Governor Philip D. Murphy, the Office of the New Jersey Governor, the New Jersey Legislature, Karen Cassidy, Robert Kirsch, Theodore Romankow, Nicholas Scutari and Linda D. Stender (collectively "State Defendants") in the above-reference matter. My office is in receipt of Plaintiff Caleb McGillvary's ("Plaintiff") letter dated September 13, 2024 (ECF 250). In the letter, Plaintiff asks the Court to enter an "emergency ex parte order" requiring the New Jersey Department of Corrections ("DOC") to provide paper to the prison law library. Please accept this letter in response to Plaintiff's letter and the Court's September 27, 2024 Order (ECF 253).

      Counsel promptly followed up with the DOC, which is not a party to this litigation, regarding Plaintiff's allegations. DOC indicates that the New Jersey State Prison's Education Department ("Education Department") was short on paper from September 9 through September 19, 2024 due to a vendor supply issue. The vendor delivered a pallet of paper on or about September 19, 2024. In an effort to mitigate the paper shortage prior to the pallet delivery, the Education Department rationed paper. The Education Department was never out of paper. We are advised that Plaintiff attempted to make 1,700 copies, which was not possible until the pallet was delivered because of the quantity of the copies. Since the vendor delivered the pallet, we consider this issue fully resolved.

      As per the Court's order, the DOC has only addressed the issue of paper access and did not address Plaintiff's allegations of discrimination and misconduct by John Burns and/or David Williams. Plaintiff should utilize the inmate grievance process if he believes that DOC employees are engaging in



misconduct. *See* N.J. Admin. Code § 10A:1-4.1, et seq.  However, upon information and belief, the DOC has not received any discrimination complaints from incarcerated persons regarding these individuals.

    Please let me know if there is anything further I can provide.

                      Respectfully,

                        MATTHEW J. PLATKIN
                        ATTORNEY GENERAL OF NEW JERSEY

By:    /s/David J. Coppola
        David J. Coppola
        Deputy Attorney General


cc:    Plaintiff (via mail)
        All Counsel of Record (via CM/ECF)