RECEIVED
OCT 28 2024
AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Caleb L. McGillvary <br>    PLAINTIFF <br><br> v. <br><br> Nicholas Scutari et al <br>    DEFENDANT | ) <br> ) CIVIL ACTION NO. <br> ) 1:23-cv-26605-JMY <br> ) Hon. John Milton Younge, USDJ <br> ) <br> ) Motion Date: <br> ) To be decided by the Court <br> ) <br> ) |

**BRIEF IN OPPOSITION TO ROBERT ELLENPORT'S MOTION TO DISMISS**

# TABLE OF CONTENTS

Table of Authorities ...iv

Introduction ...1

Statement of Facts and Procedural History ...1

STANDARD OF REVIEW ...3

    A. PLAINTIFF IS PRO SE ...3

    B. FED. R. CIV. P. 8 ...3

    C. MOTION TO DISMISS UNDER RULE 12 ...3

LEGAL ARGUMENT ...3

POINT I: THE PAGE COUNT OF EACH CLAIM IS REASONABLY SHORT, WHEN CONSIDERED AS THOUGH THE CLAIM WERE ITS OWN COMPLAINT; AND PRO SE PLAINTIFF REQUIRES LIBERAL CONSTRUCTION OF A COMPLEX PLEADING REQUIREMENT ...3

POINT II: RULE 12 IS SATISFIED BY ALLEGING DATES, TIMES, IDENTITIES, AND NATURE OF THE ACTS; AND STATE OF MIND, INCLUDING AGREEMENTS AND INTENTIONS, MAY BE ALLEGED GENERALLY EVEN UNDER RULE 9(b) ...3

POINT III: THIS COURT'S FINDINGS ON PLAINTIFF'S MOTION TO CONSOLIDATE PRECLUDE STATE DEFENDANTS' ATTEMPTED INVOCATION OF EITHER HECK-BAR OR THE ROOKER-FELDMAN DOCTRINE ...3

POINT IV: PLAINTIFF HAS STATED VALID 1962(a), 1962(c), and 1962(d) RICO CLAIMS AGAINST DEFENDANTS UNDER ALTERNATE THEORIES INCLUDING AIDING AN ABETTING, COCONSPIRATOR LIABILITY, AND RESPONDEAT SUPERIOR ...4

POINT V: PLAINTIFF HAS ALLEGED THAT DEFENDANTS CONSPIRED TO DEPRIVE HIM OF HIS CONSTITUTIONAL RIGHTS ...4

POINT VI: THIS COURT'S FINDINGS ON PLAINTIFF'S MOTION FOR AD INTERIM RELIEF ARE PRELIMINARY BY NATURE, AND NOT BINDING FOR PURPOSES OF A RULE 12(b) MOTION ...4

POINT VII: DEFENDANT TRIES TO IMPOSE A SPECIFIC PLEADING REQUIREMENT ON STATE OF MIND, WHICH RULE 9(b) PERMITS TO BE PLEADED GENERALLY ...4

Case 1:23-cv-22605-JMY   Document 276   Filed 10/28/24   Page 3 of 9 PageID: 4695

**POINT VIII: EVEN IF THE FAC IS RATHER LONG AND CONTAINS SOME SURPLUSAGE, THIS IS A COMPLEX CASE REQUIRING PARTICULARIZED PLEADING, PLAINTIFF IS PRO SE, AND THE FAC SHOULD BE LIBERALLY CONSTRUED DESPITE ITS LENGTH**
...5

**POINT IX: PLAINTIFF HAS PLEADED FACTS SHOWING AN OBSTRUCTION OF JUSTICE CAUSING HIM EXPENSES, WHICH IS REDRESSABLE UNDER RICO, EVEN IF HE HAS NOT SPECIFICALLY PLEADED THE LEGAL THEORY OR STATUTE OF OBSTRUCTION, 18 U.S.C. 1503, A PREDICATE ACT UNDER 18 U.S.C. 1961(d)**
...5

**CONCLUSION**
...5

# TABLE OF AUTHORITIES

**CASELAW**

Erickson v Pardus 551 U.S. 89 (2007) ...3

LabMD Inc. v. Boback, 2022 U.S. App. LEXIS 24413 (CA3 2022) ...3

**STATUTES**

42 U.S.C. 1985 ...2

18 U.S.C. 1503 ...5

18 U.S.C. 1961(d) ...5

18 U.S.C. 1962(a) ...4

18 U.S.C. 1962(c) ...4

18 U.S.C. 1962(d) ...4

**COURT RULES**

Fed. R. Civ. P. 8 ...3

Fed. R. Civ. P. 8(a) ...1, 3

Fed. R. Civ. P. 9(b) ...3, 4

Fed. R. Civ. P. 12 ...3

Fed. R. Civ. P. 12(b) ...1, 4

Fed. R. Civ. P. 12(e) ...1

Fed. R. Civ. P. 12(h)(1) ...2

Plaintiff Caleb L. McGillvary ("Plaintiff") hereby opposes Defendant Robert Ellenport (Defendant)'s Motion to Dismiss, and advances the following in support of his opposition:

## INTRODUCTION

If Plaintiff had pleaded "Defendant conspired with public officials to extort under color of official right; defraud the public of honest services, and commit bribery"; Defendant would accuse him of making conclusory statements. Instead, Plaintiff pleads the circumstances and facts of such a RICO conspiracy with particularity not required under Rule 8(a); and Defendant relies on obfuscation instead of perspicacity. Rather than an order under Rule 12(e), the Court should admonish Defendant to read the pleadings carefully prior to filing motions. It is axiomatic that Plaintiff need only be injured by one predicate act in a pleaded pattern of racketeering activity, for Pinkerton liability to accrue to a coconspirator. This Court is respectfully urged to reject Defendant' prohibited misconstruction of Plaintiff's complaint and RICO Case Statement, and instead adopt the construction set forth herein as the "liberal construction afforded to pro se litigants" required by the Supreme Court and the Third Circuit.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On May 28, 2024, pursuant to the Prison Mailbox Rule, Plaintiff filed his First Amended Complaint (FAC), and incorporated RICO Case Statement (RCS), once as a matter of course, both of which he adopts by reference under Rule 10(c) and incorporates fully herein. See ECF 84, 84.3.

On September 18, 2024, Defendant filed his motion to dismiss the FAC under Rule 12(b). In his memorandum, Defendant claims that the First Amendment protects transactions were structured to avoid state law reporting requirements, in violation of the RICO predicate act of money laundering. Plaintiff has indicated the date for each transaction, the identity of who made it, and

1

sufficient particularity to put Defendant on notice of the claim against him; ECF 84, 104-107, 119-127. Defendant claims that Plaintiff has not alleged fraud with specificity, but completely ignores the particular allegations of the scheme to defraud the public of the honest services of public employees alleged with particularity in the FAC. Id. at 92-102, 108-118. The scheme is a conspiracy per se: of which the location, date, identity of participants, and tenor of the agreement are alleged with particularity. Id. at 99-102, 108-118. Defendant's transactions and services performed as part of a quid pro quo, involving benefit as consideration for the performance of official acts, were overt acts in furtherance of it; Id. at 98 (On 10/04/06 Ellenport made a transaction of $500, and on 10/17/18 Ellenport made a transaction of $200); Id. at 99 (Pursuant to the quid pro quo agreement, Ellenport performed the interview in the Hatchet Wielding Hitchhiker documentary); which makes him liable under the Pinkerton Doctrine for the acts of his coconspirators. See ECF 84.3, Pages 324-355. It is of note that Defendant does not make any argument against Plaintiff's allegations that Defendant conspired to deprive him of his constitutional rights, and so such arguments are waived pursuant to Fed. R. Civ. P. 12(h)(1); See ECF 99-102 (Describing conspiracy to subvert challenges to Fort Monmouth real estate deal through deprivation of constitutional rights to petition, access the court, due process, and retaliation therefor); See also 42 U.S.C. 1985.

2

## STANDARD OF REVIEW

### A. PLAINTIFF IS PRO SE

All documents filed by a pro se litigant are entitled to liberal construction. Erickson v Pardus 551 U.S. 89 (2007)

### B. FED. R. CIV. P. 8

With the exception of pleading fraud under Rule 9(b); a party is only required to give notice of the facts constituting a claim, not to plead every nuance of the legal theories applicable to the claim. Fed. R. Civ. P. 8(a).

### C. MOTION TO DISMISS UNDER RULE 12

"[A] RICO case statement [is] a document required by local rules to be filed as a supplement to a RICO complaint. It may be considered as part of the pleadings on a motion to dismiss." LabMD Inc. v. Boback, 2022 U.S. App. LEXIS 24413 at *23 n.12 (CA3 2022).

## LEGAL ARGUMENT

### POINT I: THE PAGE COUNT OF EACH CLAIM IS REASONABLY SHORT, WHEN CONSIDERED AS THOUGH THE CLAIM WERE ITS OWN COMPLAINT; AND PRO SE PLAINTIFF REQUIRES LIBERAL CONSTRUCTION OF A COMPLEX PLEADING REQUIREMENT

Plaintiff incorporates by reference the legal argument set forth in POINT I of the State BIO, and sets forth same herein as applied to Robert Ellenport.

### POINT II: RULE 12 IS SATISFIED BY ALLEGING DATES, TIMES, IDENTITIES, AND NATURE OF THE ACTS; AND STATE OF MIND, INCLUDING AGREEMENTS AND INTENTIONS, MAY BE ALLEGED GENERALLY EVEN UNDER RULE 9(b)

Plaintiff incorporates by reference the legal argument set forth in POINT II of the State BIO, and sets forth same herein as applied to Robert Ellenport.

### POINT III: THIS COURT'S FINDINGS ON PLAINTIFF'S MOTION TO CONSOLIDATE PRECLUDE STATE DEFENDANTS' ATTEMPTED INVOCATION OF EITHER HECK-BAR OR THE ROOKER-FELDMAN DOCTRINE

Plaintiff incorporates by reference the legal argument set forth in POINT III of the State BIO, and sets forth same herein as applied to Robert Ellenport.

<u>POINT IV: PLAINTIFF HAS STATED VALID 1962(a), 1962(c), and 1962(d) RICO CLAIMS AGAINST DEFENDANTS UNDER ALTERNATE THEORIES INCLUDING AIDING AN ABETTING, COCONSPIRATOR LIABILITY, AND RESPONDEAT SUPERIOR</u>

Plaintiff incorporates by reference the Statement of Facts and POINT III from ECF 195; the Statement of Facts and POINT III from ECF 196; the Statement of Facts and POINT V from ECF 197; the Statement of Facts and POINT III from ECF 198; the Statement of Facts and POINT III from ECF 199; the Statement of Facts and POINT III from ECF 200; the Statement of Facts and POINT III from ECF 201; the Statement of Facts and POINT III from ECF 202; the Statement of Facts and POINT III from ECF 203; the Statement of Facts and POINT III from ECF 204; the Statement of Facts and POINT III from ECF 205; and the Statement of Facts and Point V from his State BIO; and the Statement of Facts and Point V from his Brief in opposition to FMERA Defendants' motion to dismiss; and sets forth same herein as applied to Robert Ellenport.

<u>POINT V: PLAINTIFF HAS ALLEGED THAT DEFENDANTS CONSPIRED TO DEPRIVE HIM OF HIS CONSTITUTIONAL RIGHTS</u>

Plaintiff incorporates by reference the legal argument set forth in POINT VII of the State BIO, and sets forth same herein as applied to Robert Ellenport.

<u>POINT VI: THIS COURT'S FINDINGS ON PLAINTIFF'S MOTION FOR AD INTERIM RELIEF ARE PRELIMINARY BY NATURE, AND NOT BINDING FOR PURPOSES OF A RULE 12(b) MOTION</u>

Plaintiff incorporates by reference the legal argument set forth in POINT VIII of the State BIO, and sets forth same herein as applied to Robert Ellenport.

<u>POINT VII: DEFENDANT TRIES TO IMPOSE A SPECIFIC PLEADING REQUIREMENT ON STATE OF MIND, WHICH RULE 9(b) PERMITS TO BE PLEADED GENERALLY</u>

Plaintiff incorporates by reference the legal argument set forth in POINT IX of the State BIO, and sets forth same herein as applied to Robert Ellenport.

**POINT VIII: EVEN IF THE FAC IS RATHER LONG AND CONTAINS SOME SURPLUSAGE, THIS IS A COMPLEX CASE REQUIRING PARTICULARIZED PLEADING, PLAINTIFF IS PRO SE, AND THE FAC SHOULD BE LIBERALLY CONSTRUED DESPITE ITS LENGTH**

Plaintiff incorporates by reference the legal argument set forth in POINT X of the State BIO, and sets forth same herein as applied to Robert Ellenport.

**POINT IX: PLAINTIFF HAS PLEADED FACTS SHOWING AN OBSTRUCTION OF JUSTICE CAUSING HIM EXPENSES, WHICH IS REDRESSABLE UNDER RICO, EVEN IF HE HAS NOT SPECIFICALLY PLEADED THE LEGAL THEORY OR STATUTE OF OBSTRUCTION, 18 U.S.C. 1503, A PREDICATE ACT UNDER 18 U.S.C. 1961(d)**

Plaintiff incorporates by reference the legal argument set forth in POINT XI of the State BIO, and sets forth same herein as applied to Robert Ellenport.

## CONCLUSION

The Defendant's motion to dismiss fails to rebut Plaintiff's meritorious claims. For all these reasons, Plaintiff respectfully urges the Court to deny Defendants' motion. In the alternative, should be granted leave to amend his FAC if the Court so orders.

Respectfully Submitted,

Date:

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861

5