

**State of New Jersey**
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX 112
TRENTON, NJ 08625-0112

PHILIP D. MURPHY
*Governor*

TAHESHA L. WAY
*Lt. Governor*

MATTHEW J. PLATKIN
*Attorney General*

MICHAEL T.G. LONG
*Director*

October 30, 2024

<u>VIA CM/ECF</u>
The Hon. John Milton Younge, U.S.D.J.
15613 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

      Re:    McGillvary v. Scutari, et al.
            Docket No. 1:23-cv-22605-JMY

<u>Response to Plaintiff's Ex Parte Motion for Emergency Relief</u>

Dear Judge Younge:

      Please be advised that my Office represents Defendants, Governor Philip D. Murphy, the Office of the New Jersey Governor, the New Jersey Legislature, Karen Cassidy, Robert Kirsch, Theodore Romankow, Nicholas Scutari and Linda D. Stender (collectively "State Defendants") in the above-reference matter. My office is in receipt of Plaintiff Caleb McGillvary's ("Plaintiff") Ex Parte Motion for Emergency Relief against the New Jersey Department of Corrections ("DOC") regarding his access to the New Jersey State Prison Law Library and printing supplies. (ECF 256). Please accept this letter in response to Plaintiff's Motion and the Court's October 10, 2024 Order (ECF 257).

      This is the second time in the past thirty days that Plaintiff has resorted to seeking ex parte relief against a non-party. DOC respectfully objects to Plaintiff's doing so.

      As to Plaintiff's latest allegations, counsel promptly followed up with the DOC, which, again, is not a party to this litigation. The allegations are generally denied as follows. DOC indicated that Plaintiff has access to copying services, and specifically has extended access hours on the days Plaintiff's housing unit visits the Prison Law Library. As to Plaintiff's suggestion that he has had issues obtaining printing supplies, DOC advises that Plaintiff never brought this issue to DOC's attention. DOC advises that issues obtaining supplies occasionally arise because of stock shortages with word processor suppliers and/or parts suppliers, but DOC is unaware of any such issues occurring now, as Plaintiff alleges. We also note that Plaintiff's Declaration specifically references at ₱2 having a word processor in his cell. Regarding Plaintiff's allegations of paper supply issues, as discussed in the letter submitted on October 11, 2024



(ECF 260), there was previously a paper shortage due to a vendor supply issue. The issue has been resolved.

Additionally, as to Plaintiff's claim that his prison law library time was reduced from five (5) hours per week to four (4) hours per week, DOC indicated that there have been no scheduled reduced times in the prison law library. There are occasionally reductions in access hours due to operational security, but DOC does not believe any such reduction has occurred in the past 30 days

As per the Court's order, the DOC has only addressed the issue of access to paper, printing supplies and the prison law library, and did not address Plaintiff's allegations of retaliation. Plaintiff should utilize the inmate grievance process if he believes that DOC employees are engaging in misconduct. See N.J. Admin. Code § 10A:1-4.1, et seq.

Please let me know if there is anything further I can provide.

        Respectfully,

        MATTHEW J. PLATKIN
        ATTORNEY GENERAL OF NEW JERSEY

By:    /s/David J. Coppola
       David J. Coppola
       Deputy Attorney General

cc:    Plaintiff (via mail)
      All Counsel of Record (via CM/ECF)