

Louis N. Rainone
Craig J. Coughlin*
David L. Minchello
Ronald H. Gordon
Carol A. Berlen
John F. Gillick
Brian P. Trelease*
Claudia Marchese
Matthew R. Tavares*
Sapana Shah*Δ
Michael R. Burns ✦
Christopher D. Zingaro
John P. Harrington
Harlynne A. Lack*

Thomas Schoendorf
Frank J. Dyevoich*
Lonnie J. Hinton, Jr.,
Harlynne A. Lack*
Aaron L. Rainone
Michael M. Wuest*
Scott A. Aitken, Jr.
Allan Zhang

\*  Also admitted in New York
Δ Also admitted in DC
✦Also admitted in Pennsylvania

SAITKEN@NJRCMLAW.COM

November 11, 2024

**VIA ECF**
Hon. John M. Younge, U.S.D.J.
United States District Court
15613 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

> Re: **McGillvary v. Scutari, et al.,**
> **Case No. 1:23-cv-22605-JMY**

Dear Judge Younge:

This office represents Defendants, Louis N. Rainone, Craig J. Coughlin and David L. Minchello (hereinafter "Defendants"), in the above-referenced matter. Please accept this letter brief in lieu of a more formal submission in reply to Plaintiff, Caleb McGillvary's (hereinafter "Plaintiff") Opposition to the Defendants' Motion to Dismiss Plaintiff's First Amended Complaint

555 U.S. Highway One South
Suite 440
Iselin, New Jersey 08830

Tel: (732)709-4182
Fax: (732) 791-1555
www.njrcmlaw.com

364730v1

RAINONE COUGHLIN MINCHELLO
November 11, 2024
Page **2**

(hereinafter "FAC") with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## **PRELIMINARY STATEMENT**

On October 2, 2024, Defendants filed a motion to dismiss Plaintiff's first amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). On October 30, 2024, Plaintiff filed a Brief in Opposition to the Motion, totaling forty (40) pages (See ECF Document No. 274). However, Plaintiff has failed to provide any legal justification for the denial of the Defendants' Motion to Dismiss. Instead, Plaintiff provides only conclusory allegations which cannot survive a motion under Fed. R. Civ. P. 12(b)(6).

Plaintiff's filing is based upon a copyright infringement claim against Netflix. Through this claim, Plaintiff has alleged an unsupported R.I.C.O conspiracy claim against any individual that contributed to the political campaign of Nicolas Scutari for Senate. The allegations made by Plaintiff, which are conclusory and purely speculative, must be dismissed as a matter of law.

Plaintiff's FAC fails to state a claim against these Defendants, and as such, it must be dismissed with prejudice as any amendment would be futile.

364730v1

## **LEGAL ARGUMENTS**

### **POINT ONE**

**PLAINTIFF'S STATUS AS A PRO SE LITIGANT DOES NOT ABSOLVE HIM OF THE REQUIREMENTS OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

Plaintiff continuously asserts that his filings are entitled to a liberal interpretation simply because Plaintiff is appearing pro se. (See **Plaintiff's Opposition Brief** ("Opposition") at Page 2, subsection A). To support this contention, Plaintiff cites to Erickson v. Pardus 551 U.S. 89 (2007).

In Erickson, the plaintiff provided specific facts and pleadings demonstrating that prison officials allegedly withheld medication in connection with his required medical treatment. Id. at 94. Based upon these facts, the Court concluded that Plaintiff had satisfied the pleading requirements allowing the claim to proceed. Id.

Providing guidance on this issue, after addressing the interpretation of pro se filings, the Erickson Court held that, "the case cannot, however, be dismissed on the ground that petitioner's allegations of harm were too conclusory to put these matters in issue." Id. at 94. This single statement clearly distinguishes the standard for what relaxed rules a pro se litigant can enjoy. Unlike the Plaintiff in Erickson, Plaintiff in the instant matter has provided nothing but conclusory and unsupported allegations against these specific Defendants.

364730v1

Plaintiff's Opposition provides no grounds whatsoever to deny the Defendants' Motion to Dismiss. In Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), the Supreme Court clearly stated as follows: "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556, 127 S.Ct. 1955.

The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. at 678. (emphasis added).

As such, a claim must have "facial plausibility" to survive a Rule 12(b)(6) Motion to Dismiss. Balancing this requirement and the liberal interpretation of pro se pleadings, the Court in Fantone v. Latini, 780 F.3d 184, 193 (3d Cir. 2015) clearly stated as follows: the Supreme Court explained in Haines that a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers;" Id. at 520-21, 92 S.Ct. at 596; but, we nonetheless review the pleading to ensure that it has "sufficient factual matter; accepted as true; to state a claim to relief that is plausible on this face." Id. at 193.

As such, despite Plaintiff's pro se status, and the liberal review afforded to these litigants, he is still required to state a claim to relief that is plausible. Here, Plaintiff's FAC is completely devoid of plausibility. Plaintiff's conclusory, vague, and unsupported allegations as to these Defendants do not allow the "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Instead, Plaintiff's Opposition offers no clarification or additional support to Plaintiff's initial outlandish claims. For these reasons alone, the Defendants' Motion must be granted and Plaintiff's FAC dismissed as to Defendants.

**POINT TWO**

**PLAINTIFF'S FAC AND R.I.C.O. CASE STATEMENT FAIL TO STATE A CLAIM AS TO THESE DEFENDANTS.**

In opposition to the Defendants' Motion to Dismiss, Plaintiff continues to insist that the Defendants acted in furtherance of an "enterprise" in violation of R.I.C.O. (See Opposition at pages 1-2). This allegation of course relates to the individual $2,600 political contribution made by the Defendants to the campaign of Nicolas Scutari for Senate in 2021. (See Opposition at Page 2). Simply put, Plaintiff is attempting to allege an unsupported cause of action which is implausible on its face and has failed to set forth any claims with specificity as to the Defendants.

364730v1

Finally, Plaintiff goes on to insist that he has "pleaded the liability of each of these Defendants as a result of this conspiracy in great detail in his RICO Case Statement." (See Opposition at Page 11). This is unsupported by the Pleadings filed by Plaintiff with the Court to date. As set forth in the Defendants' Motion, Plaintiff's FAC and R.I.C.O. Case Statement make a single allegation related to the Defendants' individual $2,600 political contributions in September of 2021.

However, as previously argued, political contributions and their monitoring are solely within the jurisdiction of the New Jersey Election Law Enforcement Commission. Further, Plaintiff has no standing to bring these claims, as previously discussed in Defendants' moving papers.

Accordingly, Plaintiff's claim against the Defendants is improper. As a result of Plaintiff's improper pleading, it contains broad, conclusory statements and provides no specific, factual allegations of unlawful actions or how the Defendants' alleged actions have caused or contributed to any harm. For these reasons, and the reasons set forth in Defendants' Motion, Plaintiff's FAC must be dismissed as a matter of law.

RAINONE COUGHLIN MINCHELLO
November 11, 2024
Page **7**

## **POINT THREE**

### **PLAINTIFF'S OPPOSITION MAKES ADDITIONAL UNSUPPORTED CLAIMS AGAINST THE DEFENDANTS.**

Plaintiff makes additional claims in his Opposition Brief as to the Defendants which were not included in the FAC and should be dismissed since they are outside the four corners of Plaintiff's FAC. Plaintiff's new claims, only recently raised in his Opposition Brief, should not be considered by this Court for the purposes of the within Motion. However, *assuming arguendo* that the Court does consider the additional claims, Plaintiff's claims under these new legal theories are improper and must be dismissed with prejudice as to the Defendants.

In his Opposition, Plaintiff asserts that Pinkerton v. United States, 328 U.S. 640 (1946), provides a basis for liability against the Defendants. (See Opposition at Page 4, Paragraph 1). In Pinkerton, the Supreme Court held that the criminal act of one conspirator in furtherance of a conspiracy is "attributable to the other conspirators for the purpose of holding them responsible for the substantive offense." United States v. Lopez, 271 F.3d 472, 480-81 (3d Cir. 2001). Under the "Pinkerton theory," a Plaintiff may prove the liability of a defendant through the acts of another committed within the scope of and in furtherance of a conspiracy of which he was a member, provided the acts "are reasonably foreseeable as a necessary or natural consequence of the

364730v1

conspiracy." Id. Simply put, it provides a legal basis for holding every co-conspirator responsible for all of the unlawful acts of every other member of the conspiracy. To sustain his burden of proof under Pinkerton, a plaintiff must plead and prove facts establishing three essential elements. Specifically, a plaintiff must establish that: (1)A conspiracy existed: there was an agreement between individuals to align themselves with others in a criminal venture; (2)Having so aligned themselves together, one or more of them committed one or more substantive offenses; and (3)The substantive offenses were committed in furtherance of the criminal venture in which the defendant had aligned himself with others. Id.

Here, Plaintiff is simply unable to establish the above-referenced elements under Pinkerton/Lopez. Firstly, Plaintiff has fallen drastically short of providing any facts whatsoever to establish that a conspiracy existed amongst Defendants. As Plaintiff has failed to plead any plausible facts to show that a conspiracy actually existed, Plaintiff's claims must fail. Therefore, Plaintiff's new/additional claims under the "Pinkerton Theory" must be dismissed as a matter of law.

Plaintiff's Opposition also makes additional claims of mail fraud and honest services fraud. (See Opposition at Pages 12-14). The Court in U.S. v. Kemp, 500 F.3d 257 (2007), clearly addressed these causes of action and the necessary elements for same as

364730v1

follows: To prove mail fraud, the government must establish: "(1)the defendant's knowing and willful participation in a scheme or artifice to defraud, (2)with the specific intent to defraud, and (3)the use of the mails ... in furtherance of the scheme." United States v. Antico, 275 F.3d 245, 261 (3d Cir.2001).

Simply put, Plaintiff has failed to state a claim as to mail fraud, honest services fraud, or any other fraud as to the Defendants. Here, Plaintiff has failed to present any facts or allegations to support the claim that the Defendants have engaged in any fraudulent activity. Plaintiff has failed to present any evidence which would allow the Court to draw to conclude that Defendants (1) were aware of any illegal scheme, (2) acted with any specific intent to defraud, (3) made any illegitimate or illegal political contributions, and/or (4) derived a benefit from any alleged fraudulent activities.

Plaintiff's failure to plead claims of fraud, mail fraud, honest services fraud, or otherwise with specificity must result in the dismissal of Plaintiff's claims to the Defendants.

Based on Plaintiff's failure to plead this claim with specificity, and as Plaintiff's claims are drastically implausible, same must be dismissed with prejudice.

364730v1

RAINONE COUGHLIN MINCHELLO
November 11, 2024
Page **10**

## **POINT FOUR**

### **PLAINTIFF'S CLAIMS AGAINST THE DEFENDANTS ARE DRASTICALLY IMPLAUSIBLE AND MUST BE DISMISSED WITH PREJUDICE.**

Plaintiff asserts that he has pleaded "that coconspirator Defendants met together and formed an agreement to willfully infringe on copyrights he owned." (See Opposition at Page 18). Somehow, Plaintiff has developed a wide-sweeping conspiracy involving elected officials, political contributors and other figures who are in absolutely no way connected to any infringement of Plaintiff's property rights.

Going even further, Plaintiff insists, without providing any facts or documentation whatsoever to support, that all eighty (80) Defendants in this action met at a "testimonial affair at Citi Filed in Queens, NY on 9/10/21" and conspired together to somehow harm Plaintiff in some way (See Opposition at Page 24). This fact was introduced only in Plaintiff's opposition brief and falls outside of the four corners of Plaintiff's amended complaint despite Plaintiff claiming he plead this at ECF 84, pages 101 and 102. Introducing this through opposition to a Motion to Dismiss brief is inappropriate and should be dismissed.

364730v1

## **CONCLUSION**

Based on the foregoing, it is respectfully requested that Plaintiff's FAC and all claims as to the Defendants be dismissed with prejudice.

Respectfully submitted,

**RAINONE, COUGHLIN & MINCHELLO**
*Attorneys for Defendants, Louis N. Rainone, Craig J. Coughlin, and David L. Minchello*

By: _____
Scott A. Aitken Jr., Esq.

Dated: November 11, 2024

364730v1