UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| *Plaintiff/Appellant*, <br><br> CALEB L. McGILLVARY <br><br> vs. <br><br> *Defendants/Respondents*, <br><br> NICHOLAS SCUTARI, ET.ALS. | DOCKET NO.: 1:23-cv-22605-JMY |

---

## REPLY BRIEF OF DEFENDANTS
## RICHARD ALDERISO, JEFFREY VENEZIA, AND ROBERT RYAN

---

PETER K. OLIVER, ESQ. (ID# 32382007)
poliver@hoaglandlongo.com
HOAGLAND, LONGO, MORAN,
  DUNST & DOUKAS, LLP
*Attorneys for Defendants, Richard Alderiso,*
*Jeffrey Venezia, and Robert Ryan*
40 Paterson Street, P.O. Box 480
New Brunswick, NJ  08903
(732) 545-4717

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................... iii

PRELIMINARY STATEMENT ...............................................................1

LEGAL ARGUMENT

POINT I

PLAINTIFF HAS NOT ASSERTED SUFFICIENT FACTS
TO ESTABLISH CONSTITUTIONAL STANDING TO
BRING HIS CLAIMS AGAINST THE DEFENDANTS........................................3

POINT II

PLAINTIFF FAILS TO DEMONSTRATE
THAT HE SUFFICIENTLY PLEAD A VALID OR
PLAUSIBILE CIVIL RICO CLAIM AGAINST THE DEFENDANTS.................6

POINT III

PLAINTIFF LACKS STANDING TO ASSERT
HIS CLAIMS FOR ALTERNATIVE, NON-RICO
RELIEF AND ACCORDINGLY HIS FIRST AMENDED
COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE............................8

POINT IV

NEITHER THE ACT OF MAKING A DONATION
TO A POLITICAL CAMPAIGN NOR INVITATION TO
A "TESTIMONIAL AFFAIR" CONSTITUTES "ACTING
UNDER COLOR OF LAW" SUCH THAT THE DI GROUP
DEFENDANTS COULD BE CONSTRUED AS CONSPIRING
TO DEPRIVE PLAINTIFF OF HIS CONSTITUTIONAL RIGHTS ....................11

POINT V

THE BALANCE OF PLAINTIFF'S ARGUMENT
ATTEMPTS TO DISTINGUISH HIS ALLEGATIONS

FROM OTHER TRIAL COURT DECISIONS WHICH
ARE NOT BINDING ON THIS COURT AND DO NOT CURE
THE DEFICIENCIES IN HIS FIRST AMENDED COMPLAINT........................13

POINT VI

PLAINTIFF MUST ALLEGE HIS RICO PREDICATE FRAUD
CLAIMS WITH SPECIFICITY PURSUANT TO *FED. R. CIV. P.* 9(B).............15

CONCLUSION ...................................................................................................17

# <u>TABLE OF AUTHORITIES</u>

## Cases

*Ashcroft v. Iqbal*, 556 *U.S.* 662 (2009) ......................................................... 3, 12, 13

*Bell Atlantic Corp. v. Twombly*, 550 *U.S.* 577 (2007) ............................. 3, 4, 12, 13

*EP Medsystems, Inc. v. Echocath, Inc.*, 235 *F.*3d 865 (3d Cir. 2000).....................15

*Hemi Group, LLC v. City of New York*, 559 *U.S.* 1 (2010) ........................................6

*Holmes v. Securities Investor Protection Corp.*,
    503 *U.S.* 258, 112 S. Ct. 1311, 117 L. Ed. 2d 532 (1992)..........................6, 7

*LabMD, Inc. v. Boback*,
    2022 U.S. App. LEXIS 24413 (3d Cir. Aug. 30, 2022) ..................................8

*Lu v. Young*, 2023 U.S. Dist. LEXIS 139409 (E.D. Pa. Aug. 10, 2023) .................14

*Miller v. Pocono Ranch Lands Prop. Owners Ass'n*,
    557 *Fed App'x* 141 (M.D. Pa. Jan. 7, 2013) .....................................................6

*Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*,
    331 *F.*3d 406 (3d Cir. 2003) ..........................................................................12

*Reyes v. Netdeposit, LLC*, 802 *F.*3d 469 (3d Cir. 2015)...........................................8

*Sedima, S.P.R.L. v. Imrex Co.*, 473 *U.S.* 479 (1985) .................................................6

*Snow & Ice Mgmt. Co. of Pa., Inc. v. Tryko Partners, LLC*,
    2023 U.S. Dist. LEXIS 121707 (D.N.J. Jul. 14, 2023) .......................... 15, 16

*Tower v. Glover*, 467 U.S. 914 (1984)....................................................................11

## Rules

*Fed. R. Civ. P.* 12(b)(1).......................................................................................1, 17

*Fed. R. Civ. P.* 12(b)(6).................................................................................. 1, 13, 17

Fed. R. Civ. P. 9(b) ........................................................................... 2, 15, 16

**Codes**

18 *U.S.C.* § 1962 ....................................................................................6

18 *U.S.C.* § 1964 ....................................................................................6

## **PRELIMINARY STATEMENT**

Defendants Richard Alderiso, Jeffrey Venezia, and Robert Ryan ("Defendants") filed a motion to dismiss the First Amended Complaint of Plaintiff, Caleb L. McGillvary ("Plaintiff") (ECF No. 307), for failure to state a claim under *Fed. R. Civ. P.* 12(b)(1) and 12(b)(6). Plaintiff asserts RICO claims against the Defendants; however, nowhere in Plaintiff's forty-page opposition brief (ECF No. 341), does Plaintiff explain how he has RICO standing. Plaintiff instead lists various theories of Article III standing and Copyright Act right and remedies. Plaintiff does not, and cannot, explain the basis for his non-RICO claims, since they are claims for alleged infringements of his constitutional rights by parties (and individuals with no official position, and a private company) who are not state actors and who are never even alleged to have taken any action under color of law.

Plaintiff centers his opposition brief on the recitation of legal standards potentially applicable to underlying alleged RICO-predicate acts and other alleged claims, with citations to numerous cases which were not set forth in the Defendants moving papers. Even accorded every reasonable inference to which Plaintiff is entitled on a motion to dismiss on the pleadings, Plaintiff cannot connect the simple acts of allegedly attending a political fundraiser and making a modest campaign contribution to a widespread, nefarious conspiracy or alleged "Money Laundering Network" to which the Defendants have absolutely no connection.

As set forth more fully in the Defendant's initial moving brief, Plaintiff's First Amended Complaint fails to allege RICO standing with any particular set of facts as to the alleged fraud committed by the Defendants, so it falls far short of its requirements under Fed. R. Civ. P. 9(b). Plaintiff does not allege that the Defendants had any involvement in any act or omission following alleged campaign contributions, or that said Defendants received any benefit from any alleged malfeasance. Plaintiff's claims are without merit.

Plaintiff asserts implausible, unsupported, and fictitious claims against anyone who may have attended a political function, without even the slightest connection to the implausible and absurd scheme at the heart of Plaintiff's claims. Even searched with the utmost liberality, Plaintiff's Amended Complaint is unsustainable.

In short, nothing within Plaintiff's Opposition undermines the conclusion that Plaintiff lacks standing, and has not alleged facts – as opposed to conjecture or wild conclusions – suggesting wrongdoing or liability on the part of the Defendants. The Defendants' Motion to Dismiss should be granted and the claims against them should be dismissed with prejudice[1].

---

[1] Defendants Alderiso, Venezia, and Ryan also note that dismissal of Plaintiff's Amended Complaint is warranted for the reasons set forth by the Court in the December 23, 2024 Memorandum (Omnibus) (ECF No. 309), supporting the grant of other Defendants' respective Motions to Dismiss the Amended Complaint including, *inter alia*, DI Group Architecture and Vincent Myers.

## LEGAL ARGUMENT

## POINT I

## PLAINTIFF HAS NOT ASSERTED SUFFICIENT FACTS TO ESTABLISH CONSTITUTIONAL STANDING TO BRING HIS CLAIMS AGAINST THE DEFENDANTS

Plaintiff's opposition does not remedy his faulty pleading and does not clarify what Plaintiff claims the Defendants did which gives rise to any cause of action. Without such detail, Plaintiff's Complaint cannot withstand a motion to dismiss on the pleadings. Accordingly, the Defendants respectfully request that this Court grant their motion and dismiss Plaintiff's Amended Complaint.

In his opposition to the Defendants' motion, Plaintiff contends that he has pleaded that the Defendants' alleged co-conspirators violated Plaintiff's First Amendment and Due Process rights. *See Plaintiff's Brief*, p. 4. Plaintiff also admits that "there must be a causal connection between Plaintiff's injury and the Defendants' actions, for non-RICO claims the injury may be indirect. *Ibid.* (citations omitted). This contention fails the Supreme Court's *Iqbal* test, which requires a complaint to satisfy a "plausibility standard." *Ashcroft v. Iqbal*, 556 *U.S.* 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 *U.S.* 577, 570 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is ***plausible on its face***.'" *Id.* (emphasis added). The issue on a motion to dismiss is not whether Plaintiff will prove his claims but whether he

should be allowed to proceed to discovery that will allow him to support those claims. *Twombly*, 550 *U.S.* at 563, n.8.

Moreover, despite the representation in his brief, Plaintiff ***does not allege*** that the Defendants met with co-Defendants, who agreed to an alleged scheme to harm Plaintiff. *See Plaintiff's Brief*, p. 5 (citing Amended Complaint, ¶¶ 99-102). Rather, those paragraphs allege meetings with other co-Defendants, and, in Paragraph 101, that other co-defendants invited Messrs. Alderiso, Venezia, and Ryan, among other co-defendants, to a "testimonial affair" at Citi Field in New York. *First Amended Compl.*, ¶ 101. Plaintiff then alleges that they agreed, as part of the purported Money Laundering Network, to partake in the Bid Rigging Conspiracy, which somehow in turn led to Netflix infringing on Plaintiff's copyrights. There is simply no plausible nexus between the Defendants' alleged attendance at this "testimonial affair" and the rest of Plaintiff's confusing, unclear, and far-fetched claims.

Even the most forgiving review of Plaintiff's Complaint reveals that he has not pleaded any facts which would allow him to proceed to discovery. He has alleged minimal, conclusory allegations that the Defendants somehow participated in a massive conspiracy which has harmed him due to the production of a documentary regarding the crime for which he is now incarcerated for a lengthy period of time. There is simply no nexus alleged between the Defendants' legal

conduct and Plaintiff's alleged harm. Accordingly, Plaintiff's Amended Complaint should be dismissed.

## POINT II

### PLAINTIFF FAILS TO DEMONSTRATE
### THAT HE SUFFICIENTLY PLEAD A VALID OR
### PLAUSIBILE CIVIL RICO CLAIM AGAINST THE DEFENDANTS

The thrust of Plaintiff's allegations against the Defendants is that by virtue of their alleged invitation to a "testimonial affair" believed to have been at or near Citi Field in Queens, New York on September 10, 2021, and by Messrs. Alderiso's, Venezia's, and Ryan's alleged respective minimal campaign contributions to Senator Scutari, the Defendants indirectly participated in a civil conspiracy in violation of 18 *U.S.C.* § 1962 and § 1964. Because the simple act of contributing to a political campaign is not a sufficient predicate act to assert a civil RICO claim, Plaintiff's Complaint should be dismissed.

A civil RICO claim requires a plaintiff to prove that the RICO predicate was both a "but for" and proximate cause of damage. In other words, the plaintiff needs to show a direct relationship between the injury and the defendant's conduct. *See Hemi Group, LLC v. City of New York*, 559 *U.S.* 1, 130 (2010) (quoting *Holmes v. Securities Investor Protection Corp.*, 503 *U.S.* 258 112 S. Ct. 1311, 117 L. Ed. 2d 532 (1992)). *See also Miller v. Pocono Ranch Lands Prop. Owners Ass'n*, 557 *Fed App'x* 141, 145 (M.D. Pa. Jan. 7, 2013) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 *U.S.* 479, 496 (1985)).

Plaintiff does not demonstrate at all how the mere act of attending a meeting or contributing to a political campaign directly caused or was the "but for" cause of his alleged copyright damages. Accordingly, his RICO claims against the Defendants should be dismissed. Here, Plaintiff does not allege how any of the Defendants' alleged predicate acts, i.e. attending a "testimonial affair" and/or making campaign donations, was either the "but for" or the proximate cause of Defendants' alleged injuries. *See, e.g., Holmes v. Sec. Investor Prot. Corp.*, 503 *U.S.* 258, 268 (1992) (requiring a plaintiff to allege a direction relationship between alleged injury and the alleged misconduct).

Accordingly, the Court should dismiss Plaintiff's Complaint, with prejudice.

## POINT III

### PLAINTIFF LACKS STANDING TO ASSERT HIS CLAIMS FOR ALTERNATIVE, NON-RICO RELIEF AND ACCORDINGLY HIS FIRST AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE

Plaintiff's opposition brief appears to address every defendant who has filed a motion to dismiss on the pleadings. Plaintiff's First Amended Complaint (including the appended RICO Case Statement), however, does not allege sufficient facts to assert a RICO claim specifically against the Defendants. Plaintiff's opposition brief does not specify any particular factual allegation to overcome his burden in showing that he has alleged sufficient facts to withstand the Defendants' motion to dismiss. Accordingly, the Court should dismiss Plaintiff's First Amended Complaint.

In his brief, Plaintiff cites *LabMD, Inc. v. Boback*, 2022 U.S. App. LEXIS 24413, *21 (3d Cir. Aug. 30, 2022) for the first five prongs of the element of a civil RICO claim. *See Plaintiff's Brief*, p. 6. Plaintiff's citation, however, omits the sixth, conjunctive element, that "(6) the racketeering activity must have been 'but for' cause as well as the proximate cause of the injury." *LabMD, Inc.*, 2022 U.S. App. LEXIS, at *21 (citing *Reyes v. Netdeposit, LLC*, 802 *F.*3d 469, 483 (3d Cir. 2015)).

Even assuming that such omission was innocent, nowhere in Plaintiff's extensive allegations is the assertion that the Defendants were either the "but for"

or proximate cause of the alleged harm. That is, Plaintiff does not allege that without the Defendants' participation in the so-called bid rigging scheme, his rights would not have been violated. Nor does Plaintiff allege that the Defendants actively caused him harm. In short, Plaintiff does not "connect the dots" between any conduct of the Defendants and any purported damage.

Further, Plaintiff wrongfully states that he has properly pled that Defendants agreed to a "pattern of a racketeering activity". *Plaintiff's Brief*, p. 11. Again, Plaintiff simply avers (without any basis or any detail) that the Defendants were invited to a "testimonial affair", Defendants Alderiso and Venezia made contributions of $2,600 each, and that Defendant Ryan made a $1,300 contribution. Additionally, Plaintiff asserts that he was somehow harmed because of other downstream conduct (which conduct similarly strains credulity). There are no such allegations against the Defendants, and therefore Plaintiff did not properly assert RICO or any other claims against the Defendants.

In addition, Plaintiff absolutely misstates that the Defendants were engaged in conduct which violates the Hobbs Act. Plaintiff did not plead a quid pro quo arrangement by which the Defendants received a benefit from the alleged contribution(s) to Senator Scutari. Plaintiff's brief contends that such quid pro quo involved a scheme in which Netflix secured the contract purportedly at issue; he does not contend that the Defendants received a benefit from that contract.

9

Even given its most liberal interpretation, Plaintiff's First Amended Complaint is at best a multitude of conclusory allegations that are not based in reality. The allegations against the Defendants, as well as all the allegations contained in the First Amended Complaint, lack any credibility or basis in fact. No amount of discovery will cure such deficiencies.

Accordingly, the Defendants respectfully request that this Court grant their motion and dismiss Plaintiff's First Amended Complaint with prejudice.

## POINT IV

### NEITHER THE ACT OF MAKING A DONATION TO A POLITICAL CAMPAIGN NOR INVITATION TO A "TESTIMONIAL AFFAIR" CONSTITUTES "ACTING UNDER COLOR OF LAW" SUCH THAT THE DI GROUP DEFENDANTS COULD BE CONSTRUED AS CONSPIRING TO DEPRIVE PLAINTIFF OF HIS CONSTITUTIONAL RIGHTS

Plaintiff argues in his opposition brief that private persons may be "acting under color of state law" when allegedly conspiring with state officials to violate other persons' constitutional rights. *See Plaintiff's Brief*, p. 23 (citing *Tower v. Glover*, 467 U.S. 914, 920 (1984)). While that may be true in certain cases, such assertion here does not rescue Plaintiff's feeble allegations.

Plaintiff's Amended Complaint does not allege with any specificity that the Defendants acted "under color of law". Rather, the heading in Count Six of Plaintiff's Amended Complaint refers to the alleged Bid Rigging Syndicate as acting under color of state law in fabricating evidence, in connection with the February 1, 2012 incident. Even granting Plaintiff the most liberal of inferences, nowhere in his Amended Complaint does he assert that the Defendants became involved in this vast alleged conspiracy until the alleged "testimonial affair" held at Citi Field in Queens, NY on September 10, 2021. Accordingly, Plaintiff has not alleged with any specificity as to any act undertaken by the Defendants "under color of law".

Furthermore, Plaintiff even concedes that to prove "aiding and abetting" liability, he must prove, among other things, "substantial participation" by the alleged tortfeasor in the wrongdoing. *Plaintiff's Brief*, p. 24 (citing *Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 *F.*3d 406, 415 (3d Cir. 2003). The only allegations concerning the Defendants are the allegations concerning the invitation to the September 10, 2021 "testimonial affair" at Citi Field and that Mr. Myers made a legal political donation. Plaintiff has not alleged (nor could he), that the Defendants had any connection to the alleged bid rigging, or to the sale of the Fort Monmouth property, or to Netflix's allegedly copyright-violating documentary.

Accordingly, under the case law Plaintiff cites, his First Amended Complaint is wholly deficient, and no discovery will be able to make his allegations against the Lum Defendants withstand *Iqbal* and *Twombly* scrutiny.[2]

---

[2] Most, if not all, of the argument in *Plaintiff's Brief*, especially in Point IV, appears to be boilerplate arguments against each of the Defendants. Plaintiff cannot and does not allege that the Defendants specifically retaliated against him, and therefore his First Amended Complaint is deficient.

## POINT V

## THE BALANCE OF PLAINTIFF'S ARGUMENT ATTEMPTS TO DISTINGUISH HIS ALLEGATIONS FROM OTHER TRIAL COURT DECISIONS WHICH ARE NOT BINDING ON THIS COURT AND DO NOT CURE THE DEFICIENCIES IN HIS FIRST AMENDED COMPLAINT

Points V and VI of *Plaintiff's Brief* attempt to distinguish his claims from other RICO matters. In Point V, Plaintiff asserts that this matter differs from other RICO cases in which the defendants did not proximately cause injury, and asserts that he has, in fact, pleaded facts that show both "but for" and proximate causation. In Point VI, he asserts that this matter differs from pre-1988 Eighth Circuit RICO cases. Both arguments; however, are ancillary.

As noted *supra*, Point IV, n.1, *Plaintiff's Brief* appears to be a catch-all argument against each of the Defendants who have moved to dismiss his First Amended Complaint pursuant to *Fed. R. Civ. P.* 12(b)(6). Moreover, Plaintiff argues in an entirely conclusory fashion that he has alleged that the defendants met with conspirators and agreed to "each and every predicate act". *Plaintiff's Brief*, p. 29. This summary recitation of the elements of a claim, as alleged in his Amended Complaint, does not comply with his obligations under *Iqbal* and *Twombly*.

Specifically, other than alleging that the Defendants were invited to a "testimonial affair" occurring in September of 2021 and that Messrs. Alderiso, Venezia, and Ryan contributed to Senator Scutari's campaign, Plaintiff ***does not***

allege with any specificity as to anything any of the Defendants did that could remotely constitute either "but for" or proximate causation. *Cf. Plaintiff's Brief*, p. 29 ("Plaintiff then goes on to allege what that specific member of the conspiracy did, at what time, and pursuant to what agreements with who, . . .").

While the Defendants did not cite *Lu v. Young*, 2023 U.S. Dist. LEXIS 139409 (E.D. Pa. Aug. 10, 2023) in their moving brief, Plaintiff erroneously asserts that this matter is not similar to the facts in *Lu*. In fact, the claims in *Lu* present similarly to Plaintiff's allegations here. While Plaintiff may have added a significant amount of verbiage to his claims, he gets no further in his allegations than to allege the date and location of a meeting, and a purported, highly generalized scheme to acquire property for Netflix. Again, no amount of discovery would afford Plaintiff the ability to rescue his deficient claims.

Similarly, Plaintiff attempts to distinguish other decisions of the Eastern District of Pennsylvania in similar circumstances. Plaintiff has not and cannot substantiate any of his claims against the Defendants. His attempts to distinguish this matter from other cases in the Eastern District of Pennsylvania, and Eighth Circuit, pre-1988 jurisprudence, do not rescue his complaint from its inability to sustain a claim. Accordingly, the Court should dismiss his First Amended Complaint with prejudice.

## POINT VI

## PLAINTIFF MUST ALLEGE HIS RICO PREDICATE FRAUD CLAIMS WITH SPECIFICITY PURSUANT TO *FED. R. CIV. P.* 9(B)

Plaintiff mistakenly cites *EP Medsystems, Inc. v. Echocath, Inc.*, 235 *F.*3d 865 (3d Cir. 2000) to rely on the proposition that he need not allege with specificity as to knowledge and intent in this matter. He does not distinguish between RICO and non-RICO claims. The point, however, is that he has not alleged the circumstances constituting the fraud or mistake in this matter with any particularity.

*Fed. R. Civ. P.* 9(b) imposes a heightened pleading requirement in fraud and mistake claims. That Rule requires that "[i]n alleging fraud or mistake, a party **must state with particularity** the circumstances constituting the fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. *Ibid.* (emphasis added).

In *Snow & Ice Mgmt. Co. of Pa., Inc. v. Tryko Partners, LLC*, 2023 U.S. Dist. LEXIS 121707 (D.N.J. Jul. 14, 2023), the District Court of New Jersey dismissed a RICO counterclaim with a fraud predicate, finding that:

> Defendants have not adequately alleged a RICO counterclaim because they have not adequately pled a required predicate act. Defendants allege a RICO violation based on the same conduct underlying their fraud and NJCFA counterclaims. (Defs.' Countercls. ¶¶ 6-18.) As these counterclaims refer to SMCO's allegedly fraudulent billing, they must meet the heightened pleading standards of Rule 9(b) and, again, Defendants fail to plead with the requisite level of specificity to state a

claim. The Court also notes that even if Defendants' allegations were sufficient to satisfy Rule 9(b), RICO focuses on patterns of related criminal acts, and Defendants' vague allegations fail to establish any pattern over an extended period.

*Id.* at * 6.

Again, regardless of the level of specificity with which Plaintiff makes his allegations as to the Defendants' knowledge and intent, to the extent that Plaintiff alleges that any part of his RICO claims stem from the Defendants' alleged fraud, he has not pled ***any*** specificity as to the Defendants.

Moreover, even his general allegations against the Defendants are improper, because as stated at length above and in their moving brief, the Defendants are not alleged to do anything more than engage in First Amendment protected activities, and Plaintiff does not identify in his opposition brief anything other than what is in his First Amended Complaint.

Accordingly, the Court should dismiss Plaintiff's First Amended Complaint with prejudice.

## **CONCLUSION**

For the foregoing reasons, and for the reasons set forth in their initial moving brief, Defendants Richard Alderiso, Jeffrey Venezia, and Robert Ryan respectfully request that the Court grant their motion and dismiss the Amended Complaint of Plaintiff, Caleb L. McGillvary, with prejudice, pursuant to *Fed. R. Civ. P.* 12(b)(1), and/or *Fed. R. Civ. P.* 12(b)(6).

Respectfully submitted,

HOAGLAND, LONGO, MORAN,
  DUNST & DOUKAS, LLP
Attorneys for Defendants, Richard Alderiso,
Jeffrey Venezia and Robert Ryan


*/s/ Peter K. Oliver*

By:    _____
       Peter K. Oliver

Dated:  March 6, 2025

17