KATHLEEN A. MAHONEY
Special Attorney to the U.S. Attorney General
Pursuant to 28 U.S.C. § 515
Office of the United States Attorney
Eastern District of New York
271-A Cadman Plaza East, 7th Floor
Brooklyn, New York 11201
(718) 254-6026
Kathleen.Mahoney@usdoj.gov
*Attorneys for Defendant Robert Menendez*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CALEB L. MCGILLVARY, | Hon. John Milton Younge, U.S.D.J. |
| *Plaintiff,* | Civil Action No. 23-22605 (JMY) |
| v. | |
| NICHOLAS SCUTARI, *et al.*, | **Return Date: March 17, 2025** |
| *Defendants.* | |

**REPLY BRIEF IN FURTHER SUPPORT OF**
**DEFENDANT ROBERT MENENDEZ'S  MOTION TO DISMISS**

On the Brief:

Kathleen A. Mahoney
Special Attorney to the U.S. Attorney General

**<u>TABLE OF CONTENTS</u>**

A. The RICO Claims Against Mr. Menendez Must be Dismissed. . . . . . . . . . . . . . . . . . . . . . . . 2

    1. Plaintiff Lacks Standing to Assert RICO Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

    2. Plaintiff Fails to State a Facially Plausible Claim. . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

    3. The FAC Fails to Satisfy Rule 9(b)'s Heightened Pleading Standard. . . . . . . . . . . . 7

B. The FAC Does Not Plead a Claim Under 1983 or *Bivens* Against Mr. Menendez. . . . . . . 8

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

## **TABLE OF AUTHORITIES**

### **Cases**

*Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Ballentine v. United States,* 486 F.3d 806 (3d Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Barclift v Keystone Credit Services, LLC*, 585 F.Supp.3d 748 (E.D. Pa. 2022). . . . . . . . . . . . 3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,
    403 U.S. 388 (1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

*Blunt v. Lower Merion School District*, 767 F.3d 247 (3d Cir. 2014). . . . . . . . . . . . . . . . . . . 3

*Lum v. Bank of America*, 361 F.3d 217 (3d Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Mazo v Durkin*, Civ. No. 20-08336 (ZNQ)(TJB),
    2022 WL 2235945(D.N.J. June 22, 2022). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

*McGillvary v. Scutari*, No. 23-cv-22605, 2024 WL 5202487 (D.N.J. Dec. 23, 2024). . . . . 2, 4

*Pinkerton v. United States*, 328 U.S. 640 (1946)). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*Potter v. Cozen & O'Connor,* 46 F.4th 148 (3d Cir. 2022). . . . . . . . . . . . . . . . . . . . . . . . . . .3

*Quick v Township of Bernards,* Civ. No. 17-05595 (GC) (JBD),
    2024 WL 4024097 (D.N.J. Aug. 30, 2024). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Steele v. Blackman*, 236 F.3d 130 (3d Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

*United States v. Lopez*, 271 F.3d 472 (3d Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

### **Statutes**

18 U.S.C. § 1964. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 9

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

### **Other Authorities**

Constitution of the United States, Art. III. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

Federal Rule of Civil Procedure 8(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rule of Civil Procedure 9(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7

Federal Rule of Civil Procedure 12(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Federal Rule of Civil Procedure 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4

Defendant Robert Menendez ("Mr. Menendez") respectfully submits this reply brief in further support of his motion to dismiss with prejudice for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff Caleb McGillvary ("Plaintiff") asserts two claims against Mr. Menendez in his individual capacity and as United States Senator under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964 ("RICO"). *See* First Amended Complaint (ECF Doc. No. 84) ("FAC") ¶ 98 (Count One); ¶¶ 183-185, 187, 224-226 (Count Two); *see also id.* ¶ 91.6. As shown in the Brief in Support of Defendant Robert Menendez's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) (ECF Doc. No. 305-1) ("Defendant's Brief"), the FAC fails to put forward sufficient factual matter to state a facially plausible claim against Mr. Menendez.[1] Def. Br. at 4-6, 8-9. Further, Plaintiff's RICO fraud claims do not satisfy the heightened pleading requirements of Rule 9(b) and, therefore, fail to state a claim against Mr. Menendez. *Id.* at 10-13.

The Brief in Opposition to Defendant Robert Menendez's Motion to Dismiss (ECF Doc. No. 340) ("Plaintiff's Opposition") is largely inapposite and replete with irrelevant arguments that clearly do not apply to Mr. Menendez. Plaintiff repeatedly and inappropriately incorporates by reference portions of his briefs opposing other defendants' motions to dismiss and filings in his other court cases without relating the arguments to Mr. Menendez.[2] To the extent that Plaintiff's arguments appear to relate to Mr. Menendez or his motion to dismiss, they are addressed below. Ultimately, Plaintiff has failed to demonstrate that Mr. Menendez's motion should be denied.

---

[1] Additionally, the voluminous and nearly incomprehensible FAC violates the requirement that a pleading contain "a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). *See* Def. Brief at 5-7.

[2] *See*, e.g., Pl. Opp. at 2, 9, 13, 16, 20-21, 23, 30.

A. **The RICO Claims Against Mr. Menendez Must be Dismissed**

Plaintiff's unsupported RICO allegations concerning Mr. Menendez are that he, along with most if not all of the other 80-plus defendants, participated in a bid rigging conspiracy relating to the approval by Defendant Fort Monmouth Economic Revitalization Authority ("FMERA") of the sale of part of a closed military base to Defendant Netflix. For the reasons set forth below, the claims against Mr. Menendez should be dismissed.

1. **Plaintiff Lacks Standing to Assert RICO Claims**

Since the filing of Defendant's motion, this Court has dismissed with prejudice Plaintiff's RICO claims against the majority (approximately 64) of the other defendants concerning the alleged bid rigging conspiracy for lack of standing. In an omnibus Memorandum, which granted thirteen motions to dismiss filed by 45 defendants, the Court held that Plaintiff is unable to establish that he suffered an actual injury to business of property that was proximately caused by alleged RICO violations and, therefore, he cannot establish standing to assert such claims under Article III of the Constitution of the United States or the RICO statutes. ECF Doc. No. 309.[3] This Court subsequently dismissed the RICO claims against the eleven FMERA defendants for the same reasons. Order dated January 15, 2025 (ECF Doc. No. 327) at 2-3. On February 6, 2025, this Court granted the motion to dismiss of the eight New Jersey State defendants, finding in relevant part, that Plaintiff failed to assert a viable RICO claim against those defendants, and dismissing those claims pursuant to Rule 12(b)(1). Doc. No. 337 at 5-7. Yet, Plaintiff's Opposition, which is dated January 31, 2025, does not acknowledge the first two decisions finding that he lacked standing with respect to the RICO claims.

---

[3] *McGillvary v. Scutari*, No. 23-cv-22605, 2024 WL 5202487 (D.N.J. Dec. 23, 2024).

2

The reasoning in these decisions applies equally here. Although Mr. Menendez's motion to dismiss was made pursuant to Rule 12(b)(6), the Court should determine if Plaintiff's RICO claims are subject to dismissal for lack of jurisdiction. Article III standing is jurisdictional. *See Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). A party or the court may raise the jurisdictional issue of the plaintiff's standing to sue at any time during a proceeding. *Blunt v. Lower Merion School District*, 767 F.3d 247, 280 (3d Cir. 2014) (internal citations omitted); *see also Steele v. Blackman*, 236 F.3d 130, 134 n.4 (3d Cir. 2001) ("Although neither party argues that Steele's appeal is moot, we are required to raise issues of standing *sua sponte* if such issues exist."). Not only can such issues be raised at any time, but the court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Mazo v Durkin*, Civ. No. 20-08336 (ZNQ)(TJB), 2022 WL 2235945, at *4 (D.N.J. June 22, 2022) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). *See also Barclift v Keystone Credit Services, LLC*, 585 F.Supp.3d 748, 751-52 (E.D. Pa. 2022) (Before a court can address the merits of a defendant's motion to dismiss, it must assess whether standing exists). Furthermore, "[s]tanding 'can never be waived, even when parties fail to raise [it].'" *Quick v Township of Bernards*, Civ. No. 17-05595 (GC) (JBD), 2024 WL 4024097, at *6 (D.N.J. Aug. 30, 2024) (quoting *Potter v. Cozen & O'Connor*, 46 F.4th 148, 156 (3d Cir. 2022)).

Plaintiff is not prejudiced by Mr. Menendez not having previously expressly raised lack of jurisdiction as a basis for dismissal. *See* Def. Mem. at 11-12 (citing cases holding that in order to have standing to litigate a civil RICO claim, the plaintiff must show he suffered an injury to his business or property that was proximately caused by the racketeering activities). Plaintiff should have been aware of the potential effect of this defense on his claims based on the Court's decisions

3

on that very subject issued after Mr. Menendez's motion was filed and before Plaintiff submitted his opposition.

The Court should dismiss Plaintiff's RICO claims for lack of jurisdiction.

2**. Plaintiff Fails to State a Facially Plausible Claim**

In holding that there was no subject matter jurisdiction for Plaintiff's RICO claims against other defendants in this action, this Court found, alternatively, that the RICO claims could be dismissed under Rule 12(b)(6) for failure to state a claim. 2024 WL 5202487, at *10-*14. Even if read liberally, the FAC fails to state a facially plausible claim for relief against Mr. Menendez.

A complaint must contain sufficient factual matter that, if accepted as true, states a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Here, Plaintiff failed to plead any plausible facts to show that he suffered an injury to his person, property or business that was proximately caused by Mr. Menendez's alleged racketeering activity in furtherance of a nonexistent RICO conspiracy.[4]

It is evident from the face of the FAC that Plaintiff's allegations against Mr. Menendez lack any objective factual support and are premised solely on Plaintiff's "information and belief." Plaintiff's conclusions and formulaic recitation of the elements of the causes of action are not enough. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Conclusions are not entitled

---

[4] In his Introduction, Plaintiff absurdly claims that counsel for Mr. Menendez, in her capacity as counsel for the Federal Judicial Defendants (Honorables Renée Marie Bumb, Madeline Cox Arleo, Christine P. O'Hearn, and Cathy L. Waldor of the United States District Court for the District of New Jersey), by summarizing Plaintiff's allegations, admitted that the Federal Judicial Defendants conceded that they would, if proven, show that the Federal Judicial Defendants conducted the affairs of a RICO enterprise and caused damage to Plaintiff "in his business and property interests." *See* Pl. Opp. at 1.

to the assumption of truth. *Iqbal*, 556 U.S. at 679. Counts One and Two of the FAC (the RICO counts) contain sheer speculation and are a patchwork of unrelated bits of information -- such as Netflix having won the bid for purchase of the former Fort Monmouth property and that people may have donated to Mr. Menendez's Senate campaigns -- to fabricate the existence of a conspiracy by the 80-plus defendants to perpetrate fraud, violate RICO, and damage Plaintiff.

Providing nothing more than conjecture as his "information and belief," Plaintiff maintains that that he can rely on hearsay and other inadmissible information to form his beliefs, and that first-hand knowledge is not necessary to satisfy the plausibility requirement. *See* Pl. Opp. at 9. Plaintiff's statement that he will find the facts to "shore up" his implausible allegations through discovery makes clear that this litigation is a fishing expedition calculated to impose burdens on the Court and the parties. *See id.* at 8.

The lack of plausibility of Plaintiff's allegations is confirmed by Plaintiff's specifying only one item of possible circumstantial evidence, which does not in fact show what he says it does. Plaintiff claims that a document he filed in support of his motion for emergency relief seeking access to the State prison library (ECF Doc. No. 256) will establish that there were meetings between Mr. Menendez and Federal Judicial Defendants and "circumstances of meetings" between Mr. Menendez and Defendants Theodore Romankow and Robert Ellenport with related transactions.[5] *See* Pl. Opp. at 10, 21. The document on which Plaintiff relies as his circumstantial evidence – New Jersey Election Law Enforcement Commission records – does not support any of Plaintiff's allegations concerning Mr. Menendez. Rather, it lists contributors to Defendant Nicholas Scutari's campaign. *See* ECF Doc. No. 256-2 (Exhibit B to Plaintiff's declaration in

_____

[5] Romankow's and Ellenport's respective motions to dismiss have been granted. ECF Doc. Nos. 309, 313, 337, 338.

support of his motion). Mr. Menendez was not one of the contributors, and his name does not appear in the document.

Plaintiff also makes an extraordinary leap from speculating that because Judge O'Hearn may have contributed to Mr. Menendez's campaign fund and/or met Mr. Menendez, to concluding that he has alleged "facts" sufficient to show that a conspiracy to rig the bidding for the Fort Monmouth property sale and obstruct Plaintiff's court cases exists between Mr. Menendez and all Federal Judicial Defendants. Pl. Opp. at 10, 11; *see also id.* at 23-29. However, the only "evidence" of a conspiracy is Plaintiff's "information and belief." The FAC does not plead any plausible facts regarding the existence of the conspiracy, let alone that Mr. Menendez had any role in it.

Notably, Plaintiff's Opposition contains no argument under the point heading stating that Rule 12 is satisfied by alleging dates, times, identities, nature of the acts, and state of mind. *See* Pl. Opp. at 13 (Point II). Instead, Plaintiff incorporated Point II from his Brief in Opposition to State Defendant's Motion to Dismiss (ECF Doc. No. 328). *Id.* However, that brief also contains no legal argument. *See* ECF Doc. No. 328 at 54-56. Nor does that brief mention Mr. Menendez in the descriptions of the acts purportedly taken by other defendants in furtherance of the alleged bid rigging conspiracy. *See id.* at 60-69 (Point V).

Plaintiff maintains that he has pleaded facts showing "an obstruction of justice" causing him expenses that are redressable under RICO. Pl. Opp. at 30 (Point XI). To the contrary, Plaintiff failed to plead any plausible facts showing that he suffered an injury to his person, property or business due to the alleged RICO conspiracy. His allegations of "concrete financial loss" in the form of copyright infringement and related legal costs in no way pertain to Mr. Menendez. *See* FAC ¶¶ 174-175. Plaintiff's other alleged "damages" appear to be costs related to this frivolous litigation. *Id.* ¶¶ 176-181. Plaintiff's incorporation of Point XI in his brief in opposition to the State

defendants' motion, which argued only that the State defendants had "obstructed or impeded, and endeavored to obstruct or impede Plaintiff's legal proceedings" (*see* ECF Doc. No. 328 at 80) is unpersuasive. That brief said nothing about Mr. Menendez.

In sum, the FAC does not plead a plausible claim for relief against Mr. Menendez.

### 3. The FAC Fails to Satisfy Rule 9(b)'s Heightened Pleading Standard

In addition to stating a plausible claim for relief under RICO, Plaintiff was required to state with particularity the circumstances constituting the alleged mail and wire fraud. Fed. R. Civ. P. 9(b). As shown in Defendant's Brief at 10-13, Plaintiff failed to meet this heightened pleading standard, as well failing to state a plausible claim for relief.

Plaintiff maintains that his allegations of mail fraud meet the particularity requirements of Rule 9(b) if state of mind is pleaded generally. Pl. Opp. 12, 30 (Point IX);[6] *see id*. at 5 ("Plaintiff has pleaded "the meeting of the minds between Menendez and each of the [Federal Judicial Defendants] as required by Rule 9(b), which states that conditions of the mind, like agreement, may be alleged generally."). *Id*. at 5. Plaintiff is mistaken. Claims sounding in fraud must "state with particularity the circumstances constituting the fraud." Fed. R. Civ. P. 9(b). The plaintiff must plead the circumstances with particularity "to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Lum v. Bank of America*, 361 F.3d 217, 223-24 (3d Cir. 2004).

Plaintiff has not pleaded with particularity and put Mr. Menendez on notice of precise misconduct. Even now, Plaintiff's Opposition offers only his own statement that Mr. Menendez's website (no link or other information provided) "touts his services in nominating each of the

---

[6] Point IX incorporates by reference Point IX in Plaintiff's brief opposing the State defendants' motion to dismiss, a single paragraph stating that general pleading of knowledge and intent are enough to meet Rule 9(b)'s particularity requirement. *See* ECF Doc. No. 328 at 79.

[Federal Judicial Defendants], as judicially noticeable evidence that he performed services for benefit as consideration as alleged in the FAC." Pl. Opp. at 5. Such statement fails to put anyone on notice about the particulars of mail or wire fraud involving Mr. Menendez. Further, to the extent that the FAC contains "detailed" RICO allegations conjecturing about who did what and when in the conspiracy, including attending the "testimonial affair" at CitiField, those allegations do not mention Mr. Menendez as a participant. *See* FAC ¶¶ 101-135. Similarly, Plaintiff's allegations about interference with his court proceedings do not include sufficient factual detail showing that Mr. Menendez was in any way involved.

In sum, the FAC fails to satisfy Rule 9(b)'s heightened requirements for pleading fraud.

**B. The FAC Does Not Plead a Claim Under Section 1983 or *Bivens* Against Mr. Menendez**

Plaintiff erroneously asserts that he stated claims for deprivation of his constitutional rights against Mr. Menendez under "1983" and "*Bivens*".[7] Pl. Opp. at 13-17. Defendant's Brief did not address either *Bivens* or Section 1983 because Plaintiff did not plead any such claims against Mr. Menendez. The FAC included only the two civil RICO counts (Counts One and Two) against Mr. Menendez. *See* FAC ¶¶ 98 (Count I), ¶¶ 183-185, 187, 224-226 (Count II). The only count that pleads *Bivens* claims is Count Four; it pleads them against Federal Judicial Defendants, not Mr. Menendez. FAC ¶ 235. The remaining Counts in the FAC plead various claims against other defendants.

In the event that Plaintiff's *Bivens* argument is deemed to require a response, it is unavailing. Point V of Plaintiff's Opposition is nothing more than a copy-and-paste of the tenuous

---

[7] Section 1983 refers to 42 U.S.C. § 1983, which does not apply to the federal government or its officers. *Bivens* refers to the very limited remedy for constitutional violations by federal government officials in their individual capacities created by the Supreme Court in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

argument in Point VI in his Brief in Opposition to Federal Judicial Defendants' Motion to Dismiss (ECF Doc. No. 324).[8] Those arguments are utterly misplaced here. Plaintiff did not allege, let alone plausibly allege, in the FAC or otherwise maintain that Mr. Menendez intercepted or obstructed Plaintiff's mail, interfered with his access to the courts, or delayed in resolving his habeas petition. *See* Pl. Opp. at 14-17.

Equally inapposite is Plaintiff's *Bivens*-related argument in Point VI that the Americans with Disabilities Act and the Rehabilitation Act provide an existing basis for a *Bivens* remedy. Pl. Opp. at 18-20 (repeating Point VII from ECF Doc. No. 324). Plaintiff did not plead either statute as a basis for jurisdiction in the FAC, only RICO (18 U.S.C. § 1964) and *Bivens*. *See* FAC Pt. II. Plaintiff's claims against Mr. Menendez were asserted only under RICO. Plaintiff's Opposition does not even mention Mr. Menendez in Point VI. Pl. Opp. at 18-20.

Finally, this is not a criminal case, and the Court should decline Plaintiff's suggestion that it address the "*Pinkerton* doctrine," which has no application in this civil action.[9] *See* Pl. Opp. at 2. To the extent that Plaintiff's Opposition includes any other arguments, they are equally inapposite.

---

[8] The only difference is that Plaintiff omitted citations to the purported corresponding paragraphs in the FAC.

[9] It appears that Plaintiff is referring to the *Pinkerton* theory of liability or *Pinkerton* doctrine, which, in a criminal case, "permits the government to prove the guilt of one defendant through the acts of another committed within the scope of and in furtherance of a conspiracy of which the defendant was a member, provided that the acts are reasonably foreseeable as a necessary or natural consequence of the conspiracy." *United States v. Lopez*, 271 F.3d 472, 480 (3d Cir. 2001) (citing *Pinkerton v. United States*, 328 U.S. 640, 647-48 (1946)).

## **CONCLUSION**

For the foregoing reasons and those set forth in Defendant's Brief, the Court should dismiss with prejudice all claims Plaintiff asserts against Mr. Menendez, and Plaintiff should not be given leave to amend the FAC.

Respectfully submitted,

By:    s/*Kathleen A. Mahoney*
KATHLEEN A. MAHONEY
Special Attorney to the U.S. Attorney
General Pursuant to 28 U.S.C. § 515
*Attorneys for Defendant Robert Menendez*

Dated:  March 7, 2025
      Brooklyn, New York