IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CALEB L. MCGILLVARY, | : | |
|     Plaintiff, | : | No. 23-cv-22605-JMY |
| | : | |
| vs. | : | |
| | : | |
| NICHOLAS SCUTARI, et al., | : | |
|     Defendants. | : | |

**MEMORANDUM**

**Younge, J.**                                                                                                                May 13, 2025

      Currently before the Court are two separate motions to dismiss the first Amended Complaint filed by Defendant, Raw T.V., Ldt. (Raw) (ECF No. 165) and All3Media America, LLC (All3Media) (ECF No. 209). The Court finds these motions appropriate for resolution without oral argument. See Fed. R. Civ. P. 78. For the reasons set forth herein below, the moving Defendants' motions to dismiss will be granted, and all claims in the first Amended Complaint asserted against the moving Defendants will be dismissed from this litigation. The Court will also *sua sponte* dismiss as frivolous all claims asserted against Netflix, Inc. (Netflix) and any other Defendants who remain in this action. Plaintiff will not be permitted to file an amended complaint to assert renewed claims against any Defendants in this action.

**I.    SUMMARY OF FACTUAL BACKGROUND AND PROCEDURAL HISTORY:**

      This Court previously entered a series of Orders and Memorandums in connection with its decision to grant motions to dismiss that were filed by Co-Defendants. (Orders, ECF Nos. 327, 354; Memorandums, ECF Nos. 309, 337, 345.) These Orders and Memorandum explained the context and background for this litigation. In the Orders and Memorandums that the Court previously entered, it explained the relevant factual and procedural history related to this litigation along with the applicable legal standard. (*Id.*) The Court also addressed the legal

theories and factual allegations that Plaintiff asserts against Co-Defendants. (*Id.*) Therefore, it would be redundant to reiterate herein again at any great length the factual and procedural history or applicable legal standard, and the Court will incorporate by referenced herein the Orders and Memorandum that it previously filed. (*Id.*)

Plaintiff Caleb "Kai" McGillvary is serving a 57-year sentence for first-degree murder. *State v. McGillvary*, No. A-4519-18, 2021 N.J. Super. Unpub. LEXIS 1651, at *1-2 (N.J. App. Div. May 12, 2021.) In February 2013, he rose to internet fame as the "hatchet wielding hitchhiker," a moniker he earned by striking Jett Simmons McBride three times over the head with a hatchet after McBride crashed his car into a group of pedestrians and attacked bystanders at the scene. (Amended Complaint ¶¶ 2, 99-100, 129, ECF No. 84.) Three months later, and after gaining media notoriety for viral news interviews and media appearances, Plaintiff was arrested for and ultimately convicted of murdering Joseph Galfy, Jr. – a New Jersey attorney. *State v. McGillvary*, No. A-4519-18, 2021 N.J. Super. Unpub. LEXIS 1651, at *1-2 (N.J. App. Div. May 12, 2021.) These events were explored in the documentary entitled The Hatchet Wielding Hitchhiker, available on Netflix. (Amended Complaint ¶¶ 2, 99-100, 129.)

The claims Plaintiff asserts against moving Defendants, Raw, All3Media, and Netflix, arise primarily from their involvement in production and release of the documentary The Hatchet Wielding Hitchhiker. (*Id.* ¶¶ 129, 134.) Plaintiff alleges that Raw began production of the documentary on or about September 5, 2021. (*Id.*) He also alleges that on or about December 13, 2022, Netflix released the trailer for the documentary, and that on or about January 10, 2023, Netflix released the documentary on its streaming service. (*Id.*) Plaintiff then alleges that Defendants joined a "bid rigging syndicate conspiracy" to help Netflix acquire a tract of public land, which involved unspecified state incentives. (*Id.* ¶ 99.) In exchange, Netflix allegedly

agreed to conform the documentary to a false narrative at Plaintiff's expense and, in the process, allegedly infringed on Plaintiff's purported copyrights. (*Id.*) Plaintiff alleges that this land sale was made contingent upon Raw, All3Media, and Netflix producing the documentary with a particular narrative that portrayed Plaintiff as a criminal with poor character. (*Id.*)

Plaintiff asserts factual allegations against moving Defendants as follows: (1) that Raw is both an agent of Netflix and All3Media, as well the alter ego of All3Media (*Id.* ¶¶ 16, 99-100, 133); (2) that Defendants produced the documentary, which falsely accused Plaintiff of criminal culpability (*Id.* ¶¶ 1, 100); (3) that these Defendants met with Theodore Romankow and Robert Ellenport regarding their contributions to the documentary (*Id.* ¶ 99); (4) that certain defendants exercised narrative control over the documentary through a John Doe agent of Raw (*Id.* ¶ 99); and (5) that, in August 2021, Plaintiff allegedly mailed notice of his alleged copyrighted works to Raw. (*Id.* ¶ 133).

Plaintiff proceeds against Raw, All3Media, and Netflix by asserting what the Court will characterize as four separate legal theories. (*Id.*) Count one of the Amended Complaint, sets forth a claim for violation of the Racketeer Influence and Corruption Organization Act ("RICO), 18 U.S.C. § 1962. (*Id.* ¶¶ 92-182.) Count One of the Amended Compliant, also sets forth a claim for copyright infringement. (*Id.*) Plaintiff then asserts a Section 1983 claim for defamation of character in Count Six of the Amended Complaint. (*Id.* ¶ 237.) In the alternative to the legal theory advanced in Count Six, Plaintiff sets forth a claim for a defamation *per se* in Count Nine. (*Id.* ¶¶ 237, 243.) Plaintiff requests a preliminary and permanent injunction for, *inter alia*, the removal of the documentary from streaming. (*Id.* ¶ 305.) Plaintiff also alleges he is entitled to $903,000,000, the "entire value of the Fort Monmouth Real Estate Deal." (*Id.* ¶¶ 161-162, 306.)

## II. DISCUSSION:

The legal theories Plaintiff advances against Raw, All3Media, and Netflix are substantively similar, so the Court will evaluate and dispense with each claim collectively as if Defendants are one and the same. The Court will ignore challenges to personal jurisdictional and alter-ego liability raised by Raw and All3Media in their motions to dismiss because the claims that Plaintiff asserts are ultimately frivolous and without merit.[1]

The Court will *sua sponte* dismiss as frivolous all claims asserted against Netflix. Netflix has not entered an appearance in this matter and Plaintiff has failed to provide valid proof of service for Netflix. The most recent summons for Netflix was returned unexecuted on April 21, 2025. (Summons, ECF No. 348.) However, given the posture of this case, the Court will address the merits, or rather, the lack of merit to the frivolous legal theories Plaintiff advances against Netflix. Finally, the Court will address claims related to remaining Defendants who have either not been served or who have not responded to Plaintiff's Amended Complaint.

### A. Plaintiff Fails to State a RICO Claim against Raw, All3Media, and/or Netflix:

This Court previously addressed the merits of the RICO based claims asserted by Plaintiff in the Amended Complaint when it dismissed RICO claims asserted against other

---

[1] Because Plaintiff's claims fail for the reason stated *infra*, the Court need not address personal jurisdiction over these Defendants. *See, e.g.*, 4 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1067.6 (4th ed. 2020) ("Alternatively, when the jurisdictional question is complex or difficult, a court simply may avoid the issue by resolving the suit on the merits when they clearly must be decided in favor of the party challenging jurisdiction, thereby obviating any need to decide the question; that approach is possible even when the jurisdictional issue lacks complexity."); *In re Enter. Rent-A-Car Wage & Hour Emp't Practices Litig.*, 735 F. Supp. 2d 277, 329 (W.D. Pa. 2010) ("To streamline the decision making, courts, in situations where complex issues of personal jurisdiction exist and there is a pending motion which would be dispositive in favor of the party over whom jurisdiction is disputed, may defer ruling on the motion to dismiss and proceed to resolve the dispositive motion."); *see also Herrick v. Grindr LLC*, 765 F. App'x 586, 593 n.2 (2d Cir. 2019) ("Because the complaint must be dismissed in its entirety on the grounds of CDA immunity and failure to state claims, we need not address Grindr Holding's and KL Grindr's personal jurisdiction arguments.").

named Defendants in this matter. (*Memorandum*, ECF No. 309, 345, 337.) The same logic and reasoning previously applied by the Court when it dismissed RICO claims is applicable to the RICO claims asserted against the media network Defendants. (*Id.*) Simply stated, Plaintiff is unable to establish that he suffered an actual injury to business or property that was proximately caused by Defendants' alleged RICO violations. (*Id.*) Therefore, Plaintiff cannot establish that he has standing to asserted RICO claims under either Article III of the United States Constitution and/or the applicable RICO statutes. *Miller v. Pocono Ranch Lands Prop. Owners Assn.*, 557 Fed. Appx. 141, 145 (3d Cir. 2014); *Maio v. Aetna, Inc.*, 221 F.3d 472, 483 (3d Cir. 2000) (To establish standing for a civil RICO claim, a plaintiff must show he suffered an injury to business or property and that the injury was proximately cause by defendant's racketeering activities.); *St. Luke's Health Network, Inc. v. Lancaster Gen. Hosp.*, 967 F.3d 295, 300 (3d Cir. 2020) (RICO standing is "distinct from Article III standing").

**B.    Plaintiff is Precluded from Asserting Copyright Infringement Claims Against Raw, All3Media, and/or Netflix:**

The doctrine of collateral estoppel bars re-litigation of the copyright infringement claims that Plaintiff seeks to assert in this litigation because Plaintiff previously litigated these claims in a lawsuit that he filed in the United States District Court in the Central District of California. *McGillvary v. Netflix, Inc.*, et al., 23-cv-1195-JLS-SK, 2024 WL 3588043, *1 (C.D. Cal. July 30, 2024). Collateral estoppel prevents re-litigation of an issue already litigated in a valid, final judgment on the merits. *Peloro v. United States*, 488 F.3d 163, 174 (3d Cir. 2007). The doctrine of collateral estoppel applies if five requirements are met:

> (1) the identical issue was decided in a prior adjudication; (2) the issue was actually litigated; (3) there was a final judgment on the merits; (4) the determination was essential to the earlier judgment; and (5) the party against whom the doctrine is asserted was a party or in privity with a party to the earlier proceeding.

5

*Scalercio-Isenberg v. Select Portfolio Servicing, Inc.*, No. 22-cv-02705, 2024 WL 378652, at *6 (D.N.J. Jan. 31, 2024).

All five requirements of the above-cited test are met under the circumstances in the case *sub judice*. First, Plaintiff previously litigated copyright infringement claims based on identical subject matter to a final resolution in the Central District of California. *McGillvary v. Netflix, Inc., et al.*, 23-cv-1195-JLS-SK, 2024 WL 3588043, *8-9 (C.D. Cal. July 30, 2024). The Court in California applied the fair-use doctrine and dismissed copyright infringement claims. *Id.* If Plaintiff were permitted to litigate his copyright infringement claims again in this proceeding, there would be a substantial overlap because the claims asserted in the two actions are closely related – indeed they concern the exact same use of the same allegedly infringed works – and this Court would need to engage in the same fair-use analysis that the District Court in the Central District of California already conducted.

As for the remaining factors, there can be no dispute that the alleged infringement was properly raised by Plaintiff's pleadings in the California lawsuit, submitted for determination in the motions to dismiss, and determined in a final judgment on the merits. The California Court's finding that the documentary did not infringe the very works at issue here pursuant to the fair-use doctrine was essential to its dismissal of Plaintiff's copyright infringement claims. *Fields v. Dickerson*, No. 14-cv-778, 2016 WL 3619119, at *5 (D.N.J. July 6, 2016) ("A matter is essential when it was necessary to support the judgment rendered in the final action."). The fifth and final factor is satisfied because Plaintiff litigated the California lawsuit against Raw, All3Media and Netflix.

**C.      Claims Asserted by Plaintiff Under 42 U.S.C. § 1983 Fail as a Matter of Law:**

Any potential claim that Plaintiff seeks to advance against Raw, All3Media and/or Netflix under Section 1983 fails because Plaintiff has not and cannot establish that moving Defendants are state actors or entities who acted under the color of state law. Under Section 1983, a Plaintiff must establish that he "was deprived of a federal constitutional or statutory right by a state actor." *Kaul v. Christie*, 372 F. Supp. 3d 206, 244 (D.N.J. 2019) ("Courts thus routinely dismiss Section 1983 claims brought against private parties."); *Stevens v. CareOne Mgmt., LLC*, No. 22-cv-0824 (MCA), 2022 WL 20690006, at *2–3 (D.N.J. Nov. 4, 2022) (dismissing claim where plaintiff failed to allege facts sufficient to show defendant "exercised powers traditionally reserved for the state"); *Wiggins v. String*, No. 10-cv-1710, 2011 WL 499393, at *4 (D.N.J. Feb. 9, 2011) (dismissing action where defendants were "not state actors, nor [could] their actions be construed as under the 'color of state law'"). Therefore, the Section 1983 claims Plaintiff asserts against Raw, All3Media and/or Netflix fail.

**D.      Plaintiff is Precluded from Asserting Claims for Defamation of Character against Raw, All3Media, and/or Netflix:**

The doctrine of collateral estoppel and/or *res judicata* prevents Plaintiff from relitigating claims for defamation of character. The Court previously defined the doctrine of collateral estoppel hereinabove in Section B of this Memorandum. (Hereinabove page 5.) With regards to the doctrine of *res judicata*: "*Res judicata*, applies both to claims brought in a previous lawsuit, and claims that could have been brought in a previous lawsuit. The doctrine applies when there is "(1) a final judgment on the merits in a previous lawsuit involving: (2) the same parties or their privies; and (3) a subsequent action based on the same cause of action." *Scalercio-Isenberg,* 2024 WL 378652, at *9 (citing *Simoni v. Luciani*, 872 F.Supp.2d at 382 (N.J.D. July 5, 2012).)

7

Plaintiff previously litigated claims based on a theory of defamation of character arising from the content and/or statement made in documentary the Hatchet Wielding Hitchhiker. *McGillvary v. Netflix, Inc., et al.*, 23-cv-1195-JLS-SK, 2024 WL 3588043, *9-12 (C.D. Cal. July 30, 2024). The District in the Central District of California dismiss claims asserted against Raw, All3Media, and/or Netflix that were based on a theory of defamation of character. (*Id.* at 11.) In the California ligation, Plaintiff conceded his status as a limited purpose public figure, and the Court then found that he failed to plead facts to establish actual malice. (*Id.*) For these same reasons, Plaintiff's claims based on a theory defamation of character fail in this litigation.

E.  **Claims Brought Against Defendants Who Either Did Not Appear or Did Not Response to the Amended Complaint Will Be Dismissed:**

In its analysis, the Court dismisses all claims against non-appearing and non-responsive Defendants where the grounds for dismissal raised by an appearing Defendant plainly applies with equal force to Defendants who either did not appear or did not respond to the Amended Complaint. The Court grants dismissal where dismissal is obviously warranted. The reasoning and logic for dismissal has been adequately explained and set forth in Orders and Memorandum previously filed by the Court. (Orders, ECF Nos. 327, 354; Memorandums, ECF Nos. 309, 337, 345.)

Defendants Starr Gern Davison & Rubin, Shelly Stangler, and Ira Starr have appeared in the action (Entry of Appearance, ECF Doc. No. 289), but have not answered or moved to dismiss the Amended Complaint. The Amended Complaint alleges that these Defendants are part of the purported RICO conspiracy. (Amended Complaint ¶¶ 91.12, 101, 122.) The remaining named Defendants, Matthew J. Tenevan, and Stephen Zegar, were not served with process and have not entered an appearance. Plaintiff also asserts claims against a series of unnamed, unidentified

8

John and Jane Doe Defendants. Claims against all of these Defendants are dismissed from this lawsuit.

### III. CONCLUSION:

For these reasons, the motions to dismiss filed by Raw and All3Media will be granted. Claims asserted against Netflix and all other remaining Defendants are frivolous and will be dismissed *sua sponte* from the Amended Complaint. Plaintiff will not be granted leave to file an amended complaint to reassert claims against any Defendant and an appropriate Order will be entered along with this Memorandum.

BY THE COURT:

　/s/ John Milton Younge　
Judge John Milton Younge