Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

**RECEIVED**

JUL 3 2025

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

|  |  |
|---|---|
| Caleb L. McGillvary | ) APPEAL NO. |
| Plaintiff | ) 25-2000 |
|  | ) On Appeal from the |
| V. | ) U.S.D.C.-D.N.J. at |
|  | ) CIVIL ACTION NO. |
| Nicholas Scutari et al. | ) 1:23-cv-22605-JMY |
| Defendants | ) Sat Below: |
|  | ) Hon. John Milton Younge, USDJ |

RESPONSE TO COURT'S ORDER AND SUPPLEMENT TO MOTION TO RECUSE
(28 U.S.C. 455(a))

---

Plaintiff/Appellant Caleb L. McGillvary ("Plaintiff"), hereby respond's to the Court's June 18, 2025 order, ECF 37, and supplements his motion to recuse pursuant to 28 U.S.C. 455(a); by. profferring the following grounds in supplemental support of his motion:

1.) Circuit Judge Patty Shwartz ("Judge Shwartz") was born in New Jersey and practiced law in New Jersey prior to acceding to the federal bench. She was also recommended for nomination to the federal bench by unregistered foreign agent Bob Menendez. Additionally, her judicial office is located in New Jersey.

1

2.) Circuit Judge Paul Brian Matey ("Judge Matey") was born in New Jersey and practiced law in New Jersey prior to acceding to the federal bench. Additionally, his judicial office is located in New Jersey.

3.) Circuit Judge Robert E. Cowen ("Judge Cowen") was born in New Jersey and practiced law in New Jersey prior to acceding to the federal bench. Additionally, his judicial office is located in New Jersey.

4.) Circuit Judge Michael A. Chagares ("Judge Chagares") practiced law in New Jersey prior to acceding to the federal bench. Additionally, his judicial office is located in New Jersey.

5.) Circuit Judge Julio M. Fuentes ("Judge Fuentes") practiced law in New Jersey prior to acceding to the federal bench. Additionally, his judicial office is located in New Jersey.

6.) The declaration in support of this motion shows evidence creating the resonable appearance that the alleged victim in the criminal homicide case which Plaintiff challenges through habeas corpus in McGillvary v. Davis, Dkt. No. 1:22-cv-04185-MRH (USDC-DNJ) ("Davis Case"); was a political lobbyist who used his influence to get judges nominated or recommended for nomination to the bench in New Jersey. Plaintiff has filed an action against the political lobbying network of that lobbyist, which is currently on appeal to this Court at McGillvary v. Scutari, App. No. 25-2000 ("Scutari Case"). The Scutari Case alleges, amongst other things, that this lobbying network uses

2

bribes and quid pro quo arrangements to secure nominations to the state and federal benches in New Jersey, including by recommendations from now-former U.S. Senator Bob Menendez. Bob Menendez was convicted since the filing of the Scutari Case, for using his office in precisely the way alleged in the complaint in the Scutari Case: offering recommendations for federal positions in quid pro quo arrangements for money and favors. See United States v. Menendez, Dkt. No. 1:23-cr-00490-SHS (S.D.N.Y.).

7.) As alleged and supported with reliable evidence in the original moving papers, the medical examiner in the Davis Case, stated that he saw numerous judges, some possibly federal, congregated outside the crime scene of said alleged homicide in Clark, NJ. Whether Judges  Shwartz, Matey, Cowen, Chagares, or Fuentes were personally outside the scene or not, it reasonably appears that they or one of their colleagues with whom they regularly associate in the robing room, lunch facilities, and elsewhere in the federal judicial complexes in New Jersey; may have a vested personal bias in the matter, or have personal knowledge about who accessed  the crime scene and what was brought into or out of it. Additionally, one or more of the judges which the medical examiner saw outside the crime scene seems to be actively propagating official animus in the New Jersey vicinages which is evidenced by the pattern of obstructions listed in the original moving papers.

8.) There have been numerous reassignments of the Davis case, none of which were explained in any published opinion or with any public accountability. The Davis case was reassigned

3

after numerous obstructions to the case had been documented on the record, including documents going missing and the writ of habeas corpus being suspended. All three of the judges from which the case was reassigned, Hon. Madeline Cox Arleo ("Judge Arleo"); Hon. Michael Farbiarz ("Judge Farbiarz"); and Hon. Christine P. O'Hearn ("Judge O'Hearn"): held their judicial office in New Jersey and were recommended for nomination by unregistered foreign agent Bob Menendez. Additionally, Plaintiff's state trial judge, Hon. Robert A. Kirsch ("Judge Kirsch"); was nominated to the state bench by the same State Senator, Nicholas Scutari, whom Plaintiff has shown evidence that the alleged victim in the Davis Case lobbied for other appointments to the state bench. Judge Kirsch was thereafter recommended for nomination to the federal bench by unregistered foreign agent Bob Menendez, and by that reason is now a federal judge. Judges Farbiarz and Arleo are located in the Newark Federal Judicial Complex, Judge Kirsch in Trenton, and Judge O'Hearn in Camden. Between the four of them, there is not a single Federal Judicial Complex in New Jersey in which a judge recommended for nomination by unregistered foreign agent Bob Menendez; and who has presumably had the Davis Case reassigned from themselves for reason of obstructing it; regularly interacts with, and mingles regularly in the robing rooms and lunch facilities with, other judges in that complex. The Chief Circuit Judge, Judge Chagares, faced with a petition for mandamus regarding the suspension of the writ of habeas corpus, implicitly found it was in the public interest for the Davis Case to be heard by a judge from outside of New Jersey, and

4

issued an order designating an out-of-district judge under 28 U.S.C. 292(b). However, Judge Chagares explicated no reason for his order, and behind the opacity of the unreasoned and unexplained order lies the implication that there is such official animus in the New Jersey Federal Judicial Complexes as to prevent Plaintiff from receiving a fair decision on his Habeas Corpus petition by *any* of the judges located in New Jersey. Certainly, the appearance of impropriety of any New Jersey-located judge presiding over this case may be presumed by the entry of this order under 28 U.S.C. 292(b); and it appears to the reasonable observer that this is related to the numerous reassignments in the Davis Case, none of which were explained or held to public accountability.

9.) It should be noted that an order under 28 U.S.C. 292(b) has been entered in two other cases besides the Davis Case: in the Scutari Case, and in McGillvary v. Long, Dkt. No. 1:24-cv-09507-JMY (D.N.J.) ("Long Case"). The very entry of these orders indicates the appearance of impropriety that any New Jersey-located judge should preside over this case.

10.) When a petition for mandamus in the Davis case had an order for response entered on August 19, 2024; the order was inexplicably vacated the next day; followed by an action by the district court the day after that; and two days later an order denying the mandamus petition. This is a clear indication that the panel had discussions off the record with the district court in which they coordinated decisions in the case without making any published opinion or explanation of the reasons behind the

5

decisions. Such opacity and evident denial of public access to
Court Proceedings regarding important decisions in a case creates
the objective appearance of impropriety. One of the Judges in
this panel, Judge Shwartz, was recommended for nomination by Bob
Menendez. Two of the judges in this panel, Judges Shwartz and
Chagares, practiced law in New Jersey prior to acceding to the
bench, and have their current judicial office located in New
Jersey.

11.) For all of the foregoing reasons, and for all the
reasons in the original moving papers incorprated by reference
herein, it creates the appearance of impropriety that Judges
Chagares, Matey, Shwartz, Cowen, or Fuentes should preside over
this action. This requires their recusal under 28 U.S.C. 455(a).

Dated: 6/26/25

Respectfully Submitted,

Caleb L. McGillvary, ProSe
#1222665/SBI#102317GNJSP
PO Box 861, Trenton, NJ08625

6